1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | THOMAS S. PATTERSON
Supervising Deputy Attorney General
5 | KENNETH T. ROOST, State Bar No. 231444
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 |  Telephone: (415) 703-5824
Fax: (415) 703-5843
8 |  Email: Ken.Roost@doj.ca.gov

9 | Attorneys for Defendants
Sather, Crawford, Curry and Abanico

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN JOSE DIVISION

14

15 | **IVAN VERNARD CLEVELAND,**                    C 07-2809 JF (PR)

16 | Plaintiff,

17 | v.

18 | **BEN CURRY, Warden, et al.,**

19 | Defendants.

20

21 | **DEFENDANTS' NOTICE OF MOTIONS;**

22 | **MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 2

Statement of Issues ............................................................................................ 2

Statement of the Case ........................................................................................ 3

Statement of Facts ............................................................................................. 3

    I.    Claims Against Defendants Sather and Crawford. ................................... 3

    II.   Claims Against Defendants Abanico and Curry. ..................................... 4

Argument ............................................................................................................ 5

    I.    CLAIMS AGAINST DEFENDANTS SATHER AND CRAWFORD MUST BE DISMISSED BECAUSE CLEVELAND DID NOT EXHAUST HIS AVAILABLE REMEDIES BEFORE FILING SUIT. ........ 5

        A.    Exhaustion is Required Before Filing Suit in Federal Court. ......... 5

        B.    Cleveland Has Exhausted No Administrative Grievance Concerning Defendant Crawford or Law-Library Access. ................................... 6

        C.    Cleveland Has Exhausted No Administrative Grievance Concerning Defendant Sather or Dental Care. ................................................. 7

            1.    Cleveland Must Exhaust Grievances that Were Granted in Part. ... 7

    II.   STANDARD OF REVIEW FOR SUMMARY JUDGMENT. ................... 9

    III.  SUMMARY JUDGMENT FOR THE CLAIMS AGAINST DEFENDANTS ABANICO AND CURRY SHOULD BE GRANTED BECAUSE NO VIOLATION OF THE EIGHTH AMENDMENT OCCURRED. ............................................................................................. 10

        A.    The Clothed Pat Down of Cleveland Is Not Enough to Establish a Constitutional Violation. ............................................................... 10

        B.    Cleveland Shows No Unlawful Subjective State of Mind. ............. 11

        C.    Warden Curry Cannot Be Subject to Supervisor Liability Here. ... 11

    IV.  SUMMARY JUDGMENT IS PROPER BECAUSE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY. ......................................... 12

Conclusion ....................................................................................................... 14

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                              *Cleveland v. Curry, et al.*
C 07-2809 JF (PR)

i

1

# TABLE OF AUTHORITIES

2                                                                                                    Page

3 **Cases**

4

5  *Anderson v. Creighton*
   483 U.S. 635 (1987)                                                                                12

6  *Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986)                                                                                 9

7

8  *Booth v. Churner*
   532 U.S. 731 (2001)                                                                              5, 6, 8

9  *Burns v. Reed*
   500 U.S. 478 (1991)                                                                                12

10

11 *Celotex Corp. v. Catrett*
   477 U.S. 317 (1986)                                                                                 9

12 *Eisenberg v. Ins. Co. of N. Am.*
   815 F.2d 1285 (9th Cir. 1987)                                                                       9

13

14 *First Nat'l Bank of Ariz. v. Cities Serv. Co*
   391 U.S. 253 (1968)                                                                                 9

15 *Grummett v. Rushen*
   779 F.2d 491 (9th Cir. 1985)                                                                       10

16

17 *Harlow v. Fitzgerald*
   457 U.S. 800 (1982)                                                                                12

18 *Hudson v. McMillian*
   503 U.S. 1 (1992)                                                                                10, 11

19

20 *Jeffers v. Gomez*
   267 F.3d 895 (9th Cir. 2001)                                                                       11

21 *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*
   475 U.S. 574 (1986)                                                                                 9

22

23 *McKinney v. Carey*
   311 F.3d 1198 (9th Cir. 2002)                                                                       6

24 *Porter v. Nussle*
   534 U.S. 516 (2002)                                                                                 5

25

26 *Redman v. County of San Diego*
   942 F.2d 1435 (9th Cir. 1991)                                                                      11

27 *Ritza v. Int'l Longshoremen's & Warehousemen's Union*
   837 F.2d 365 (9th Cir. 1988)                                                                        6

28

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                          *Cleveland v. Curry, et al.*
                                                                    C 07-2809 JF (PR)

ii

## TABLE OF AUTHORITIES  (continued)

Page

*Saucier v. Katz*
533 U.S. 194 (2001)                                          12, 13

*Somers v. Thurman*
109 F.3d 614 (9th Cir. 1997)                                 10, 11

*Taylor v. List*
880 F.2d 1040 (9th Cir. 1989)                                    11

*Woodford v. Ngo*
126 S. Ct. 2378 (2006).                                         5-8

*Wyatt v. Terhune*
315 F.3d 1108 (9th Cir. 2003)                                     6

**Constitutional Provisions**

Eighth Amendment                                          3, 10, 12

First Amendment                                               3, 4

**Statutes**

California Code of Regulations, Title 15
        § 3084.1(a)                                           3, 4
        § 3084.5                                                 4
        § 3084.6(c)                                               3
        § 3287(c)                                         2, 5, 10

Prison Litigation Reform Act (PLRA)                        1, 2, 5, 8

United States Code, Title 42
        § 1983                                           3, 5, 11
        § 1997e(a)                                       1, 5, 7, 8

**Court Rules**

Federal Rule of Civic Procedure
        Rule 6(a)                                                3
        Rule 12(b)                                             1, 6
        Rule 56                                                  9
        Rule 56(c)                                             1, 9
        Rule 56(e)                                               9

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                    *Cleveland v. Curry, et al.*
                                                                C 07-2809 JF (PR)

iii

**TABLE OF AUTHORITIES**  (continued)

Page

**Other Authorities**

Department Operations Manual
§ 52050.18.1–2                                                    2, 5, 10

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  KENNETH T. ROOST, State Bar No. 231444
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5824
     Fax: (415) 703-5843
8    Email: Ken.Roost@doj.ca.gov

9  Attorneys for Defendants
   Sather, Crawford, Curry, and Abanico
10

11

12                    IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                            SAN JOSE DIVISION

15  **IVAN VERNARD CLEVELAND,**                    C 07-2809 JF (PR)

16                                 Plaintiff,     **DEFENDANTS' NOTICE OF**
                                                  **MOTIONS; MOTIONS TO**
17          v.                                    **DISMISS AND FOR**
                                                  **SUMMARY JUDGMENT**
18  **BEN CURRY, Warden, et al.,**

19                                 Defendants.

20

21       TO PRO SE PLAINTIFF IVAN VERNARD CLEVELAND:

22       PLEASE TAKE NOTICE that Defendants Sather and Crawford move this court to dismiss

23  the claims against them under the nonenumerated portion of Rule 12(b) of the Federal Rules of

24  Civil Procedure because Plaintiff Cleveland failed to exhaust his administrative remedies as

25  mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  In addition,

26  Defendants Abanico and Curry move this Court for an order entering summary judgment in their

27  favor under Rule 56(c) of the Federal Rules of Civil Procedure concerning Plaintiff's claim for

28  sexual harassment and misconduct.

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.

1    The motion to dismiss is made on the grounds that Cleveland failed to exhaust

2  administrative remedies for his claims against Defendants Sather and Crawford. The motion for

3  summary judgment is made on the grounds that there are no genuine issues of material fact in

4  dispute, Cleveland has failed to state a claim for a violation against Abanico and Curry, that these

5  Defendants are entitled to qualified immunity for the acts alleged in the complaint, and that they

6  are entitled to judgment as a matter of law.

7    This motion is based on the following memorandum of points and authorities, the

8  declarations and exhibits in support, and the Court's file in this case.

9    **MEMORANDUM OF POINTS AND AUTHORITIES**

10    <u>Statement of Issues</u>

11    1.    The Supreme Court has held that, under the PLRA, an inmate must properly exhaust all

12  available administrative remedies before filing suit.  Are Defendants Sather and Crawford

13  entitled to dismissal of the claims against them when Plaintiff failed to exhaust any related

14  administrative appeals?

15    2.    Defendant Abanico followed the training given to all correctional officers in his

16  alleged clothed-body search of Cleveland.  Can Abanico have violated Cleveland's constitutional

17  rights through proper execution of a clothed-body search?

18    3.    Random clothed-body searches of inmates is mandated by the California Code of

19  Regulations, title 15, section 3287(c), as well as the Department Operations Manual, sections

20  52050.18.1–2.  Because Defendant Curry is the warden of the prison where Abanico works, can

21  Curry be liable for any violation arising from a clothed-body search Abanico performed on

22  Cleveland?

23    4.    The Supreme Court has held that a prison official is entitled to qualified immunity

24  when his or her conduct could have been deemed lawful from the perspective of a reasonable

25  official in the situation.  Here, Defendant Abanico followed proper procedure in a clothed-body

26  search of inmate Cleveland.  Are Defendants Abanico and Curry entitled to qualified immunity?

27  //

28  //

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                    *Cleveland v. Curry, et al.*
                                                               C 07-2809 JF (PR)

1

**Statement of the Case**

2      Cleveland, an inmate with the California Department of Corrections and Rehabilitation

3  (CDCR) at the Correctional Training Facility state prison (CTF), filed a complaint on May 30,

4  2007 seeking money damages. (Compl.) He proceeds pro se in this action under 42 U.S.C. §

5  1983. (*Id.*) On November 2, 2007, this Court found that Cleveland stated three cognizable

6  claims: (1) an Eighth Amendment claim for deliberate indifference to his dental care against

7  Defendant Sather; (2) a First Amendment claim for denial of access to the courts against

8  Defendant Crawford; and (3) an Eighth Amendment claim for sexual harassment and misconduct

9  by Defendant Abanico stemming from a clothed-body search in October 2006. (Order of Service

10  2; Compl. Form 3[1].) The Court also ordered service on Defendant Curry, because Cleveland

11  blames Curry for allowing Abanico to continue working at CTF. (Compl. 7, 14.)

12      Defendants moved for an extension of time to file their dispositive motion on March 31,

13  2008 (Docket No. 16), which the Court granted (Docket No. 20). But because March 31 is a

14  California state holiday, the deadline is extended one additional day to April 1, 2008. (*See* Fed.

15  R. Civ. Pro. 6(a).)

16

17

**Statement of Facts**

18  **I.    Claims Against Defendants Sather and Crawford.**

19      CDCR has a four-level administrative-appeals process that permits its inmates to grieve

20  "any departmental decision, action, condition, or policy which they can demonstrate as having an

21  adverse affect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The inmate must submit

22  this appeal "within 15 working days of the event or decision being appealed, or of receiving an

23  unacceptable lower level appeal decision." *Id.* at § 3084.6(c). The four levels of appeal include:

24  (1) an informal level, (2) a first formal level of review, (3) a second-level review to the institution

25

26  _____

      1. Confusion in citing to the complaint is possible because its four form pages are followed

27  by self-numbered attachment pages beginning at page one. Defendants here will cite to "Compl.
      Form" when referencing the four form pages, and to "Compl." when referencing attached pages

28  thereafter.

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                    *Cleveland v. Curry, et al.*
                                                                C 07-2809 JF (PR)

3

1  head or designated representative, and (4) a final third-level appeal to the Director of the CDCR

2  or designated representative. *Id.* at § 3084.5. A decision at the Director's level constitutes

3  exhaustion of an inmate's administrative remedies. *Id.* at § 3084.1(a).

4      Cleveland raises an Eighth Amendment claim for deliberate indifference to his dental care

5  against Defendant Sather, and a First Amendment claim for denial of access to the courts against

6  Defendant Crawford. (Order of Service 2; Compl. Form 3.) Cleveland has exhausted three

7  administrative grievances originating from CTF (Decl. Grannis Supp. Defs.' Mot. Dismiss (Decl.

8  Grannis) ¶ 7), where Defendants work (compl. form 2–3). But none of these three grievances,

9  identified by institutional log numbers CTF-06-03011, CTF-07-01924, and CTF-07-01050 (Decl.

10  Grannis ¶ 7), concern Defendants Sather or Crawford (Decl. Roost Supp. Defs.' Mot. Dismiss

11  (Decl. Roost) ¶¶ 3–5).

12      Cleveland admits he did not exhaust any claim for medical care against Defendant Sather,

13  and states that this is because his request for medical care was granted. (Compl. Form 2.)

14  **II.  Claims Against Defendants Abanico and Curry.**

15      1.  Cleveland alleges that in October 2006, Abanico searched him and touched his groin

16  area and inner thighs during the search. (Compl. 6.)

17      2.  Abanico does not specifically recall this alleged search of Cleveland, but admits that he

18  regularly performs body searches as part of his duties as a correctional officer. (Decl. Abanico

19  Supp. Defs.' Mot. Summ. J. (Decl. Abanico) ¶ 4.)

20      3.  Abanico performs body searches in accord with the training received by every

21  correctional officer at CDCR's Richard A. McGee Correctional Training Center. (Decl. Abanico

22  ¶ 3; Decl. Alanis Supp. Defs.' Mot. Summ. J. (Decl. Alanis) ¶ 3.)

23      4.  Correctional Officers, like Abanico, are indeed trained to cup male inmates' groins and

24  to pass their hands along inmates' inner thighs when performing clothed-body searches. (Decl.

25  Alanis ¶ 4; Decl. Abanico ¶ 8.)

26      5.  Body searches of inmates are integral to promoting the safety and security of staff,

27  inmates, the prison, and the public. (Decl. Abanico ¶ 6.) These searches help to prevent

28  dangerous contraband, inmate escapes, and theft among inmates. (*Id.*)

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.          *Cleveland v. Curry, et al.*
C 07-2809 JF (PR)

6.    Random clothed-body searches of inmates is mandated by the California Code of Regulations, title 15, section 3287(c), as well as the Department Operations Manual, sections 52050.18.1–2.  (Decl. Alanis ¶ 7.)

## Argument

### I.
### CLAIMS AGAINST DEFENDANTS SATHER AND CRAWFORD MUST BE DISMISSED BECAUSE CLEVELAND DID NOT EXHAUST HIS AVAILABLE REMEDIES BEFORE FILING SUIT.

**A.    Exhaustion is Required Before Filing Suit in Federal Court.**

Cleveland's claims against Defendants Sather and Crawford must be dismissed because he has failed to exhaust administrative remedies for these claims as required by 42 U.S.C. § 1997e(a).  In the Prison Litigation Reform Act, Congress amended 42 U.S.C. § 1997e(a) and imposed a mandatory exhaustion requirement on suits brought by inmates.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  The amended 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  *See* 42 U.S.C. § 1997e(a).  *Proper exhaustion of a prisoner's administrative remedies is necessary.  Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006).  The exhaustion requirement is a prerequisite to all federal suits "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages."  *Porter*, 534 U.S. at 524; *see also Booth v. Churner*, 532 U.S. 731, 738 (2001).  It applies to "all suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter*, 524 U.S. at 532.

The purposes of the exhaustion requirement are to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," to "filter out some frivolous claims," and to possibly "satisfy the inmate, thereby obviating the need for litigation."  *Porter*, 534 U.S. at 525; *see also Booth*, 532 U.S. at 737 (stating that "requiring [administrative] exhaustion . . . would satisfy some inmates who start out asking for nothing but

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                    *Cleveland v. Curry, et al.*
C 07-2809 JF (PR)

5

1  money, since the very fact of being heard and prompting administrative change can mollify

2  passions"). Finally, for suits that do end up in federal court, exhaustion tends to improve their

3  quality by creating an administrative record that is helpful to the court in determining the

4  contours of the controversy. *Woodford*, 126 S. Ct. at 2387; *see also Booth*, 534 U.S. at 525.

5      The Ninth Circuit recognizes a defendant's right to raise the issue of exhaustion of

6  administrative remedies in a "nonenumerated" Rule 12(b) motion to dismiss. *Wyatt v. Terhune*,

7  315 F.3d 1108, 1119–20 (9th Cir. 2003); *Ritza v. Int'l Longshoremen's & Warehousemen's*

8  *Union*, 837 F.2d 365, 368–69 (9th Cir. 1988). A defendant can support the motion with evidence

9  and affidavits extrinsic to the complaint because, "[i]n deciding a motion to dismiss for a failure

10  to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed

11  issues of fact." *Wyatt*, 315 F.3d at 1119–20. The proper remedy for failure to exhaust

12  administrative remedies is dismissal without prejudice. *Id.* at 1120; *McKinney v. Carey*, 311

13  F.3d 1198, 1199–1201 (9th Cir. 2002).

14  **B.  Cleveland Has Exhausted No Administrative Grievance Concerning Defendant**
    **Crawford or Law-Library Access.**

15

16      Cleveland alleges that he was denied law-library access in October 2006 by Defendant

17  Crawford (compl. 10–11), but Cleveland has not exhausted any administrative grievance

18  concerning Crawford or law-library access. Cleveland has only exhausted three appeals

19  originated from CTF, which are identified by the following institutional log numbers: CTF-06-

20  03011, CTF-07-01924, and CTF-07-01050. (Decl. Grannis ¶ 7.) CTF-06-03011 is a group

21  appeal raised by Cleveland concerning alleged misconduct by Defendant Abanico; CTF-07-

22  01924 concerns Cleveland's denied transfer request from CTF; and CTF-07-01050 is group

23  appeal raised by inmate Charles concerning the alleged misconduct of Lt. Biggs, who is not a

24  defendant here. (*See* Decl. Roost ¶¶ 3–5.) In sum, Cleveland has not exhausted any

25  administrative grievance concerning Defendant Crawford or law-library access.

26      To support his claim against Crawford, Cleveland attached two documents having nothing

27  to do with the administrative-exhaustion process. First, Cleveland attached a February 27, 2007

28  memorandum from Vice Principal Kessler stating that Cleveland received inadequate library

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                              *Cleveland v. Curry, et al.*
                                                                          C 07-2809 JF (PR)

1    access to file a writ; nowhere is Defendant Crawford or any administrative grievance mentioned

2    in this memorandum. (Compl. Ex. D.)  Second, Cleveland also attached some writ of his to the

3    Supreme Court wherein Cleveland asserts his incompetence to stand criminal trial.  (*Id.*)  But

4    Cleveland must properly exhaust an administrative grievance concerning his denial of law-library

5    access by Crawford before Cleveland can raise this claim against Crawford.  *See* 42 U.S.C. §

6    1997e(a); *Woodford,* 126 S. Ct. at 2382.

7        Cleveland's claim against Crawford concerning denial of access to the courts must be

8    dismissed because he never properly exhausted any administrative grievance concerning

9    Crawford or law-library access.

10   **C.    Cleveland Has Exhausted No Administrative Grievance Concerning Defendant Sather
          or Dental Care.**

11

12       Cleveland alleges that he has been "trying to have his mouth repaired" since September

13   2005. (Compl. 4.)  As shown in Section B immediately above, Cleveland's exhausted appeals

14   from CTF did not concern Defendant Sather or dental care.  Cleveland does, however, attach

15   portions of three partially completed administrative grievances concerning his access to dental

16   care at CTF, identified by the following institutional log numbers:  CTF-06-01608, CTF-06-

17   03404, and CTF-06-03358.  (Compl. Ex. A.)

18       In CTF-06-03404, Cleveland grieves that while en route to visit his dentist, Dr. Nassir,

19   Cleveland was stopped and sent back by custody officials. (Decl. Roost Ex. E.)  The First-Level

20   Response indicated that CTF Dental cannot address custody concerns, which must be raised with

21   custody, but noted that Cleveland received a new appointment with Dr. Nassir. (*Id.*)

22       In CTF-06-03358, Cleveland merely seeks the return of appeal CTF-06-01608 (*id.* Ex. F), in

23   which Cleveland requests mouth repairs (*id.* Ex. G).  In his second-level appeal of CTF-06-

24   01608, he admits having been to his dentist three times, but wants work done and requests a new

25   dentist. (*Id.*)  Cleveland never appealed the grievance to the Director's Level, and thus failed to

26   exhaust the grievance. (See Decl. Grannis ¶ 7.)

27   **1.    Cleveland Must Exhaust Grievances that Were Granted in Part.**

28       Cleveland admits he did not exhaust any claim for medical care against Defendant Sather,

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                                    *Cleveland v. Curry, et al.*
                                                                               C 07-2809 JF (PR)

1    and states that this is because his request for medical care was granted. (Compl. Form 2.) But

2    regardless of whether an administrative grievance is granted, it must still be fully and properly

3    exhausted before an inmate can file suit. *See* 42 U.S.C. § 1997e(a); *Woodford,* 126 S. Ct. at

4    2382.

5    CTF-06-03404 only reached a first-level response, which was partially granted. (Decl.

6    Roost Ex. E.) This first-level response expressly notified Cleveland that he could appeal the

7    decision to the Second Formal Level. (*Id.*)

8    CTF-06-03358 was granted at the second level, in that CTF-06-01608 was returned to

9    Cleveland. (*Id.* Ex. F.) But CTF-06-03358 did not concern medical care or Defendant

10   Sather—just the return of another appeal. (*Id.*)

11   Lastly, CTF-06-01608 only reached a second-level response. (*Id.* Ex. G.) Although

12   Cleveland's request was granted "in accordance with the policy and procedures as set forth in

13   CCR Title 15 and DOM," the response advised Cleveland that his request "to not be without

14   teeth very long" would only be "considered." (*Id.*) This second-level response expressly notified

15   Cleveland that he could appeal the decision to the Director's Level. (*Id.*) Further remedies

16   remained available to Cleveland because his request was only being considered. Therefore he

17   was required to exhaust the grievance before filing suit. *See Booth v. Churner*, 532 U.S. 731,

18   735–36 (2001). Cleveland's continued discontent is brought home by the last page of CTF-06-

19   01608, which appears to be a letter from Cleveland to Sather, warning him of Cleveland's

20   discontent and readiness to sue. (Decl. Roost Ex. G.) But Cleveland was too eager to sue,

21   because he neglected to exhaust the grievance through proper submission to the Director's Level,

22   as required by the PLRA, rather than by an improper warning to Sather. *See* 42 U.S.C. §

23   1997e(a); *Woodford,* 126 S. Ct. at 2382.

24   Cleveland's claim against Sather concerning dental care must be dismissed because

25   Cleveland never properly exhausted any administrative grievance concerning Sather or dental

26   care, as Cleveland himself admits.

27   //

28   //

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                    *Cleveland v. Curry, et al.*
                                                                              C 07-2809 JF (PR)

8

1

## II.
### STANDARD OF REVIEW FOR SUMMARY JUDGMENT.

2

3    Federal Rule of Civil Procedure 56 provides that a summary-judgment motion shall be

4    granted when there is no genuine issue of material fact, and the moving party is entitled to

5    judgment as a matter of law.  In *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986), the Supreme

6    Court stated that:

7    > In our view, the plain language of Rule 56(c) mandates the entry of summary
   > judgment, after adequate time for discovery and upon motion, against a party

8    > who fails to make a showing sufficient to establish the existence of an element
   > essential to that party's case, and on which that party will bear the burden of

9    > proof at trial.

10   *Id.* at 322.  The non-moving party's failure of proof on an essential element of its claim

11   renders all other facts immaterial.  *Id.*

12   In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986), the Supreme Court held that a

13   party opposing a summary-judgment motion must affirmatively show a genuine dispute of a

14   material fact, such that a reasonable jury could return a verdict for the non-moving party.  *Id.*

15   This standard requires that if evidence produced in opposition to Defendants' motion is "merely

16   colorable" or "not significantly probative," Defendants' motion must be granted.  *Id.* at 249;

17   *Eisenberg v. Ins. Co. of N. Am.,* 815 F.2d 1285, 1288 (9th Cir. 1987).  An opposition must go

18   beyond the assertions and allegations of the pleadings and set forth specific facts by producing

19   competent evidence that shows a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex,* 477 U.S.

20   at 324.  Specifically, Plaintiff may not rest on his complaint in opposition to a summary-

21   judgment motion.  *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968).

22   Even when viewed in the light most favorable to Plaintiff, the evidence in this case compels

23   that Defendants Abanico and Curry be granted summary judgment.  *See, e.g., Matsushita Elec.*

24   *Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–88 (1986).

25   //

26   //

27

28

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                                    *Cleveland v. Curry, et al.*
                                                                               C 07-2809 JF (PR)

### III.
### SUMMARY JUDGMENT FOR THE CLAIMS AGAINST DEFENDANTS ABANICO AND CURRY SHOULD BE GRANTED BECAUSE NO VIOLATION OF THE EIGHTH AMENDMENT OCCURRED.

Cleveland rests his Eighth Amendment argument on the allegation that Defendant Abanico touched Cleveland's groin and inner thighs during a clothed-body search. (Compl. 6.) Nothing, however, is cruel and unusual about this allegation in a prison setting.

In considering an Eighth Amendment claim, courts must ask: (1) if the officials subjectively acted with a sufficiently culpable state of mind; and (2) if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citation omitted). In *Somers*, the Ninth Circuit applied this test to a male inmate's allegations that female prison guards violated his Eighth Amendment rights by performing visual body-cavity searches on him, pointing at him, and joking among themselves. *Somers v. Thurman*, 109 F.3d 614, 616 (9th Cir. 1997). Here, as in *Somers*, Cleveland fails under both the subjective and objective components of the Eighth Amendment analysis. *See id.* at 622.

### A.   The Clothed Pat Down of Cleveland Is Not Enough to Establish a Constitutional Violation.

Random clothed-body searches of inmates are mandated statewide by the California Code of Regulations, title 15, section 3287(c), as well as the Department Operations Manual, sections 52050.18.1–2. (*See* Decl. Alanis ¶ 7.) These inmate searches are integral to promoting the safety and security of staff, inmates, the prison, and the public by helping to prevent dangerous contraband, inmate escapes, and theft among inmates. (*Id.* ¶ 6.) In other words, clothed-body searches like the one at issue here are penologically necessary. *See Somers*, 109 F.3d at 622.

Further, the Ninth Circuit has already determined that routine prison pat downs, even of the groin area, "do not involve intimate contact with an inmate's body" in violation of the Eighth Amendment. *Grummett v. Rushen*, 779 F.2d 491, 495 (9th Cir. 1985). Nevertheless, these searches do involve physical contact out of necessity, and some inmates are very hostile about being searched, complain of being disrespected or harassed, and may accuse searching officers of

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                          *Cleveland v. Curry, et al.*
C 07-2809 JF (PR)

10

1   abusing authority. (*See* Decl. Alanis ¶¶ 4–5.) During clothed-body searches, correctional

2   officers are instructed to cup the groin of male inmates to check for contraband, or to sweep

3   across the groin. (*Id.* ¶ 4.) Correctional officers must also run their hands along inmates' inner

4   thighs. (*Id.*) But "[b]ecause routine discomfort is part of the penalty that criminal offenders pay

5   for their offenses against society, only those deprivations denying the minimal civilized measure

6   of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."

7   *Hudson v. McMillian*, 503 U.S. 1, 9 (U.S. 1992) (internal citations and quotations omitted).

8   **B.    Cleveland Shows No Unlawful Subjective State of Mind.**

9       Cleveland complains of such a body search, but he does not allege or show that it was done

10  with any subjective intent to humiliate him. *See Somers*, 109 F.3d at 622. In fact, Abanico's

11  procedure for performing clothed-body searches is precisely in accord with the training he

12  received at CDCR's Richard A. McGee Correctional Training Center (Decl. Alanis ¶ 3; Decl.

13  Abanico ¶ 3), which provides mandatory training for all prospective CDCR correctional officers,

14  and is the only center to provide such training (Decl. Alanis ¶ 1).

15  **C.    Warden Curry Cannot Be Subject to Supervisor Liability Here.**

16      Liability under a § 1983 claim only attaches to supervisors if they personally participated in

17  the constitutional violation, or had knowledge that their subordinates were violating another's

18  constitutional rights and did nothing to prevent it. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

19  1989); *see also Jeffers v. Gomez*, 267 F.3d 895, 915–16 (9th Cir. 2001). Here, however,

20  Cleveland merely states that Warden Curry continued to allow Abanico to work at CTF. (Compl.

21  7, 14.) Cleveland neither alleges nor shows any personal participation by Curry in any clothed-

22  body search. And because Abanico's body searches were statutorily required by state law (*see*

23  Decl. Alanis ¶ 7), Curry could not know of any constitutional violation by Abanico.

24      Because 42 U.S.C. § 1983 does not permit claims to be based on a theory of respondeat

25  superior or vicarious liability, Defendant may not be held liable here for a violation of any

26  constitutional right, and he is entitled to qualified immunity. *Redman v. County of San Diego*,

27  942 F.2d 1435, 1446 (9th Cir. 1991).

28  //

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.                                        *Cleveland v. Curry, et al.*
                                                                                                  C 07-2809 JF (PR)

11

## IV.
## SUMMARY JUDGMENT IS PROPER BECAUSE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Summary judgment is proper in this case because Defendants Abanico and Curry are entitled to qualified immunity. Governmental officials are entitled to qualified immunity from liability for civil damages if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Burns v. Reed*, 500 U.S. 478, 495 (1991) (citations omitted).

In determining whether a governmental official is entitled to qualified immunity, the Supreme Court set out a sequence of queries to be considered. *Saucier v. Katz*, 533 U.S. 194 (2001). First, the court must decide whether the alleged facts show the officer's conduct to have violated a constitutional right, taken in the light most favorable to the party asserting a constitutional violation. *Id*. at 201. If there was no constitutional violation, the official is entitled to qualified immunity. If a constitutional right could have been violated, the next query is to determine whether the constitutional right alleged to have been violated was clearly established, to ascertain whether "[t]he contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. at 201–02. The inquiry for determining whether a right was clearly established is whether a reasonable officer would have understood that his conduct was unlawful in the situation. *Id*. at 201–02 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Governmental officials can still claim qualified-immunity defense even if they were mistaken about the nature of their conduct if their mistakes were reasonable. *Saucier*, 533 U.S. at 205.

In this case, Cleveland alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated by Defendant Abanico's clothed-body search, and by Defendant Curry's continued retention of Abanico as prison staff. As discussed above, no constitutional right was violated and these Defendants are thus entitled to qualified immunity.

1   Even assuming, however, that a constitutional right could have been violated, Cleveland has not

2   shown—nor can he show—that these Defendants' behavior was clearly unlawful at the time,

3   from the perspective of a reasonable officer in the situation. *Saucier*, 533 U.S. at 201.

4      In this case, clothed-body searches are mandated statewide throughout CDCR. (Decl.

5   Alanis ¶ 7.) Abanico's clothed-body searches were in complete accord with the training given to

6   every CDCR correctional officer. (*Id.* ¶¶ 1–3.) Abanico followed his training in performing

7   clothed-body searches, and could have reasonably believed that the searches did not violate

8   inmates' constitutional rights. Similarly, Warden Curry cannot be faulted for maintaining

9   Abanico as staff when he properly followed his training in performing a duty mandated statewide

10  in all California prisons.

11     In sum, because Defendants' conduct was not clearly unlawful, Defendants are entitled to

12  qualified immunity. *See Saucier*, 533 U.S. at 202.

13  //

14  //

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

Defendants Sather and Crawford respectfully request that the claims against them be dismissed for Plaintiff Cleveland's failure to properly exhaust any related administrative grievances preceding this action.

In addition, summary judgment is proper concerning the claims against Defendants Abanico and Curry because no facts are in dispute, and Abanico did not violate Cleveland's constitutional rights by performing a clothed-body search conforming to training given to all California correctional officers.

Defendants Abanico and Curry are also entitled to qualified immunity for their alleged actions because they acted reasonably. Abanico's body search was in accord with statewide correctional training, and such body searches are required in prisons statewide by statute. Therefore, Warden Curry acted reasonably in keeping Abanico as staff.

Dated: April 1, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

THOMAS S. PATTERSON
Supervising Deputy Attorney General

KENNETH T. ROOST
Deputy Attorney General
Attorneys for Defendants
Sather, Crawford, Curry, and Abanico

40232904.wpd
SF2007403404

Defs.' Not. Mots.; Mots. Dismiss & Summ. J.

*Cleveland v. Curry, et al.*
C 07-2809 JF (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Cleveland v. Curry, et al.**

Case No.:      **C 07-2809 JF (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 1, 2008, I served the attached

**DEFENDANTS' NOTICE OF MOTIONS; MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

**DECLARATION OF KENNETH T. ROOST IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
(W/ EXHIBITS A THRU G)

**DECLARATION OF SERGEANT ALANIS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
(W/ EXHIBIT A)

**DECLARATION OF DEFENDANT ABANICO IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Ivan Cleveland
H-60545
Correctional Training Facility
P.O. Box 689
Soledad, CA  93960-0689
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on **April 1, 2008**, at San Francisco, California.

| | |
|---|---|
| M. Xiang | |
| Declarant | Signature |