# EXHIBIT D

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

OCT 2 - 2007

Date:  SEP 2 1 2007                                           Group Appeal

In re:  John-Charles, T-56703
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0617466          Local Log No.: CTF 07-01050

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that Warden Curry is falling in line with California Correctional Peace Officers Association (CCPOA) and evading his responsibilities by covering up the harassment and misconduct of Correctional Lieutenant (Lt.) Biggs. He contends that Lt. Biggs harasses inmates and their families and threatens to write them if they do not comply with the policies and rules of Lt. Biggs. The appellant requests that the harassment of confiscating state issued clothing by Lt. Biggs stop as this misconduct is creating unrest among the inmate population. He also requests that the action of impeding the daily program stop. The appellant also requests that Lt. Biggs, is a supervisor and as such he should stop representing CCPOA as it is a violation of the National Labor Relations Board, and that an investigation into this matter be conducted.

II   SECOND LEVEL'S DECISION: The reviewer found that the appellant refused to be interviewed. The appellant has not demonstrated that the confiscation of old clothing caused unrest or has impacted him or the inmate population. The appeal was denied at the First Level of Review because he could not show adverse affect in this matter. The appellant failed to establish that Warden Curry and Lt. Biggs are breaching security by harassing or threatening inmates with fraudulent disciplinary action to incite unrest. The appellant's argument that the new clothing does not protect against inclement weather is rejected. The Correctional Training Facility (CTF) provides winter clothing, jackets for the cold and rain pants suits. The weather at CTF does not require that specialized winter coats or boots be issued. The new clothing design was approved by the Men's Advisory Council as well by survey of the inmate population. The old style clothing was confiscated with the authorization of the administration and was not done to create unrest or harass the inmate population.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A. FINDINGS: A review of the documentation supports that the appellant has not established that Warden Curry or Lt. Biggs has violated departmental policies warranting further review in this matter. Warden Curry is responsible to ensure that departmental policies and procedures are implemented upon approval by the Department's Secretary. Overall institutional safety and security, inmate and staff safety, and that of the public law are the responsibility of Warden Curry. The Institution Security Unit (ISU) is charged with ensuring that safety and security is not breached in all areas of the institution. The ISU under the supervision of Lt. Biggs is required to enforce the Authorized Personal Property Schedule in all areas of the institution to include the visiting room. In this case, the appellant has not provided proof that he has suffered a loss due to staff actions or that staff misconduct has caused inmate unrest. The appeal was processed as a Property versus Staff Complaint issue. No relief at the Director's Level of Review is warranted.

   B. BASIS FOR THE DECISION:
   California Code of Regulations, Title 15, Section: 3190, 3191, 3193
   CDC Operations Manual Section: 54030.1

   C. ORDER: No changes or modifications are required by the institution.