```
 1  EDMUND G. BROWN JR.
    Attorney General of the State of California
 2  DAVID S. CHANEY
    Chief Assistant Attorney General
 3  FRANCES T. GRUNDER
    Senior Assistant Attorney General
 4  THOMAS S. PATTERSON
    Supervising Deputy Attorney General
 5  KENNETH T. ROOST, State Bar No. 231444
    Deputy Attorney General
 6   455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
 7   Telephone: (415) 703-5824
     Fax: (415) 703-5843
 8   Email: Ken.Roost@doj.ca.gov

 9  Attorneys for Defendants
    Sather, Crawford, Curry, and Abanico
10
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IVAN VERNARD CLEVELAND, | C 07-2809 JF (PR) |
| Plaintiff, | DECLARATION OF SERGEANT ALANIS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| BEN CURRY, Warden, et al., | |
| Defendants. | |

I, Sgt. Alanis, declare:

1. I am a correctional sergeant, and have worked for the California Department of Corrections and Rehabilitation (CDCR) for seventeen years. I am presently the curriculum liaison at CDCR's Richard A. McGee Correctional Training Center, a position I have held since 2004. The training center provides mandatory training for all prospective CDCR correctional officers, and is the only center to provide such training. In my current position, I am familiar with the center's curriculum and policies. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this

Decl. Alanis Supp. Defs.' Mot. Summ. J.    Cleveland v. Curry, et al.
C 07-2809 JF (PR)

1

1. declaration in support of Defendants' motion for summary judgment.

2. Training for clothed-body and unclothed-body searches is part of the curriculum for all students at the center. The training incorporates both lectures and documentation.

3. I have reviewed the declaration of Defendant Abanico filed in support of Defendants' motion for summary judgment, and find that Abanico's self-described body-search procedure conforms with the training given by the training center.

4. Searches can be considered physically intrusive. In particular, during clothed-body searches, correctional officers are instructed to cup the groin of male inmates to check for contraband, or to sweep across the groin. Correctional officers must also run their hands along inmates' inner thighs.

5. Some inmates are very hostile about being searched, complain of being disrespected or harassed, and may accuse searching officers of abusing authority.

6. But inmate searches are integral to promoting the safety and security of staff, inmates, the prison, and the public. Searches help to prevent dangerous contraband, inmate escapes, and theft among inmates.

7. Random clothed-body searches of inmates is mandated by the California Code of Regulations, title 15, section 3287(c), as well as the Department Operations Manual, sections 52050.18.1–2.

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge.

Executed March 28, 2008, in Galt, California.

_____ Sgt.
Sgt. Alanis

40233375.wpd
SF2005200176

Decl. Alanis Supp. Defs.' Mot. Summ. J.

*Cleveland v. Curry, et al.*
C 07-2809 JF (PR)

2