IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IVAN VERNARD CLEVELAND,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BEN CURRY, Warden, et al.,<br><br>　　　　　　　　　　　　Defendants. | C 07-2809 JF (PR)<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT |

　　　Defendants Abanico and Curry filed a motion for summary judgment under Federal Rule of Civil Procedure 56 on the grounds that: (1) there is no genuine issue as to any material fact; (2) there was no violation of Plaintiff's Eighth Amendment rights; and (3) these Defendants are entitled to qualified immunity because their actions were lawful.

　　　In addition, Defendants Sather and Crawford filed a motion to dismiss under Rule 12(b) based on Plaintiff's failure to exhaust his administrative remedies on his claims against them before filing suit.

**A.   Analysis Concerning the Motion to Dismiss.**

　　　Inmates like Plaintiff Cleveland here must properly exhaust available administrative grievances before suing in court. 42 U.S.C. § 1997e(a); *Woodford,* 126 S. Ct. at 2382. The California Department of Corrections and Rehabilitation (CDCR) has a four-level administrative-appeals process that permits its inmates to grieve "any departmental decision, action, condition,

[Proposed] Order Granting Defs.' Mots. Dismiss and Summ. J.　　　　　　　　　　*Cleveland v. Curry, et al.*<br>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　C 07-2809 JF (PR)

1

or policy which they can demonstrate as having an adverse affect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The four levels of appeal include: (1) an informal level, (2) a first formal level of review, (3) a second-level review to the institution head or designated representative, and (4) a final third-level appeal to the Director of the CDCR or designated representative. *Id.* at § 3084.5. A decision at the Director's level constitutes exhaustion of an inmate's administrative remedies. *Id.* at § 3084.1(a).

Defendants' motion to dismiss shows that Cleveland exhausted no administrative grievance concerning his claims against Defendants Crawford or Sather. Cleveland even admits in his complaint that he did not exhaust his claim against Sather. (Compl. Form 2.) He states this is because his request for medical care was granted. (*Id.*) But further remedies remained available to Cleveland, because CDCR's second-level response to Cleveland's unexhausted grievance concerning medical care noted that Cleveland's request was only being considered. *See Booth v. Churner*, 532 U.S. 731, 735–36 (2001). This CDCR response advised Cleveland that he could appeal this decision to the Director's Level. He did not.

**B.    Analysis Concerning the Motion for Summary Judgment.**

Cleveland claims that Defendant correctional officer Abanico touched Cleveland's groin and inner thighs during a clothed-body search. (Compl. 6.) Cleveland claims that Defendant Warden Curry is responsible for allowing Abanico to remain at the prison despite Cleveland's allegations of Abanico's wrongdoing.

Cleveland raises no legitimate Eighth Amendment claim against Abanico. Nothing is cruel and unusual about clothed-body searches in a prison setting. Indeed, such searches are mandated statewide by the California Code of Regulations, title 15, section 3287(c), as well as the Department Operations Manual, sections 52050.18.1–2. Inmate searches are penologically necessary because they promote the safety and security of staff, inmates, the prison, and the public by helping to prevent dangerous contraband, inmate escapes, and theft among inmates. Abanico's body searches followed the instructions given by CDCR's training center, and do not rise to a constitutional violation. Indeed, routine prison pat downs, even of the groin area, "do not involve intimate contact with an inmate's body" in violation of the Eighth Amendment.

[Proposed] Order Granting Defs.' Mots. Dismiss and Summ. J.        *Cleveland v. Curry, et al.*
                                                                    C 07-2809 JF (PR)

Case 5:07-cv-02809-JF    Document 31    Filed 04/01/2008    Page 3 of 3

*Grummett v. Rushen*, 779 F.2d 491, 495 (9th Cir. 1985).

Cleveland likewise raises no legitimate Eighth Amendment claim against Warden Curry. Liability under a § 1983 claim only attaches to supervisors if they personally participated in the constitutional violation, or had knowledge that their subordinates were violating another's constitutional rights and did nothing to prevent it. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Jeffers v. Gomez*, 267 F.3d 895, 915–16 (9th Cir. 2001). As already discussed, Abanico did not violate Cleveland's rights. In the absence of such a violation, Curry cannot be held liable as a supervisor of Abanico's. Further, Cleveland only alleges here that he was searched by Abanico in October 2006. (Compl. 6.) Cleveland does not show that Abanico's retention at the prison resulted in further harm to Cleveland.

In sum, the Court need not reach Defendant Abanico and Curry's qualified-immunity defense, because no constitutional harm occurred in the first place.

This Court has considered Defendants' motion for summary judgment and motion to dismiss, the supporting declarations and exhibits, the request for judicial notice, any opposing and reply papers, the Court's files, and for good cause appearing, hereby GRANTS Defendants' dispositive motions. The claims against Defendants Abanico and Curry are dismissed with prejudice, and the claims against Defendants Sather and Crawford are dismissed without prejudice.

IT IS SO ORDERED.

Dated: _____        _____
                                      HONORABLE JEREMY FOGEL
                                      United States District Judge

40232908.wpd
SF2007403404

[Proposed] Order Granting Defs.' Mots. Dismiss and Summ. J.                *Cleveland v. Curry, et al.*
                                                                           C 07-2809 JF (PR)

3