1  Dennis Cunningham  #112910
   115-A Bartlett Street
2  San Francisco, CA 94110
   415-285-8091 / FAX 285-8092
3
   Attorney for Plaintiff
4

5

6              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
7                    SAN JOSE DIVISION

8

9  IVAN VERNARD CLEVELAND,              No. Cv 07-2809-JF

10        Plaintiff,                    PLAINTIFF'S <u>ADMINISTRATIVE MOTION</u>
                                        FOR A STAY OF PROCEEDINGS, A CASE
11                                      MANAGEMENT CONFERENCE AND
       vs.                              OTHER RELIEF.
12                             )
                               )
13 BEN CURRY, Warden, et al.,  )
                               )
14        Defendants.          )        <u>Submitted to the Court</u>
                               )
15 ─────────────────────────────

16        The undersigned, having on this date filed his appearance as counsel for the plaintiff

17 herein, now makes this ex parte, "administrative" motion for a stay of the current summary

18 judgment proceedings, and asks the Court to convene a case management conference at its

19 earliest convenience, so that a workable approach can be established which will facilitate —

20 without prohibitive cost — necessary adjustments in the parties' approach to the case, in aid of

21 the important constitutional relief which is needed herein, as follows:

22        As noted by this Court in its Order of May 24, 2007, one count of plaintiff's *pro se*

23 complaint raises substantial claims and concerns about the behavior and activities of a certain

24 prison guard (Corrections Officer, or C.O) at the California Correctional Training Facility at

25 Soledad, one Abanico, who has shown himself to be a seriously unbalanced sexual predator. It is

26 alleged he has repeatedly taking advantage of his authority and power over prisoners to subject

27 numerous individual victims among them, usually chosen at whim in the flow of prisoner foot

28 traffic in a main hallway where he has been stationed, to outright physical sexual molestation.

                                         1

The same has consisted of grabbing, rubbing, fondling, squeezing, etc., different men's private parts outside the clothing, reaching inside clothing to fondle and squeeze the penis, rubbing between the legs, etc. In one recorded instance he insisted that a prisoner roll back his foreskin.

These and kindred attentions are carried out — always with intimidation, and often with attendant unnecessary force in the form of, e.g, an elbow dug hard into the back, as one is held spread-eagle facing the wall — on the pretext of a "clothed body search", which the officer is evidently authorized to perform on prisoners at random as they move about the institution, for supposed purposes of "security".

Plaintiff, like numerous other prisoners at CTF, has made formal and informal complaints about CO Abanico's salacious actions to various members of the prison chain of command, with no positive results, and has exhausted his administrative remedies as the Court found. He is in touch with a large number of other prisoners who have complained of the same maltreatment by the same officer, including 113 who signed and others who joined a mass grievance he prepared against defendant Abanico. See Attachment. Many assert they have been retaliated against by Abanico — frequently by way of false disciplinary violation ("115") allegations, which in turn seriously and often fatally prejudice parole applications and other available benefits, as he and the other defendants well know — for making these complaints against him.

In particular, the undersigned has interviewed four other CTF prisoners who have also completed the "602" complaint process, on essentially the same sexual molestation grievance against the same officer: Robert Morris, Desmond Jones, Demetrius Huff and Kenneth Trask. Trask, by way of example, recently spent more than six months in the hole, "pending investigation", based on a totally false report by Abanico that Trask had threatened him. Plaintiff wishes to add their claims to his own herein; in the alternative, they seek leave to intervene as plaintiffs, per R. 24(a) F.R.Civ P., on that one count of the existing complaint.[1]

\*\*      \*\*      \*\*      \*\*

---

[1] The plaintiff will be asking to sever the other two claims in his complaint, dealing with library access and dental care, from the molestation claim he shares with so many other prisoners.

To plaintiff's knowledge then, C.O. Abanico has been the subject of a large number of complaints to the prison administration, many of which graphically describe his perverse actions, but the response from defendant officials in the chain of command has been rejection across the board, and a refusal to face facts; and the officer apparently remains assigned to posts in the institution where he can continue his random assaults. The grievances of the plaintiff and his cohorts having been steadfastly quashed by the prison administration and the Departmental hierarchy above them, they are left at a pervert's mercy unless they can obtain relief in this Court.

In these circumstances, and in the wake of this Court's Order of Nov. 2, 2007, the undersigned now asks the Court to convene a Case Management Conference, per R.16, F.R.Civ P., to consider revision and expansion of the plaintiff's complaint (which is still unavailable online) so that the more general problem of this officer's predations against CTF prisoners — and the foolish, blind-eye indulgence and protection and harboring of such a sick and dangerously provocative molester by the chain of command at the prison and in the Corrections Department — can be promptly and effectively addressed. From the plaintiff's perspective through his new counsel, the agenda would include the following:

+ Amendment of the Complaint, with severance of Cleveland's two other counts;

+ Addition or intervention of four other named plaintiffs; provision for others who may perfect additional claims;

+ Consideration of the possible need for preliminary relief, particularly as to retaliation claims; practical discussion of possible negotiated remedies and other cooperation;[2] and the possible need to certify a Class;

---

[2] Long and generally fairly grim experience litigating about and against prisons and their personnel has contributed to substantial hesitancy by the undersigned in taking up the cause reflected in the complaints of these prisoners; which I now do, nevertheless, as a matter of conscience, after meeting several of them and hearing their stories. But, I will be operating at a good distance, without resources or support of any kind besides my own time and effort, going against the full powers and dead weight of remorseless State bureaucrac(ies), and always needing help and understanding from the Court per R.16(a)(1), (3) and (5), and Rule 1...

1     + Legal questions regarding the availability of permanent equitable relief restricting prison work assignments for CO Abanico (or his ilk); regarding other possible remedies, and regarding issues arising from restrictions in the so-called Prison Litigation Reform Act;

    + Discovery plaintiff may need to establish facts and/or meet defendants' dispositive motions and claims;

    + Disposition of (bogus) Qualified Immunity claims and other summary judgment issues if any;

    + Measures needed to control expenses, and reasonably resolve matters with a minimum of contention, and wear and tear...[3]

WHEREFORE, this honorable Court is respectfully asked to accept the Appearance and substitution of the undersigned as counsel for the plaintiff formerly *in pro per*; to Stay the current proceedings on defendants' Motion for Summary Judgment herein, and toll the time period in which plaintiff must answer it; to order and convene a Case Management Conference at its earliest convenience to consider and discuss revision of the case as outlined above; and to grant such other and further relief as may be just and appropriate in the premises of this repulsive and discouraging case.

DATED: April 25, 2008.

Respectfully submitted

*/s/ Dennis Cunningham*
Dennis Cunningham

---

[3] See Note 2, above.

STATE OF CALIFORNIA                                                                   DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region     Log No     Category
1. _____   1. _____
2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Mr. Cleveland       NUMBER: H-60545     ASSIGNMENT: A-7-A None       UNIT/ROOM NUMBER: F-W-256-up

A. Describe Problem: Inmate Cleveland was degraded and violated by this officer (Abanico Bage No. 4313) This Grievance is to be Filed due to a Number of institutional violations committed by this officer. Officer Abanico is clearly showing/an demonstrating abuse of authority also unnecessary harassment, and along with inmate Cleveland a numerous amount of complaints have been filed due to "Innapropriate" Touching: being of ones genitalia, groin and innner thighs.

If you need more space, attach one additional sheet.

B. Action Requested: That there be put a stop to this degrading and disrespectful treatment, by this officer, that Mr. Cleveland along with other inmates be treated in a professional manner, which avoids "Embarrassment or indignity".

Inmate/Parolee Signature: _____     Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____     Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                                    CDC Appeal Number:

A-1 ATTACHMENT

- Abuse-of-Authority:
- Unnecessary-Harassment:
- Inappropriate-Touching: Being of ones Genitalia, Groin, and Inner Thighs:
- Stopping and Searching, The same inmate for no reason within-30-min. From first search:
- Forcing elbow in inmates spine/back in a way that inflicks pain, especially inmates who may suffer from medical conditions, or who have to depend on a walking cane. This officer is and has been demonstrating a sign of unprofessionlism: By degrading inmates, by forcing them to put there hands on the wall while he uses there backs to write on: This grievance is in no way due to any type of retaliation by the inmates: But is to asure that future contact with this officer will be handled in a professional manner. We the undersigned inmates feel that we have been degraded and violated by officer "Abanico" Bage No- 4313e We have sign this Legal "602" grievance so that we may advise the Administra. Staff of this disrespectful and degrading treatment: Officer Abanico is clearly violated inmates Rights, he is also showing and demonstrating a sign of harassmen. And abuse of his institutional Authority. This officer searched inmate Cleveland and other inmates in a way that is prohibited by Law. Officer Abanico is touching and in some case squeezing inmates genitilia. He is degrading inmates by touching their inner thighs and groin area. This can and in many opinions is a clear act of sexual misconduct. Inproper touching is a institutional violation. And should not under any circumstances be tolorated or allowe. Officer Abanico is also violated inmates Right by putting and shoving his elbow into a inmates back for know apparent reason.

A-2

Also this officer should not be allowed to use any part of a inmates body to write on, or be allowed to make racist remarks. Being that his reason for stopping and searching more black inmates on the day that chicken is ser is due to black peoples like for this type food" This was an is a "Racist Remark" For any staff/or employee to join in or condone in such "ill-legal methods" Then they also a showing Lack of Leadership." No inmate should have t subject or be treated in such a degrading manner. This officer has very little if none, respect for the rights f others. Complaints have been filed. Inmates have bee threaten that they would be held in "isolation" if the went forward with there "complaints." A prisoner canno be punish for filing a legal grievance of any kind on a prison official. "Retaliation" occurs and goes into affec when prison official punishes prisoner because prisoner h exercise his/or her Constitutional right. [HAFF V. COOK] F. 923 SUPP 1104.

We as inmates do clearly understand and "Respect" that o of the requirements and duties of a correctional officer is t search cells/and also conduct in a body search. But when a mate is being treated and degraded in a way that th officer is doing. Then there is a very serious problem within this institution that needs and should be dealt wi. immediately. "Every inmate has the right to be treated r spectfully, impartially, and fairly, by all staff/employee. A employee or staff will not "openly" display disrespect or con tempt for others in any manner intended to or reasona likely to incite or provoke violence [3004] (A)(B)(C). An inm is subject to an inspection, either clothed or unclothed all such inspections should be conducted in a pro fessional manner, which avoids "embarrassment" or ndignity to the inmate [3287]. (B) of Pen. Code.

A-3

"Signing - Sheet"

| Names | C.D.C. No. | |
|---|---|---|
| Ivan Cleveland | H-60545 | |
| Ken Chatman | C-05576 | |
| Floyd Johnson | B-31355 | |
| E. Pearson | H-16942 | |
| R. Daniels | E-1925 | |
| WARRENTON, DEAN | E-85765 | |
| Al Brown | H-68911 | |
| Salvador Ruby | V-75053 | |
| Burnette Smith | C-81587 | |
| Carl Howell | K-87903 | |
| P. See | V-44441 | |
| James McCord | D-56260 | |
| C. Frye | P-63094 | |
| Robert Clewell | C-61591 | |
| Walt M. Cruly | D-85936 | |
| John Morris | F-09979 | |
| Bryant A. Swift | J-76244 | |
| Keith P. Bradley | J-57513 | |
| Shawn Jackson | V-8647 | |
| J. M. Holden | E-26569 | |
| Andre Jamieson | D93828 | |
| Russell | P-26759 | |
| Berean J | C-87271 | |
| Brown | F-80518 | |
| Nathan Lime | J32468 | |
| Tim Marshall | E-22386 | GW-113 |
| R. D. | F-13215 | B4-213 |
| Fred Marshall | F-08036 | Z-Wing 102L |
| Ralph Glenn | D-67624 | G-344 UP |
| Corey Willis | E57348 | G-138 L |
| Michael Byers | C-32166 | E-113 L |
| E. Kennedy | D-30780 | F-304 |
| K. Mitchell | F-13232 | G-147 U |
| Eddie B. McKinnon | C-24500 | G-248 UP |

VALLEY ADULT SCHOOL
USE BOTH SIDES

A-4

| Name | ID | Cell |
|---|---|---|
| Kurn Aree | F15792 | |
| [illegible] | J04601 | |
| Halumbe | H57414 | |
| [illegible] | H-42357 | |
| H. Hall | D-60488 | |
| M. A. Tilton | P-37345 | |
| Carter J. | K-19328 | |
| S. Ammerson | E-01649 | D-132C |
| Otter Paul III | H-65569 | GWR 3up |
| J. M. Piper | J-51562 | B-109L |
| D. M. Mosley | P-16115 | Y-307 up |
| Simms | H-67207 | Y 219 |
| Brooks | C-41422 | D-W237 |
| Digar | C-05327 | F-230 L |
| [illegible] | K-59899 | DW-328 up |
| Henderson | D-05486 | BW-109L |
| Hilliard | J-11450 | D-W 304 up |
| [illegible] | K-86475 | EW-216L |
| John Charles | T-56703 | EW-124 U |
| Tyrone Thomas | E-99960 | E.W-173 V |
| [illegible] | E-88670 | E-108 U |
| [illegible] | E-10079 | C-137 |
| [illegible] | G-2210 | C-99461 |
| Rodney Summerton | G-31509 | J-99453 |
| Earl Price | V-03356 | Lg-W-125 |
| Williams | A-16042 | DW-309L |
| Perry | H-80005 | D-W-109C |
| Walker R | P-41551 | E-135-L |
| [illegible] | C-88103 | Z-218 |
| [illegible] | C-45730 | G-219 |
| [illegible] | C-26067 | Y-133 |
| D. Reese | C-67683 | Z-124 L |
| S. Swain | H-57996 | X 133 |
| D. Turnbough | D-16617 | E-234 |
| [illegible] Reed | H-80055 | E-127L |
| [illegible] | P-35693 | E-917 U |
| Monroe Hamilton | E-98240 | EW 226 up |
| David W. Kohler | E-90593 | Z-125 up |
| S. McClendon | D-73611 | E-226L |
| [illegible] | H-12886 | E-111 U |

A-5

Robert Monro D13147
Bruce Bowen EF7250
Hargrew Larry K70157
B ded J-64385
Howard Henry C87490
Brown Henry V64383
Lonnie Johnson P-74904
Birden Bobby C-37176
Ronald Kenny T-43909
L. U. Bailey C-41757
S. McClin K-96270
(illegible) V34650
(illegible) J-936416
(illegible) K-88105
(illegible) T-19991
N.T. Paley P17387
C.A. McClelland E-47757    F-122L
LEE ERIC D-11150    G-307L
DONNELL Mingo D73077    G-259
Martin Lines H-41964    D-W-117 LOW
Johnson Curtis C-36895    DW-123UP
Duncan-S. A.L. K43663    DW-121
Jeffery D. Pruitt C-15726    T-338
(illegible) DC712    C-105
Robinson George H-6108    B-334
(illegible) P-89446    DW-1144P
Ural Ky T-01072    CW-337
Johnson E K-02454    D-W 230u
Sittkar E-20095    DW-129L
(illegible) Crowell D-60422    GW-122L
(illegible) C78227    GW 210
E. Merrill Allen B-67647    F-806-L
Wilson (illegible) C-25232    F-107u
(illegible) C-35670    F-242C
(illegible) K-37959    F-354L

VALLEY ADULT SCHOOL
USE BOTH SIDES


A-6

| | | |
|---|---|---|
| R Miller | C-13017 | F-35940 |
| J. Thomas | E18879 | F 346 |
| Palmer, D. | E-36564 | F-3434 |
| London? | C 46704 | E 315 |

A-7

CTF-1362 (Rev 02-00)