```
Ivan Vernord Cleveland H-60545
P. O. Box 689, (FW-256-Low)
Soledad, California.
Zip. 93960-689
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FILED ORIGINAL
RICHARD W. ...
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

| | |
|---|---|
| In re Ivan Vernord Cleveland,<br>(Plaintiff)<br><br>v.<br><br>Ben Curry, (Warden) (A) et al.<br>(Defendants) | Case No. C 07 2809 JF (PR)<br><br>OPPOSITION TO THE<br>DISPOSITIVE. *motion against*<br>*Summary Judgement.* |

Plaintiff filed a Civil Rights Complaint, pursuant to 42 U.S.C. § 1983. He was granted leave to proceed in a separate written order. On November 2, 2007. There was a note, for citation, and a partial order filed directing defendant's to file dispositive motion or motion regarding such motion. Plaintiff is submitting FACTS to be "True." And evidence to show the court in opposition to defendant's dispositive that there is indeed "Genuine" issues of material fact's that this motion should not be dismissed ....

**Paragraph (1)**   "(**Defendant:** Abanico,)

Correctional Officer: Abanico, violated plaintiff's [**Eighth** Amendment] right by sexual harassment. Plaintiff's penis was rubbed and groped. Officer: Abanico, rubbed plaintiff's inner thighs in a "unprofessional" manner. That proved that the search had wrongful "intension's". That showed and caused a great deal of "embarrassment" and "humiliation". Officer: Abanico, has clearly shown a pattern of sexual misconduct. This institution, has claim to have done their own investigation. This investigation "Failed" to include any of the accuser's or inmate's. [**Exhibit's "A" and "B"** will clearly show the court of a large — pattern that supports plaintiff's allegations

1.

by way of "signed affidavits, and staff complaint's, by other inmate's. Please - see - and review Exhibits "A" and "B". The affidavits have been signed by inmate's that swore under the "Penalty being of Perjury" that their statement's are True, Factual, and Accurate.

   Paragraph (2)   (Defendant: Ben Curry, [Warden] [A])

   Ben curry being the Warden of the Correctional Training Facility, also violated plaintiff"s [Eight Amendment] right. The Warden clearly neglected his duty by allowing Correctional Officer: Abanico, to remain in position to abuse his authority. Defendant: Abanico, had more than fifty grievances filed against him within a time period of two months for the same misconduct which is sexual misconduct. The inmate's filed Staff Complaint's, see - Exhibit "B", and also had family members call the Institution to complain to not only the Warden, but to the Assistant Warden as-well. Still, nothing was done. The defendant Ben Curry, violated the right that is secured by the constitution. Anything that is done to a prisoner by a "Prison Guard," "Prison Doctor," or an Administrator (like the "Warden" is an act under the (Color of State Law). [Monroe v Pape ], 365 U.S. 167 (1961). Every person who under the color of any statute, ordinance, regulation, custom, or usage, of any state or territory of the District of Columbia: subject or to be subject any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or "immunities" secured by the constitution and law shall be "Liable" to the party injured in action of law. The defendant Ben Curry, allowed the plaintiff to suffer in a way that inflicted pain, mentally and physically: by Officer: Abanico.

   Paragraph (3) (Defendant: K. Sather. [Chief Dental Officer])

   K. Sather, defendant clearly violated plaintiff's [Eighth Amendment] rights by acting with delibrate indifference to his dental care and treatment.

2.

Plaintiff experienced pain for two long years. Plaintiff's mouth is still not repaired. The bone is protruding from his bottom gums.

The defendant has argued that plaintiff did not exhaust his remidies." The plaintiff filed "Three grievance", each grievance was granted at the First Level. Plaintiff would like to "Respectfully" remind the court, if a grievance is full granted at the lower levels. The full extent of relief under the administrative system "has already been achieved." Thus, the prisoner is not obligated to "pursue" the appeal through the Third Level in order to exhaust administrative remedies. [Brady v. Attygala], (9th Cir. 2002) 196 F.Supp.2d 1016. See - Exhibit "C". It clearly shows proof of grievance that were granted, also shows proof of long painful delay by admission of wrong doing by K. Sather, by way of letter of apology. Also, Exhibit "C".

Paragraph (4) (Defendant: T. Crawford [Senior Librarian])

Defendant Crawford, violated plaintiff's First and Fourteenth Amendment right by denying plaintiff access to the law library which clearly resulting in his missing a Court Deadline in the United States Supreme Court," plaintiff had a Legal Deadline Pass; which entitled him to have access to the Law Library everyday. T. Crawford, clearly showed favortism, on arrival. Plaintiff, was forced to wait outside of the library door. Everytime the library was opened. Inmate's that had shown up after plaintiff were told that they may come in. Some of which did not have legal passes or legal deadlines. It took the plaintiff two full weeks before he was allowed access to the library. This was only after filing a grievance: "By the plaintiff had missed his deadline. Plaintiff has a admission of guilt in writing and on the original grievance. Exhibit "D", clearly shows that on February 27, 2007. A letter to whom it may concern admitting fault by K. Kessier, who is the Vice Principal and Mr. Crawford's Supervisor. Also, the original

grievance that was filed also admitting fault, "see Exhibit "D" yellow high light. The damage was done."

    1. All prisoner's have a Constitutional Right to the Access to the Courts.

    2. Indigent prisoner's must be allowed to file appeal's, and writ's of habeas corpus. Plaintiff's (Fourteenth Amendment) Right was clearly violated when he was denied access to the library. [Bounds v. Smith], 430 U. S. 817, 52 L.Ed.2d 72, 97 S.Ct. 1491). The state must protect the right of prisoner's to the access to the court's: by providing them with the access to the law libraries or alternative resources of legal knowledge in [Younger v. Gilmore], 404 U.S. 15, 30 L.Ed.2d 142, 92 S.Ct. 250 (1971).

4.

CONCLUSION / CLOSING ARGUMENT

Plaintiff has shown proof of allegations in Exhibit's "A" thru "D" to be facts. Exhibit "A", signed affidavit's by inmate's that show a clear pattern of sexual misconduct by "Correctional Officer: Abanico," Exhibit "B", show staff complaint's, grievances, etc, proving that the Warden: Ben Curry, knew of this serious problem's and clearly breached his duty by allowing these violations to continue. He also showed lack of leadership, whcih resulted in a neglect of duty. These actions of neglect resulted in plaintiff's pain and suffering, both mentally and physically, Exhibit "C", show's three granted grievances. And a letter of apology admitting to the well overdue and painful delay. [Estelle v. Gamble], (1976) 429 U.S. 1066, 97 S.Ct. 285, 50 L.Ed.2d 251). These letters was typed by one Chief Dental Officer: K. Sather," also grievance were granted by him as well. Exhibit "D", clearly proves wrong doing by defendant T. Crawford, by way of admitting guilt on original grievance and by a typed letter by his supervisor admitting fault of plaintiff missing his United States Supreme Court Deadline. Also the original writ that was done to the United States Supreme Court. Plaintiff "respectfully" ask for the Honorable Judge: Fogel, to review the Exhibits "A" thru "D"; (under the Equal Protection Law), Prison Officials are not suppose to discriminate against an inmate on the basis of race "or any other arbitrary category." Plaintiff incorporate the general allegations and allegations contained in Paragraph's 1 thru 4. Defendant's and agents thereof have operated under the "Referned Statutory" Scheme for several years. Plaintiff alleged the acts of the agents of the Correctional Training Facility terms to be "unfair", and a clear violation of his constitutional rights "Unfair Arbitrary." vague politically motivated and performed willful intent to deny and defraud plaintiff of his rightful benefits "under the "United States Constitution and California Constitution. The acts of

5.

1  defendant's alleged were done "<u>intentionally</u>," "<u>maliciously</u>," "<u>oppressively</u>"
2  with the intent of harming plaintiff, and caused severe additional mental
3  and emotional distress to plaintiff, in existing distress that he has
4  already experienced. Such conduct of "<u>defendant's</u>" is out rageous, wanton,
5  willful, and malicious. Plaintiff has sustained loss consortium, loss of
6  dignity, emotional and mental distress and anguish. "Official's must support
7  their policies with facts "<u>Not Conjecture of Conclusory Assertions</u>"
8  [<u>Walker v.Summer</u>], 917 F.2d 382 (9th Cir. 1990); [<u>Shimer v. Washington</u>],
9  100 F.3d 506, 509-10 (7th Cir. 1996). Reversing Summary Judgement for prison
10 officials who asserted security rational for policy, but provided "<u>No</u>
11 <u>Evidence</u>" in support of that rationale. "<u>Prison Officials may not obtain</u>
12 <u>Summary Judgement based on conclusory assertions, "without explaination or</u>
13 "<u>Factual Support.</u>"

Date: 4-28-08

Respectfully submitted,

Ivan Vernord Cleveland
(Plaintiff)

6.

ORIGINAL

From: J.A. Von Cleveland II
F-Wing-256-Low
P.O. Box 689
Soledad, CA. 93960-0689

To: The Northern Dist.
280 South First
San Jose, CA 95.