F A C T S
(DEFENDANT: Ben Curry, [Warden [ ])

ORIGINAL

# EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   **MAR 0 7 2007**                                    **Group Appeal**

In re:   Cleveland, H-60545
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0607122        Local Log No.: CTF 06-03011

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   **APPELLANT'S ARGUMENT:** It is the appellant's position that Correctional Officer Abanico has violated departmental policies and abused his authority by inappropriately touching him. He contends that numerous other complaints have been filed due to inappropriate touching of inmates' genitalia, groin, and inner thighs. He requests that there be a stop to this disrespectful treatment.

II   **SECOND LEVEL'S DECISION:** The reviewer found that an appeal inquiry was conducted into the appellant's complaint. Supervisory staff completed the inquiry, notified the appellant upon completion, and notified him of the inquiry's findings at the Second Level of Review (SLR). The appeal was partially granted at the SLR.

III   **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, it is determined that the staff complaint has received the required review.

In the event that staff misconduct is substantiated, the institution will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. In this case, the institution has reported that the inquiry has been concluded.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8, 2933
California Code of Regulations, Title 15, Section: 3004, 3084.1(e), 3391

**C. ORDER:** No changes or modifications are required by the institution.

The appellant shall, pursuant to CCR section 3084.2(f)(2), share this response with the other inmates who signed this appeal.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, CTF
Appeals Coordinator, CTF

State of California                                                                                          ...ment of Corrections and Rehabilitation

# Memorandum

Date    :    January 11, 2008

To      :    Inmate Cleveland
             H-60545/ FW-256L
             Correctional Training Facility

Subject :    **LETTER DATED DECEMBER 12, 2007**


This is in response to your letter dated December 12, 2007, addressed to Thomas Moore, Assistant Director. Your letter has been sent to my office for a reply. In your letter you state that one of the Correctional Officer at CTF is violating inmates sexually.

A review of your Central File reveals that on 6/23/07 you filed a CDC 602 in regards to the same issue. The 602 was subsequently classified as a Staff Complaint and sent to the unit for processing.  The appeal was partially granted in that an inquiry into your allegations was conducted. As staff personnel matters are confidential in nature, the results of the investigation may not be shared with staff, members of the public, or inmates.

For further assistance contact your assigned Correctional Counselor T. Verdesoto.



Sincerely,


**I. Guerra**
**Facility Captain, Unit III**
**Correctional Training Facility**

State of California                                    Department of ~~~ections and Rehabilitation

# Memorandum

Date     :     April 13, 2007

To       :     Inmate Cleveland
               H-60545 FW-256U

Subject  :     **STAFF COMPLAINT**

This is in response to your letter addressed to the Director of Corrections. Your letter was forwarded to the Correctional Training Facility and my office for reply. In you letter, you state you have filed with the court in Monterey County allegations of staff misconduct by a correctional officer at this institution. You are also requesting that this officer not be allowed to conduct "body searches." You allege this officer is still violating inmates by inappropriate touching of their genitalia.

Your appeal log #CTF-C-06-03011 has been investigated. In the event staff misconduct is substantiated, the institution will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population. In this case, the inquiry has been completed.

Although you have the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff's personnel file is beyond the scope of the appeals process.

Should you have any further concerns in regard to the aforementioned issues, contact Lieutenant D. Silva, Unit III Program Lieutenant.

J. C. Sisk
Associate Warden (A)
CTF Central Housing

cc: C-file

State of California

# Memorandum

Date    :    February 13, 2007

To      :    Inmate Jones,  J-64508
             FW-307U
             CTF Central

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # CTF-S-07-00147**

**APPEAL ISSUE:**  Inmate Jones alleges that Officer Abanico is sexually harassing him during clothed body searches.  Jones claims Abanico is grabbing his penis and pulling downward. Jones claims this to be an illegal search and requests that searches by Officer Abanico cease and desist.  Lieutenant Chavez is alleged to be retaliating against inmate Jones by threatening to place Jones in AD/SEG due to allegations of staff misconduct.

It should be noted that the original appeal that was withdrawn by inmate Jones was dated in August, 2006.  Jones then sought relief from the Monterey County Superior Court.  The court informed him he must first exhaust his administrative grievance process prior to court filings.

**DETERMINATION OF ISSUE:**  A review of the allegations of staff misconduct presented in the written complaint has been completed.  Based upon this review your appeal has been handled as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on January 18, 2007 by Associate Warden (A) J. C. Sisk and stated in essence that your appeal includes all the information.  You felt Officer Abanico sexually harassed you during a clothed body search.  You also felt Lt. Chavez impeded your ability to file an appeal by threatening to place you in AD/SEG because of allegation of staff misconduct.

Appropriate staff were interviewed as a result of your allegations of staff misconduct.

**FINDINGS FOR AN APPEAL INQUIRY:**

Your appeal is PARTIALLY GRANTED at the ☒ Second level, as an inquiry into your allegation has been conducted.  ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.  As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates.  Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Page 2

Inmate Jones, J-64508
CTF-S-07-00147

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_____        2 / 16 /07
Warden (second level)                      Date

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    JUN 1 1 2007

In re:    John-Charles, T-56703
Correctional Training Facility
P.O. Box 686
Soledad, CA  93960

IAB Case No.:  0611432          Local Log No.:  CTF  06-03019

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:  It is the appellant's position that on August 18, 2006, during a clothed body search Correctional Officer (CO) Abanico sexually assaulted him by grabbing his scrotum and his penis. He contends that CO Lynch and Correctional Sergeant Padilla were present during this misconduct.  The appellant requests that CO Abanico stop harassing him; sexually fondling his scrotum, and leaning on him in a sexual manner during a search and whispering in his ear as a result of filing this complaint.

II    SECOND LEVEL'S DECISION:  The reviewer found that an appeal inquiry was conducted into the appellant's complaint. Supervisory staff completed the inquiry, notified the appellant upon completion, and notified him of the inquiry's findings at the Second Level of Review (SLR). The appeal was partially granted at the SLR.

III    DIRECTOR'S LEVEL DECISION:  Appeal is granted in part.

A.    FINDINGS:  Upon review of the documentation submitted it is determined that the Correctional Training Facility (CTF) shall provide for review to the Inmate Appeals Branch (IAB), a copy of the inquiry conducted into the appellant's allegations into this matter. Based upon the documentation presented modification of the decision reached by the institution is warranted.

B.    BASIS FOR THE DECISION:
California Penal Code Section: 832.5, 832.8
California Code of Regulations, Title 15, Section: 3004, 3050, 3052, 3391
Administrative Bulletin 05/03: PROCESSING OF ADULT
INMATE/PAROLEE APPEALS,
CDC FORM 602, WHICH
ALLEGE STAFF MISCONDUCT

C.    ORDER:  The CTF shall immediately provide for review to the IAB the inquiry as requested in the Director's Level of Review.

This issue was faxed to the office of Warden.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CTF
Appeals Coordinator, CTF

CTF-C-06-03019

D. Mansfield                    / (First Level)

_12-27-06_
Date

C. Nells AW/CTF-Central          / (First Level)
J.C. Sisk

_1-16-07_
Date

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    MAY 1 7 2007

In re:    James, K-14847
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0610802          Local Log No.: CTF 06-03713

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Michael H. Jensen, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: It is the appellant's position that on December 20, 2006, he was mistreated by staff. The appellant contends that Correctional Officer (CO) Abanico made unreasonable requests of him during a clothed body search which led to his being placed in restraint gear and taken to the unit office. He stated at the office he was interviewed by Correctional Sergeant (Sgt.) Randall, whom he informed of the circumstances that led up to his being escorted to the office. The appellant indicated he was strip searched by the Sgt. who informed him that at times CO Abanico is overzealous and these types of incidents occur. The appellant stated that he followed each order given by CO Abanico until the actions being requested were "performances" rather than related to a random search. The appellant requests CO Abanico is retrained and reprimanded. He also requests a copy of the appeal be placed in CO Abanico's personnel file.

II    SECOND LEVEL'S DECISION: The reviewer found that there did not appear to be a violation of the regulations in regard to CO Abanico requesting the appellant submit to a random search. The Second Level of Review (SLR) referenced California Code of Regulations, Title 15, Section (CCR) 3287(b). The appeal was denied by the SLR.

III    DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.    FINDINGS: Other than saying CO Abanico wanted him to place his hands on the wall in a different manner than he had the appellant failed to provide any other evidence of staff misconduct. It is apparent by the documentation submitted by the appellant that he supports the effort of other inmates to have CO Abanico removed from the facility. It appears that the appellant desired to add his complaint to a list of grievances against CO Abanico, even though it was a minor issue. If the appellant is aware of the actions and attitude of CO Abanico he should be prepared for the instances he has contact with him. CO Abanico has the right, and is expected, to contact random searches of inmates and their property. If the appellant follows directions and is not in possession of contraband, he has nothing to fear from CO Abanico.

The Director's Level of Review (DLR) has reviewed the appeal documentation and has determined the Correctional Training Facility (CTF) researched the incident, interviewed the parties involved, and determined there was no evidence of wrong doing by CO Abanico. The DLR shall not modify the SLR.

B.    BASIS FOR THE DECISION:
CCR: 3001, 3084.1, 3287, 3391

C.    ORDER: No changes or modifications are required by the institution.

JAMES, K-14847
CASE NO. 0610802
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CTF
       Appeals Coordinator, CTF

**CTF APPEAL LOG #CTF-C-06-03713**
Second Level Reviewer's Response

Reviewed By: _____     2 /5-07
J.Sisk  Associate Warden  (A)  Central Housing          Date
            Correctional Training Facility

Reviewed By: _____     2/13/07
            Ben Curry, Warden (A)                       Date
            Correctional Training Facility

cc:  Appeals Office File
     Inmate's Central File

State of California

# Memorandum

Date    :    August 2, 2007

To    :    MORRIS, D13147
GW-344L

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # CTF-S-07-02429**

**APPEAL ISSUE:**  On 6-21-07, at 1530 hours, as you were attempting to enter the Unit III
Counselor's Office, you were subjected to a clothed body search by Correctional Officer
Abanico. During the search, you allege that he disrespected you by groping your scrotum and
pinching your penis.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the
written complaint has been completed.  Based upon this review your appeal has been handled
as follows:

    PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on 7-11-07 by Correctional Sergeant E. G. Randall and stated that you
felt that Correctional Officer Abanico searched you three times and touched you aggressively,
under the color of authority.  There was no additional information to review.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the First level, as an inquiry into your allegation has
been conducted.  ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
As such, results of any inquiry/investigation will not be shared with staff, members of the
public, or inmates.  Although you have the right to submit a staff complaint, a request for
administrative action regarding staff or the placement of documentation in a staff member's
personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the
inmate appeals process.  If you wish to appeal the decision, you must submit your staff
complaint appeal through all levels of appeal review up to, and including, the Director's Level of
Review.  Once a decision has been rendered at the Director's Level of Review, your
administrative remedies will be considered exhausted.

Please print and sign below:

_J. Soares, Associate Warden (A)_
CTF-Central Facility

8/3/07
Date

`` State of California

# Memorandum

Date : September 5, 2007

To : MORRIS, D-13147
CTF-Central Facility – GW-344L

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # CTF-S-07-2429**

**APPEAL ISSUE:** As you were attempting to enter the Unit III Counselor's Office, you were subjected to a clothed body search and you allege that Correctional Officer E. Abanico searched you in an inappropriately manner by groping your scrotum and pinching your penis.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on July 11, 2007, by Correctional Sergeant E. Randall. Your appeal was Partially Granted at the First Level. Dissatisfied with the First Level decision, you submitted your appeal for a Second Level of Review. You have not provided any supporting documentation or witnesses to support your appeal, your appeal is being Partially Granted in that an investigation was conducted at this level.

The following information was reviewed as a result of your allegations of staff misconduct: CDC 602, Inmate Appeal Log #CTF-S-07-2429.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is **PARTIALLY GRANTED** at the ☐ First level, ☒ **Second level**, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

B. Curry, Warden – CTF-Soledad                    Date

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: FEB 0 7 2008

In re:   Robert Morris, D13147
         Correctional Training Facility
         P.O. Box 686
         Soledad, CA 93960

IAB Case No.: 0708808          Local Log No.: CTF-07-02429

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner L. Warren, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that on June 21, 2007, Correctional Officer (CO) Abanico searched his person before he entered a counselor's office and while pat searching him, "groped" his genitalia. The appellant considers this an abuse of authority. He is requesting that CO Abanico not be allowed to conduct searches in this manner, and to suffer no reprisals as a result of filing this complaint.

**II   SECOND LEVEL'S DECISION:** The reviewer found that this appeal was processed as a staff complaint and the appropriate supervisory staff conducted an inquiry into this matter. The inquirer reviewed the submitted material and interviewed the involved parties. Release of the finding or information related to the investigation is confidential and will not be disclosed. This appeal was partially granted to the extent that CDCR policy prohibits retaliation against inmates for filing appeals.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** The Director's Level of Review reviewed the appellant's issues and the institution's examination and conclusions as addressed within the Second Level of Review. Upon review of the documentation submitted, it id determined that the appellant's allegations have been reviewed and evaluated by administrative staff, and a confidential appeals inquiry has been completed. On January 17, 2008, the written report of the appeal inquiry was obtained and examined at the Director's Level of Review. The inquiry was found to be consistent with Administrative Bulletin (AB) 05/03 and with CDCR policy. The finding of the inquiry is confidential and cannot be disclosed. The appellant is protected by CDCR policy from reprisal for filing an appeal.

**B.   BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8
California Code of Regulations, Title 15, Section: 3004, 3268, 3271, 3273, 3287, 3380
AB 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

**C.   ORDER:** No changes or modifications are required by the Institution.

ROBERT MORRIS, D13147
CASE NO. 0708808
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.



N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CTF
         Appeals Coordinator, CTF

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Robert Morris | D-13147 | | C-303 up |

A. Describe Problem: On 6,21,07 I was called to the Unit#3 Counslors office at 1530 to sighn my board papers along with inmate Escobar D-52755. Before entering the Counslors office I was clothed searched by C/o Abanico where my person was disrespeceted in a agressively way under the Color of Authority by a Prison Guard. When C/o Abanico first groped my scrotum and pinched the tip of my penis I made a attempted to tell his actions was'nt nessassery only to be ordered to place my hands back on the wall. When C6 Abanico continued his search of me,again he groped my scrotum and smashed my penis. I again

If you need more space, attach one additional sheet.                    See attached sheet

B. Action Requested: For this Officer to be placed where he has no contact with any inmates until all matters with him are settled to keep him from abusing his athority and to have a free will to provoke others to come off the wall in anger from his searches. I also want no further reprisal for filing this 602 against c/o Abenico in any way.

Inmate/Parolee Signature: _Robert Morris D13147_    Date Submitted: 6-22-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

turned and voiced myself only to be told to turn and get back
on the wall. After he was done I asked him why he felt he
needed to do what he had done for it upset me for his search
was very unprofesional and improper only to be told to get
back on the wall even though the search was complete. I feel
that c/o Abanico violated my human rights and done so under
the Code of Color And with the Authority of the Peace Officers
Badge he wares every day. I know that this is'nt the first
complaint made on this  Officer But yet he is allowed by this
Administration to continue doing as he pleases.  This search
was wittnessed by inmate Escobar D-52755 who was standing
next to me waiting to be searched to enter the counslors
office with me.

6-22-07

Luis C. Escobar                                                    Sept.14,2007
D-52755
C.T.F.
C-226
P.O.Box#689
Soledad, Ca.
=93960=


On June 6,07 at approximately 1530 I Luis C. Escobar D-52755 wittnessed C/O Abanico conducted a clothed body search on Inmate Morris D-13147. During said search I was taken back by the manor in which C/O Abanico Groped and Touched and Molested Inmate Morris D-13147. I witnessed Inmate Morris reacting to this abuse. Inmate Morris stepped back and stated that it was'nt necessary to be searched in this manor mainly to have his private parts touched, only to be told to get back on the wall and was further abused for a second time. This caused me to pay more attention because he done it a second time. I feel that C/O Abanico did not conduct this search in a Professional manor and abused his Authority over this inmate.


Inmate Robert Morris D-13147                    Inmate Luis C. Escobar D-52755
witnessed by.

_____                       _____
                                                              9/14/07

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858  (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE  [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME *Robert Morris* | INMATE/PAROLEE'S SIGNATURE *Robert Morris* | CDC NUMBER *D13147* | DATE SIGNED *11-4-07* |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

*C/o Refuses to Sign*

1  Robert Morris
   P.O. Box 689
2  Soledad, CA. 93960-0689
   CDC ID#: D-13147
3  Pro se.

4

5

6

7

8                    MONTEREY SUPERIOR COURT

9                 FOR THE COUNTY OF MONTEREY

10 Robert MORRIS,                    No. _____

11 Petitioner,

12 vs.

13 Officer ABANICO,                  MOTION REQUEST AGAINST RETALIATION
                                     FORTH WITH.
14 Defendant. _____

15     I Robert Morris, in the above entitled matter ask this Court to

16 Grant a Motion against official for Retaliation "forth with." Reason:

17 Petitioner filed a 602 on ooficer Abanico for improper search of his

18 person. That officer groped his scrotom and smashed his penis. His

19 His superiors Sergent or Lieutenant will hear Petitioner 602 on that

20 officer. Therefore, the officers will Retaliation against Petitioner

21 by placing him into Ad/Seg (hole), for filing that 602. A prison can-

22 not punish a Inmate for compaining or to keep him from filing. (See

23 Allah v. Seiverling, (3rd Cir. 2000) 227 F.3d 220.)

24     Petitioner would liike to remind this Court that under the equal

25 protection law a prison official cannot discriminate against Petitioner

26 on the basis of his race or any other arbitrary category. Also the

27 Fourth Amendment limits on prison search   and seizures. (See Engelk

28 8th Cir. 1991) 943 F.2d 921, 923-24.)

1    The Due Process Clause in corporates onces right under the fourth

2    Amendment, to be free from unreasonable searches or seizures of your

3    property. It includes the protection of the Eighth Amendement against

4    "Cruel and Unusual Punisshment."

5    The Official is clearly **Retaliation** against Petitioner for

6    clearly exercising his legal right by filing a 602 into the administ-

7    ration. **Retaliation** is in the form of placing Petitioner into Ad/Seg

8    (hole).

9    The Official is making it very difficult for Petitioner to con-

10    cemtrate in the matter in hand. For these reason is why this motion

11    against **Retaliation** be **Granted.**

12    Dated: June 22, 2007.

13                                       Robert Morris
                                        CDC ID#: D-13147/C-303
                                        Pro se.

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region          Log No.                    Category  7-8
1.  ___CTF-C___                          06 - 03104
2.  _____                        2. NOV 17 2006

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME   Burts | NUMBER  p-72028 | ASSIGNMENT  N/A | UNIT/ROOM NUMBER  G-win/ 125-L |
|---|---|---|---|

STAFF COMPLAINT

A. Describe Problem:
                    (See Inmate Attachment Sheet)

_____

_____

_____

_____

_____

If you need more space, attach one additional sheet.

B. Action Requested:      To have this "Staff Complaint" fully investigated pursuant to
(SADEA) Guidelines regarding "Sexual Harassment" complaints. To have staff
Properly trained not to touch inmates genitals. To insure I am not retaliated
against for my properly filed complaint.

Inmate/Parolee Signature: _Jeffrey (Todd) Burts_          Date Submitted: _September 19, 200_

C. INFORMAL LEVEL (Date Received _____ )

Staff Response: _____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          RECEIVED          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed                    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

SEP 2 5 2006          NOV 17 2006
    ISU                                              06 - 03104
                         CTF APPEALS

STAFF COMPLAINT
(INMATE ATTACHMENT SHEET)

On 9/7/2006 while I was walking down the CTF-Central center corridor returning from the legal library to my housing unit I was stopped by C/O E. Abanico and subjected to a pat down search. During the search Abanico ran his hand up my inner thigh and cupped my penis, then squeezed my genitals. At which time I protested the touching. My protest drew the attention of Sgt. Padilla who came over. I told Sgt Padilla about the touching of my genitals to which he stated "he can touch you where ever he wants". I can think of no reason for a guard to touch an inmates genitalia, or that such touching would serve a legitimate penalogical interest. After my protest C/O Abanico, Sgt. Padilla proceeded to rip through my legal materials and wallet contents. They took numerous documents. C/O Abanico also took my state issued green ID and stated "if I decide not to 602 him I will get it back". C/O Abanico's conduct could only be construed as "sexual harassment" as delineated under the "Sexual Abuse in Detention Elimination Act" (SADEA) enacted under Assembly Bill (AB 550). I have spoken with other inmates who have been "sexually harassed" or "accosted" by C/O Abanico and filed complaints only to be approached by senior staff and told "that if they did not drop their complaint they would be placed in Ad/Seg". This is a clear veiled-threat to coerce inmates into dropping their complaints which is a gross violation of the (SADEA) and related penal codes. It is illegal for staff to ask me to drop either my staff complaint or sexual harassment claims without a full investigation of the incident. Moreover, Retaliatory measures such as coercion shall not be tolerated and shall result in disciplinary and/or criminal prosecution. C/O Abanico's conduct and Sgt. Padilla tacit approval of it are clear violations of the (SADEA) and related penal codes and should be fully investigated and punished. It would be a greater violation of my rights were I to be placed in Ad/Seg and forced to loose numerous program privileges, while staff investigate this incident. Should staff ascertain that Abanico or Padilla are such a threat that my safety and security are at jeopardy due to this investigation then my placement in Ad/Seg would put me at a greater risk as it would isolate me from being able to gain assistance should future abuses arise. It would also not limit these individuals from accessing me as they have access to all areas of the prison. Moreover, it does not make sense for staff to claim that my filing a meritorious claim against staff puts me at risk unless said staff is known to be a problem or has a history of retaliation. These tactics by staff are in line with the so-called "Nightrider" and "Green wall" methods that plague CTF and CDCR.

**EMERGENCY APPEAL**
**PURSUANT TO CCR, §3084.7. (a)**

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME K. Trask | NUMBER B-92755 | ASSIGNMENT Second Watch Porter D-Wing | UNIT/ROOM NUMBER D-Wing 333L |
|---|---|---|---|

A. Describe Problem: This Inmate Appeal is being submitted as a EMERGENCY GROUP APPEAL, pursuant to California Code of Regulations and Rehabilitations CCR. Title 15 3084.7. & 3084. 2. (f) Also pursuant to 3084. 1. Right to Appeal (d) WHICH STATES: No reprisal shall be taken against an inmate for filing an appeal. This group appeal is being submitted as a result of the Continuous Repetitive and Increasingly Unprofessional conduct including Harassment, Verbal Abuse and Aggressive actions perpetrated against the inmates housed in Central Facility D-Wing by C/O Abanico. Creating a Hostile Environment and Intense Atmosphere. Appellant's further contend that these actions are sometime viewed and seemingly condoned by Central Facility

If you need more space, attach one additional sheet.

B. Action Requested: 1. That (NO) reprisals/retaliatory actions of harassment by C/O Abanico or Co-Worker's, Supervising Staff, Employees or Agents. His immediate removal from present Job Post (Central Facility D-Wing Door Officer or Wing Officer). That he be reprimanded including but not limited to Code of Ethics Training regarding Procedural Conduct and a Written Letter of Instruction. That he be ordered to Cease and Desist all Illegal Acts against Inmates.

Inmate/Parolee Signature: _____ Date Submitted: June 22, 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

(SUPPLEMENTAL REPORT CONTINUES)

Corridor staff and Supervisors.  Which violates CCR Rules and Regulations and
California Penal Code § 147 Officer Inhumanely or Oppressive Treatment Prisoners;
Punishment.   Direct Participation, Failure to act and indirect participation
STATES: [Any person in a position of power who is made aware of wrong doings and
have the power to correct it and fail to do so will lose any immunity and be subjected
to Criminal and/or Civil Lawsuit].  The Courts ruled "If a Supervisor is present on
the scene of an unlawful act by his or her subordinates, or directs in some manner
the act in question, he or she is subject to liability.  Maclin v. Paulson. 627 F.
83 (7th Cir., 1980) Dellums v. Powell.  556 F. 2d. 216 (D.C. Cir. 1977).
Aquiescence in the known acts of subordinates is a sufficient basis for a finding
of Supervisorial liability.  Alvarez v. Wilson.  431 F. Supp. 136, 146 (N.D. Ill.
1977).  Downs v. Department of Public Welfare.  368 F. Supp. 454, 464 (E.D. P.A. 1973).
The conduct as addressed constitutes a clear and repetitive violation of CCR. Sections
§ 3004. Rights and Respect for Others,  3270 General Policy, 3271. Responsibility
of Employees.  3278.  Control of Inmates, 3391 Employee Conduct and 3413 Incompatible
Activity.  This conduct is submitted as OPPRESSION.

STATEMENT OF FACTS: On numerous occassions Central Facility D-Wing Inmates and
other similiarly situated inmates have been subjected to numerous forms of harassment.
(e.g.) Verbal Harassment,  Destruction of Personal Property and other items on their
person,  Unprofessional Conduct, and Aggressive Body Searchs.  All of which has
created a (an) Hostile Environment and Intense Atmosphere within D-Wing.  This
writer and (ALL) of the undersigned inmates believe that this conduct is being
condoned by Central Facility Supervisors and Staff.  After numerous complaints,
verbal and written  against C/O Abanico, he, day in and day out continues in the
above conduct. Because of this blatant and continuous disregard for CDCR Rules and
Regulations, this writer and (ALL) of the undersigned inmates have chosen to
exercise our legal right to appeal.

1   ISADORE A. PIPER, J 51562
    P. O. BOX 689   E 136 L
2   SOLEDAD,   Ca. 93960

3

4

5

6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
                       IN AND FOR THE COUNTY OF MONTEREY
9

10                    AFFIDAVIT OF   ISADORE A. PIPER

11      I, Isadore A. Piper, "Herein-After" an inmate of Correctional Training

12   Facility [Here-in-After].

13   Located at P. O. Box 689  C-136 L  -  Soledad, California 93960-0689.

14   Do hereby swear; Declare under the Penalty of Perjury that the following

15   statements are true, factual and accurate to the best of my knowledge, which

16   describes the events and allegations expressed in this document and any attach-

17   ed documents..

18   I have been searched by  C/O Abanico        three different times and each

19   time this officer fondles my body rather then give a pat-search.  The first

20   time he searched me he had me to place both hands on the wall and had me to

21   keep stepping back until my hands were about to come off of the wall, then he

22   told me to spread my feet apart as far as they could go, then he placed one

23   hand in the middle of my back PUSHING me towards the wall, then he placed one

24   of his legs between mine. He then reached around under my arm and felt my chest

25   then squeezed my chest, then rubbed his hand down to my waist. Then he switched

26   to the other side of my body, did the same thing. Then he went down to my ankle

27   feeling up my leg to my testicles which he grabbed my testicles and penis and

28   squeezed, when I moved he let go and backed off. The second search was basisly

1   the same thing. The third search, while he was feeling on my body I came off of

2   the wall and several officer's RAN to his side telling (yelling) get back on

3   the wall. I told them this man has NO RIGHT to feel on a man and go all in his

4   pockets etc.... I don't know WHAT he might put in my pocket, etc... I haven't

5   been searched by him since that incident....

6   Signed this 6th. day of June, 2007 at Correctional Training Facility in Soledad

7   California.    _____
                            ISADORE  A.  PIPER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NEW  SIGNATURES  COLLECTED  IN  JUNE  2007

| AME | CDC # | CELL |
|---|---|---|
| JOHNSON, | P-24564 | 242 low |
| Hannis | H-11447 | 309 up |
| Robinson | K-50719 | 124 U |
| Mack | T-52899 | 328 L |
| Little A. | D-14389 | DIW-317L |
| Brown T | K-56520 | DIW 338 up |
| Jenkins | D42936 | D-229 L |
| of Person | E-93587 | D-316 |
| Wilson | K-46880 | D-134 L |
| otchkiss | K6281 | D-310 u |
| Campbell | E-26383 | D-306 |
| inquist | P-45135 | D-119 U |
| Crosby | E-76073 | D-342 |
| Dori | F-08878 | D-201 |
| J. Smith | H-29417 | D215 |
| P. VanderMoore | # C-55989 | D 301A |
| anthony Watkins | H49417 | D 104 |
| Wilson Paul | K-21201 | D 343 |
| Anthony Bell | K17090 | D-108 |
| N. Jones | H82416 | D-233 |
| irrington B. | K38723 | D-309L |
| Hameo, M. | K-14847 | D-212 up |
| alloway R. | # D-76501 | D-W-223 |
| Hbert Satchell | C-20595 | D-120L |
| erbert Johnson | K24823 | D212L |
| nthony Tucker | H88797 | |
| Jerome Kimmy | D-05729 | |
| chisham | F13476 | 129 U |
| Ray | K57712 | 307 L |
| Smith C | H-75000 | 314A |
| urn, T. | 5-90989 | 231 217 u |
| ampson A | K-23816 | 206 L |
| hee Steffens | H89848 | 2/50 up |
| ickering CB | C-75826 | 311-U |

| NAME | CDC # | CELL |
|---|---|---|
| HORTEL | C-94850 | D-239L |
| Ozuna | H37226 | D-116 up |
| GEERLINGS | D-39248 | D-115-L |
| Hunnicutt | K-19864 | D-103 U |
| Dwayette | P-28826 | 236 |
| A Johnson | J-62434 | 116 |
| Jackson | H-67425 | 313 |
| SLAGER | H-22257 | 134-U |
| J Broadway | J-57533 | DW 326L |
| J. BROWN | D-108-L | P-29606 |
| D Crawford | D226 | D-5983 |
| A. Avila | D-102 | P-65160 |
| R. Ramos | D-137 | D-76520 |
| R. Smith | D-340L | P-77890 |
| A. Davis | B-133 U | P-30779 |
| Wilson M | D-132L | J-04158 |
| Moore | D-138 | C-24815 |
| J. Ochs | D-306 | J-62307 |
| Jones | D-617 low | H41954 |
| Dawson | D-203L | C-8839 |
| HAMMONDS | D-229 | T-52558 |
| Davis | D122L | J87572 |
| Anderson | D-342 u | D-18178 |
| O. Sanson, O Sansom | D337 u | H-65957 |
| M. Woodworth | D112L | H-27629 |
| Ramon Cortez | | 338 30 |
| James Wris | H75213 | D 105 |
| W. Gipson | B-79344 | D-219 U |
| Crujillo Gaddy | E-49408 | D-305 |
| M. J. Nelson | D-33369 | |
| Roberto Eller | P35580 | 121 Low |
| Treses | J71785 | D-235 U |
| WATSON | K-45142 | D-212 U |
| Cathcart W. | H05800 | D-231 |

| NAME | CDC # | CELL |
|---|---|---|
| Brown U. | 50889-3342 | |
| Ainsworth | H-76014 | 139L |
| Bevins | K-19382 | 201B |
| Anderson | E-14687 | 105U |
| N. Moreno | K-50835 | 240L |
| anthony Badie | P-12057 | |
| Armand Sanchez | T-52368 | |
| Aaron Calhoun | K-73962 | |
| M. Nguyen | T-33105 | |
| Barfield Boris | D-84089 | |
| Bagwell C. | E-47825 | 304 |
| Burham A. | K-43663 | 307 |
| Sandoval Jr. | K-02840 | D.W. 320 |
| Anderson W. | P-29881 | D-121 UP |
| Villar | D-08412 | DW 329 U |
| Badie | J-26628 | 319 |
| Quiny | H-80005 | 109L |
| Agostini | K-16809 | 205L |
| Valenzuela | J-73309 | D-228 U |
| Johnson, C | C-36895 | 123 U |
| Straylia | H-72373 | D106 |
| Willard | J-11450 | D327 |
| McKenZie J | T-59128 | DW 242 |
| Jin | K-42937 | D-W 201A up |
| Zabeth Jay | K-57954 | Dwing 201L |
| Terrance Haynes | J-61920 | |
| Jack Curtis | K-19328 | D-136 U |
| Wm. Frank Hartley | D-94110 | D-122 U |
| John Beres | K-64498 | D-313 L |
| Larry Hamilton | E-55251 | D-318 L |
| Smith Turner | J-13628 | D-136 L |
| J.D. Miller | K-32161 | D-220 L |
| Edward Warn | K-06192 | D-227 L |
| Bagsky, W. | K-08105 | D230 |
| Scott Bm | E-29857 | 226 up |
| Robert Bristol | H-00463 | 226 Low |
| S.B. Murray | T-31304 | 222U |
| INGRAM U. | AE-22526 | 129-LOW |
| Jack Barford | H-11017 | 234 Low |
| Arroyos | E-98984 | 301B low |
| Briggs, A. | D-20043 | 112 UP |
| Johnson, F. | D-W 203 | K-62454 |
| Blacksher J. | DW 218 | CL 373 |
| Harris D. | DW 118 | D-2073 |
| Moran | H-63384 | D-119 |
| Bennett T | 946665 | D-118 |
| J. Larsen | H-77962 | D 128 up |
| Lee Swafford | | D-25499 |
| Manuel Motta | T-74053 | D-232 |
| Abram Gutierrez | K-64004 | D215L |
| Robert Gioia | | D-899 |
| Cauvness Steffen | E-47178 | |
| Craig, Reginald | H-72301 | D2 |
| Kirk Ferra | P-31128 | D2 |
| T.C. Bell | E-69529 | D-237 |
| D. Gearin | K-17433 | 333 |
| M. Clemmons | H-20146 | DW 101 |
| Galaz, S. | H-71984 | 318 |
| Marrufo A | P-05537 | |
| A Ph | T-88105 | |
| Joel Hidalgo | K-66110 | DW 21 |
| Tim House | E-42129 | DW 211 / 333 |
| Mike Maguire | D-24253 | 219 |
| James L. Williams | E-45220 | D-Wing L |
| Robert Bryant | | D-227 up |
| Smith | D-49677 | D-227c |
| Hirniak Dw-101 | T-51570 | D-322 |
| Manuel Toronado | H-85274 | D321 |

TOTAL 214

| NAME | CDC # | CELL | NAME | CDC # | CELL |
|---|---|---|---|---|---|
| TORRES | C-38860 | 323 | | | |
| VALLEZ | C-71236 | D-325 Low | | | |
| MIRELES | P-37159 | D 325 up | | | |
| Alley, R. | H-48419 | D 329 | | | |
| Staly | K-48703 | D-329 | | | |
| HOKT | H-54796 | D-336 L | | | |
| Morrow | E-52327 | D-336 U | | | |
| Boardry | T-54382 | D-338 L | | | |
| Gong | D 91884 | D 301-A | | | |
| Mr. L. BROWN | P16333 | DW-315½ W | | | |
| Johnson R. | C-58775 | DW-312 L | | | |
| Hargrew | K-70157 | DW-123 | | | |
| PORTER | J-06829 | DW 209 L | | | |
| Laurence | C-79313 | DW 311 L | | | |
| Gonzaly | E-66196 | DW-343 L | | | |
| NELLOTA | HO1498 | DW132 L | | | |
| orbin E | C-32240 | D-126-L | | | |
| Padilla | E-81772 | D-324 UP | | | |
| ARWANA, A | H-58291 | D-221 up | | | |
| Boddie | K-58959 | D-124 L | | | |
| | G11422 | DW-231 | | | |
| John Scott | H51775 | D-238 U | | | |

*STAFF COMPLAINT;* ☐ *AR 3-339(a).*

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region CTF-C
1. CTF-CENTRAL
2. CTF-C-

JAN 03 2007        FEB 16 2007

Log No. 06-03713   Category 11

2ND LEVEL

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JAMES, Marvin | K-14847 | Unassigned | (CTF-C-D-212-Up) |

A. Describe Problem: On 11/2/06 appellant was returing from the law library; heading back to D-Wing. Appellant was stopped by C/O E. Abanico       , to conduct a random search. Appellant was asked to put his food on the floor, to which he responded to C/O that he would not. Appellant was then asked to put his food along with other items on the window seal of B-Wing Clerk's Office, to which I complied with. Then, the C/O asked appellant to remove his jacket so that he could perform a search, and appellant did so. Appellant was then asked to place his hands on the B-Wing wall so that he could conduct the search. Appellant complied with that. The C/O told appellant that his hands was not on the wall the right way. Appellant then asked

If you need more space, attach one additional sheet.          (CONTINUED ON ATTACHED PAGE)

B. Action Requested: That this C/O be retrained in the way that he deals with inmate's, and that this C/O be reprimanded for his unprofessional behavior; also that a copy of this complaint be placed in this C/O's personnell file.

Inmate/Parolee Signature: *Marv James*          Date Submitted: 11/8/06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

BYPASS

Staff Signature: _____          Date Returned to Inmate: _____

MAR - 6 2007 INMATE APPEALS BRANCH RECEIVED

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim          CDC Appeal Number:

RECEIVED   RECEIVED RECEIVED
NOV 13 2006   JAN 3 2007   JAN 19 2007   FEB 8 2007   06-03713
CTF APPEALS   CTF APPEALS   CTF APPEALS CTF APPEALS

submitting this complaint.
9-1-06
STATE OF CALIFORNIA

Staff Complaint                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region        Log No. 06 - 03019        Category 7-8
1.    CTF-C                            1. _____
2. _____            2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

STAFF COMPLAINT

| NAME  Mr. John-Charles | NUMBER  T-56703 | ASSIGNMENT  N/A | UNIT/ROOM NUMBER  EW-124 U |
|---|---|---|---|

A. Describe Problem: On 8-18-06 I was returning from evening chow, as Sgt. Padilla, C/O Mrs. Lynch, and C/O 'Abanico' was working the corridor in front of C-wing! C/O Mrs. Lynch had another prisoner on the wall searching that prisoner when C/O Abanico saw me and told me to get up against the wall. Now C/O Abanico and Sgt. Padilla was both standing guard, as C/O Mrs. Lynch was performing a pat down/ searching another prisoner after, C/O Abanico saw me and told me get up against the wall and to face the wall with my hands against the wall. I complied, and waited some two minutes while all present officers finish (see attachment)

If you need more space, attach one additional sheet.

B. Action Requested: I am requesting that C/O "Abanico' cease his harassment and sexually fondling of my scrotums, leaning on me in a sexual manner and whispering in my ear and as a result of filing this complaint I do not want to be placed in "Ad-SEG" pending this investigation and any other reprisals taken against me for filing this complaint against these three officers!!          Date Submitted: 8-18-06

Inmate/Parolee Signature: _Mr. John-Charles_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

_____

_____

_____

RECEIVED

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                    CDC Appeal Number:

06-03019

searching that prisoner. Now, C/O 'Abanico,' kept saying "sir" back your legs up prior to
even patten me down, so my rear end would stick out more  for his personal satisfaction!
Now, he then grab the back of my shirt and balled it in his fist, and stated for me to
back up some more, "I said man I'm already in the patten down postion!" He then proceeded
to pat me down, in which he committed a 'Sexual Assualt" upon me in violation of penal
code 243.4 where when he patted me down, this C/O kept touching my 'Penis' and attempted
to place his arm between my gluteus and I stated 'man, what the hell is you doing!' "I
am not one of these gay inmates. So he grabbed my shirt tighter, and went up and down each
of my legs, each time touching my penis and scrotum. he then pulled my sweats half way
down as I had shorts underneath which had my wallet in my pocket (and also had my prison
ID., which he or they never asked for), gave my wallet to C/O Mrs. Lynch who atated "this
guy is a pack rat, look at all the papers in his wllet," which was very unprofessinoal
and  as my sweats was half down, C/O 'Abanico,' proceeded to pat me down again, touching
me inapproiately, committing his sexual abuse upon me, in front of his supervisor, Sgt.
Padilla, who was smiling and amuse by this sexual battery, he was allowing his subordinate
officer to committ upon me. Now after a while of being placed on the wall, C-wing was called
for chow & proceeded from their unit, to go to chow(dinner), so C/O Abanico, who still
wanted to "Sexually Assualt' me had me get up against the wall on the other side of the
corridor so he (they) can allow c-wing to proceed with chow movement, where C/O "Abanico,"
again patted me sown, after already having my pockets empty and patted me down three times
already all in front of his supervisor, Sgt. Padilla,' & fellow co-worker, C/O mrs. Lynch.
where he then put his forearm across my shoulder blade, and I said "get your hands off
of me, I'm not your resting post, as he took my eating utensil out of the clear sandwich
bag and rubbed his filthy and unsanitary gloves up and down my eating utensil in a sexual
obscene motion, after throwing the plastic sandwich bag to the ground, handing me back
my eating utensils and kicked my water jug over (for no reason). The whole time C/O mrs.
Lynch is going through my wallet, and throwing papers out of my wallet, which some had #'s
on them and notes, in which they did not allow me to retrieve. And before C/O Abanico,
started this abuse of his authority, and committing this "sexual assualt" upon me, the
man tells me to'remove my wave cap' all why   waited for him to finish searching the other
prisoner he was assisting C/O Mrs. Lynch and standing guard! I am lodging this
staff complaint against all 3 officers{want them all brought up on charges
for 'Sexual Assualt,' Aiding and Abetting,' harassment,  'misconduct,' and
abuse of power/authority, all while provking black prisoners and wanting to
"Demoralize us straight (heterosexual) Black Men!!" This is also a reprisal
act, for filing complaint against other officers for misconduct,and harassment

In ending, C/O Abanico violated the operational proceedures of "O.P 100"
on sexual harassment and committed a violation of penal code §243.4 and I want
him 'brought up on charges'and I will like no more reprisals taken against me
in any form and I don't want to be placed in the hole or 'Ad-Seg' for filng
this complaint!!!!                                    Respectfully Submitted,

                                            Mr. John Charles, T-56703
                                                          9-13-06

2 0 2007

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

TREAT AS ORIGINAL

CTF-S    '07 - 00147    Category

STAFF COMPLAINT

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME DESMOND JONES Jones | NUMBER J64518 | ASSIGNMENT Culinary - Living Hall 2 | UNIT/ROOM NUMBER E 307 Upper |

**A. Describe Problem:** UNDER ADVISEMET FROM SUPERIOR COURT OF MONTEREY JUDGE MARLA O. ANDERSON DEC. 18, 2006 ORDER, I AM RE-FILING ON THE AUGUST 3, 2006 INCIDENT CONCERNING OFFICER E. ABANICO. (See, attached 602 Appeal ORIGINAL) The method of search used by Officer E. Abanico entrenches on my right to privacy of body by touches bringing him in direct conflict with Title 15 § 3401.5(E)(F); disregards my civil rights which can never be suspended, Cal Jur 3d § 1-4; Cal Jur 3d Criminal Law - civil - § 402. Sgt. S. Engstrom disregarded my request for assistance questioning my sexual orientation while claiming it is normal procedure (Title 15 § 3401.5(f)). The search procedure used by Officer E. Abanico resulted in him

If you need more space, attach one additional sheet.    **(Continued on additional sheet)**

**B. Action Requested:** Issue is to be resolved by civil rights remedy. Retraining and sensitivity awareness is noted. Cease and desist with a search procedure which violates the law. Violation of Title 15 3401.5(E)(F) was intentional with the color of law, and regardless of the retalitory measure used to violate my right to appeal, this 602 will not be dropped.

Inmate/Parolee Signature: _Desmond V. Jones_    Date Submitted: 1/29/ 06

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response:

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note  Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

RECEIVED

DEC 29 2006

CDC Appeal Number:
07-00147

CTF APPEALS

**A SECTION COTINUED:**  Page 1 of 1 of CITIZEN'S COMPLAINT on CORRECTIONAL
OFFICER E. ABANICO and search procedure used - 8/3/06

grabbing my penis during a routine pat search. Proceeding the filing of
the 602 appeal on August 4, 2006, I was advised by Lt. L. Chavez, I would
be placed in Administrative Segregation due to the seriousness of the
allegations, sexual harassment/sexual misconduct. I understood this to
be unjustified - retalitory - so I withdrew the 602 appeal. The investigation
commenced inspite of my withdrawal, and no regard was given to the WOLFF
PROCEDURAL PROTECTIONS which are initiated under the due process regarding
non-adverse placement into Administrative Segregation. I request an investigation
under California Code and Regulations Title 15 § 3401.5 into the legitimacy
and adherence to applicable procedures meant to protect both the officer and
the person being searched, so in no regard, do I harbor a desire to jeopardize
one under Title 15 § 3335(a).

The Office of Internal Affairs has been contacted for this purpose.

I will not drop this 602. The method used by Officer E. Abanico is
inappropriate and amounts to sexual harassment.

The willingness of the Administration to circumvent its own rules
and the law of California when a serious complaint arises is a rhetorical
question to the effect of exhausting Administrative remedies.

I am not a security concern and provided as evidentiary proof a
November 14, 2006 filed MOTION is attached. I have continued and will
continue to be a non-threat to all those involved.

~~DESCRIPTION OF SEARCH PROCEDURE USED BY OFFICER E. ABANICO~~
~~My hands were placed on the wall between B and C Wings, legs spread in normal
fashion. E. Abanico rubbed my upper body and searched my pockets. To
search my legs he rubbed down and then up my right leg. On the left leg he
rubbed down and on his way up rubbed the groin/inner thigh area instead of
stopping. E. Abanico continued reaching between my legs and with his hand
on my crotch, he pulled his hand down grabbing my genitals. The search was
not complete until his hand reached back between my legs. I am not a dictate
and respect procedures. Of any policies of any facility, but that was and is
inappropriate touching of my body. All documents are attached. Title 15 § 3084.2(a)(b).~~

*December 26, 2006.*

Signature _Desmond Jones_
                    Desmond Jones

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    MAY 2 4 2007

In re:    Jones, J-64508
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0611096        Local Log No.: CTF 07-00147

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Michael H. Jensen, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on August 3, 2006, he was subjected to a pat search that resulted in Correctional Officer Abanico grabbing his penis. The appellant believes the search was improper and an inappropriate touching of his body. The appellant contends Correctional Lieutenant Chavez attempted to retaliate against him by threatening to place him in the Administrative Segregation Unit due his allegation of staff misconduct. The appellant requests staff cease searching inmates in a manner that violates the law, and staff receive training in the proper methods of searching. The appellant stated the issue would be resolved "by civil rights remedy."

**II    SECOND LEVEL'S DECISION:** The reviewer found that an inquiry was conducted into the allegations made by the appellant. Stating that all staff personnel matters were confidential in nature, and the results of the inquiry would not be shared with staff, members of the public or other inmates, the appeal was considered granted in part.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.    FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed by Correctional Training Facility (CTF). In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an inquiry, the appellant is to be notified that an inquiry has been completed.

    The Director's Level of Review (DLR) has reviewed the appeal documentation and has determined CTF conducted an inquiry of the appellant's staff complaint as dictated by the regulations. The DLR shall not modify the Second Level of Review.

    **B.    BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8
California Code of Regulations, Title 15, Section: 3004, 3391
Administrative Bulletin 05/03: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT

    **C.    ORDER:** No changes or modifications are required by the institution.

JONES, J-64508
CASE NO. 0611096
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CTF
        Appeals Coordinator, CTF

''State of California

Attachment E    2/21/06

# Memorandum

Date    :    February 13, 2007

To    :    Inmate Jones, J-64508
          FW-307U
          CTF Central

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # CTF-S-07-00147**

**APPEAL ISSUE:** Inmate Jones alleges that Officer Abanico is sexually harassing him during clothed body searches. Jones claims Abanico is grabbing his penis and pulling downward. Jones claims this to be an illegal search and requests that searches by Officer Abanico cease and desist. Lieutenant Chavez is alleged to be retaliating against inmate Jones by threatening to place Jones in AD/SEG due to allegations of staff misconduct.

It should be noted that the original appeal that was withdrawn by inmate Jones was dated in August, 2006. Jones then sought relief from the Monterey County Superior Court. The court informed him he must first exhaust his administrative grievance process prior to court filings.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on January 18, 2007 by Associate Warden (A) J. C. Sisk and stated in essence that your appeal includes all the information. You felt Officer Abanico sexually harassed you during a clothed body search. You also felt Lt. Chavez impeded your ability to file an appeal by threatening to place you in AD/SEG because of allegation of staff misconduct.

Appropriate staff were interviewed as a result of your allegations of staff misconduct.

**FINDINGS FOR AN APPEAL INQUIRY:**

Your appeal is PARTIALLY GRANTED at the ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Page 2

Inmate Jones, J-64508
CTF-S-07-00147

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.  If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.  Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_____

Warden (second level)

2/16/07

Date