EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General
KENNETH T. ROOST, State Bar No. 231444
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5824
  Fax: (415) 703-5843
  Email: Ken.Roost@doj.ca.gov

Attorneys for Defendants
Sather, Crawford, Curry, and Abanico

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IVAN VERNARD CLEVELAND,<br><br>                           Plaintiff,<br><br>v.<br><br>BEN CURRY, Warden, et al.,<br><br>                          Defendants. | C 07-2809 JF (PR)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A STAY, A CASE-MANAGEMENT CONFERENCE, AND OTHER RELIEF** |

    Defendants Sather, Crawford, Curry, and Abanico (Defendants) oppose Plaintiff's motion for a stay of proceedings, a case-management conference, and other relief.

### Statement of Issues

    Inmate Cleveland filed a complaint stating three cognizable claims. Defendants filed dispositive motions addressing the three claims. Cleveland has now identified four inmates with apparently similar claims against one of the Defendants. Cleveland suggests that these other inmates should join the suit and moves for a stay, a case-management conference, and other

Defs.' Opp'n Pl.'s Mot. Stay                                                                                                  *Cleveland v. Curry, et al.*<br>                                                                                                                                                                       C 07-2809 JF (PR)

1

relief. Cleveland thereafter filed his opposition to Defendants' dispositive motions.

1. With dispositive motions pending, is Cleveland entitled to stay his case, and to have a case-management conference to consider adding plaintiffs who allege additional Eighth Amendment claims against Defendant Abanico while severing the Plaintiff's claims that do not allege sexual misconduct?

## Statement of the Case

Cleveland, an inmate with the California Department of Corrections and Rehabilitation (CDCR) at the Correctional Training Facility state prison (CTF), filed a complaint on May 30, 2007 seeking money damages. (Compl.) On November 2, 2007, this Court found that Cleveland stated three cognizable claims: (1) an Eighth Amendment claim for deliberate indifference to his dental care against Defendant Sather; (2) a First Amendment claim for denial of access to the courts against Defendant Crawford; and (3) an Eighth Amendment claim for sexual harassment and misconduct by Defendant Abanico stemming from a clothed-body search in October 2006. (Order of Service 2; Compl. Form 3[1].) The Court also ordered service on Defendant Curry, because Cleveland blames Curry for allowing Abanico to continue working at CTF. (Compl. 7, 14.)

Defendants filed motions to dismiss and for summary judgment on April 1, 2008. (Docket No. 26.) On April 28, 2008, counsel for Plaintiff appeared and moved to stay this case and to have a case-management conference to discuss severing some of his claims and joining new plaintiffs with additional Eighth Amendment claims against Defendant Abanico. On April 30, 2008, Cleveland filed his opposition to Defendants' dispositive motions. (Docket Nos. 34–35.)

//

---

1. Confusion in citing to the complaint is possible because its four form pages are followed by self-numbered attachment pages beginning at page one. Defendants here will cite to "Compl. Form" when referencing the four form pages, and to "Compl." when referencing attached pages thereafter.

## Argument

**CLEVELAND'S CASE SHOULD NOT BE STAYED BECAUSE HIS CLAIMS ARE FACTUALLY DRIVEN AND DISTINCT FROM OTHER INMATES' ALLEGEDLY SIMILAR CLAIMS.**

### A. Judicial Efficiency Would Be Sapped by Staying Cleveland's Case.

Cleveland's claim against Defendant Abanico concerns a single clothed-body search by Abanico in October 2006. (Compl. 6–7.) Abanico has moved for summary judgment concerning this claim, with two supporting declarations. (Docket Nos. 26, 29–30.) No material facts are in dispute, and Abanico is entitled to prompt resolution of the claim against him. Subsequent to moving for a stay, Cleveland filed his opposition to Abanico's summary-judgment motion on April 30, 2008. (Docket Nos. 34–35.) Briefing for Abanico's summary-judgment motion should be complete by May 15, 2008, when Abanico's reply is due. (Docket No. 20.)

Staying the case at this juncture, to consider adding more plaintiffs and defendants and requests for relief, would slow rather than speed resolution here. If, as Plaintiff states, four other inmates have exhausted similar grievances against Abanico (Pl.'s Mot. Stay 2), these inmates can proceed together without involving Cleveland and severing this case into fragmented actions.

### B. Cleveland's Claim Against Abanico Is Factually Distinct.

Although Cleveland asserts that four other inmates have "essentially the same" claim against Abanico, Cleveland proceeds to distinguish his own case. (Pl.'s Mot. Stay 2.) Cleveland alleges that inmate Trask, "by way of example, recently spent more than six months in the hole, 'pending investigation', based on a totally false report by Abanico that Trask had threatened him." (*Id.*) Again, Cleveland's claim against Defendant Abanico concerns solely a single clothed-body search by Abanico in October 2006. (Compl. 6–7.) Cleveland has made no allegation of retaliation against him by Abanico. His complaint merely alleges that some inmates—not Cleveland himself—were put into isolation for not dropping their grievances against Abanico. (Compl. 7.)

The Court is apparently presented here with five inmates upset with a correctional officer; but the inmates' commonality is their upset, which is not a distinct claim. Cleveland observed that, to his knowledge, Abanico has been the subject of many complaints to the prison

administration. (Pl.'s Mot. Stay 3.) But a diversity of factually driven complaints by different inmates concerning distinct actions at separate times by a single officer does not justify staying this case to, instead, craft a multi-headed suit against this officer.

Further, Cleveland seems primed to explore beyond the alleged claims against Officer Abanico. Cleveland now contemplates injunctive relief against Abanico and others of "his ilk." (Pl.'s Mot. Stay 4.) The alternative to Cleveland's simple claim for money damages against Abanico here seems to be an unnecessarily complex, unwieldy, and prolonged suit with multiple claims by multiple plaintiffs against multiple defendants for multiple remedies. The Court should not indulge this vague and improperly raised alternative.

### C. Cleveland Should Properly Seek Alternative Relief Before This Court.

Rather than filing an "ex parte, 'administrative' motion for a stay" (Pl.'s Mot. Stay 1) without a proposed order (*see* Civil L.R. 7–10 & 7–11 (generally setting forth rules for ex parte and administrative motions)), Cleveland should amend his complaint and move for severance of his claims under Federal Rule of Civil Procedure 21 to try to accomplish his intended aims (*see* William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* §§ 16:161–164.4 (2008)). Neither the Court nor parties need be inconvenienced with an improvised case-management conference and stay.

//
//

## Conclusion

Cleveland improperly filed an "ex parte, 'administrative' motion" to stay this case and set up a case-management conference. Although Defendants have already filed a dispositive motion here that Cleveland has recently opposed, Cleveland wants to discuss severing some of his claims and joining new plaintiffs with additional Eighth Amendment claims against Defendant Abanico. But these new plaintiffs have different claims against Abanico, and Cleveland contemplates adding additional defendants and requests for relief as well as plaintiffs. In short, Cleveland describes an entirely new and vague suit, and the Court should not stay this matter to investigate the issue further.

Dated: May 1, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

THOMAS S. PATTERSON
Supervising Deputy Attorney General

*/s/ Kenneth T. Roost*

KENNETH T. ROOST
Deputy Attorney General
Attorneys for Defendants
Sather, Crawford, Curry, and Abanico

40247201.wpd
SF2007403404

Defs.' Opp'n Pl.'s Mot. Stay

*Cleveland v. Curry, et al.*
C 07-2809 JF (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Cleveland v. Curry, et al.**

Case No.:    **C 07-2809 JF (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On May 1, 2008, I served the attached

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A STAY, A CASE-MANAGEMENT CONFERENCE, AND OTHER RELIEF**

**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR A STAY, A CASE-MANAGEMENT CONFERENCE, AND OTHER RELIEF**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Ivan Cleveland
H-60545
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 1, 2008**, at San Francisco, California.

| M. Xiang | _signature_ |
|---|---|
| Declarant | Signature |