Dennis Cunningham  #112910
115-A Bartlett Street
San Francisco, CA 94110
415-285-8091 / FAX 285-8092

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

IVAN VERNORD CLEVELAND,

    Plaintiff,

vs.

BEN CURRY, Warden, et al.,

    Defendants.

No. Cv 07-2809-JF

PLAINTIFF'S <u>REPLY</u> TO DEFENDANTS' OPPOSITION TO HIS ADMINISTRATIVE MOTION FOR A STAY AND A CASE MANAGEMENT CONFERENCE, Etc.

Submitted to the Court

    Defendants protest the request by the undersigned for a stay of proceedings and a status conference, whereby it is sought to revise the case in such a way as to effectively get at the problem of serial sexual molestation of prisoners by a guard, Abanico, at CTF-Soledad, the blind-eyed indifference to and indulgence of this cruel and unusual practice by the prison chain of command, and unlawful intimidation and retaliation against prisoners who have complained.

    Defendants seek to evade the essence of the complaint as plaintiff and the other prisoners have outlined it to the undersigned, and he, in turn, to the Court. Leaving aside the two separate (severable) claims by Ivan Cleveland that do not involve CO Abanico or other prisoners, defendants would reduce the complaint to an allegation that plaintiff was inappropriately searched by defendant Abanico on one particular day in 2006. In fact, what plaintiff and the others have reported to the undersigned — and to the Court, in the form of the 'mass grievance' previously adduced, and now also the numerous individual "602" forms and related materials (including a much larger number of subscribers to the 'mass grievance') plaintiff has submitted in

support of his *pro se* Opposition to the summary judgment motion — and what has moved the undersigned to intervene as proposed in the Administrative Motion, goes way beyond that event.

In brief, these prisoners jointly seek — and need, and are constitutionally entitled to — constitutional protection from and redress of a regular practice of random molestation of prisoners by the officer, which affected and threatened the general run of individuals he came in contact with in his hallway "security" post, and which was ignored and indulged by members of the chain of command; who were repeatedly notified of the assaults and did nothing to stop them over a long period of time. In addition, plaintiff and others complain that they have been retaliated against, threatened and intimidated by defendant Abanico and other prison staff, particularly senior officers such as Lieut. Vasquez, as reported in plaintiff's "Motion Against Retaliation On Plaintiff And Plaintiff's Witnesses", recently filed with the Court (copy attached). Defendants, in protesting that each alleged assault involves different particular facts, obviously, ignore this gravamen: that the known and unknown, named defendant prison supervisors and administrators who received and reviewed the many complaints enabled and facilitated the continuation of the officer's perversions, and the retaliations, by uniformly, automatically, rejecting the complaints, including the plaintiff's, and/or by refusing information in response to the grievances on the grounds that these were confidential "personnel matters".

Defendants now move for summary judgment, on grounds that plaintiff has 'failed to state a claim', and that they are entitled to qualified immunity in any case, because the officer is authorized to perform random 'clothed body searches' of prisoners. The motion is supported by the bare denial of CO Abanico that he conducted searches pruriently or improperly, and a wholly conclusory declaration by lawyers that the search was proper. This obviously contradicts the factual assertions by plaintiff — and his copious corroboration in the form of other prisoners' like complaints — and begs the questions presented as to Abanico's conduct, creating factual disputes rather than resolving them, precluding summary judgment. *A fortiori,* the motion ignores altogether the allegation (and documentary proof) that the assault on plaintiff Cleveland was part of a pattern of perverted actions by the officer against any number of prisoners, that was ignored or dismissed by the prison chain of command — and the law that makes the supervisors jointly

liable for the resulting constitutional violations. Defendants include in their exhibits a copy of a response by the Chief Deputy Warden to plaintiff Cleveland's complaint to the internal affairs office about Abanico (dfts' Exhibit B), which shows on its face that the claim of sexual molestation was not addressed.

For his part, the plaintiff has attempted to meet the summary judgment demand by Abanico himself as best he could; and, particularly in light of the fair implications of his exhibits showing the kindred grievances of so many others, has shown strongly disputed issues of fact as to the wrongfulness of the particular search he has cited, and its part in a clear pattern of similar perversions of the officer's authority. Plaintiff's showing with respect to the liability of the warden and others is less cogent, obviously; and, given a lay person's undoubted handicap in dealing with the mysteries of supervisory liability and qualified immunity, and summary judgment itself, possibly insufficient in making out this most important aspect of the plaintiff's case. This points up the basis for, and urgency of, the proposal of the undersigned to intervene in the case, reform the complaint, and fairly meet the dispositive motions; and the reasons the Court should permit — indeed welcome, in these urgent and difficult circumstances, and, with all respect, do what it can to facilitate and support — the intervention.

For, the fact of the matter is that, while the ongoing presence of such an afflicted and dangerous individual on the prison staff is gruesome enough from the prisoners' standpoint, the indulgence of his predations against the population by the chain of command — for months on end, as shown by the records, with literally dozens of victims — reflects a much greater and more dangerous perversion; in truth a heedless mass abrogation of fundamental constitutional and human rights, nothing less, by an entire prison chain of command. This is the circumstance that has prompted your relator to file the emergency motion. It is telling that defendants invoke judicial economy in their response, while suggesting that the proper remedy for the problem being shown is a literal myriad of separate lawsuits, all claiming the same permitted wrongdoing by the same delinquent guy.

Withal, it is not possible to measure the level of <u>present</u> urgency of the risk of further harm to the plaintiff(s) and others without more information. The most recent word is that CO

1  Abanico was removed from his assignment in the big hallway, where he could accost prisoners at
2  random all day; but is now assigned to the prison infirmary — where there might not be as many
3  potential victims, but those there are may well be much more vulnerable, both to the molesting
4  and to retaliation for any complaint. More complete and up-to-date information is needed, but
5  this does not derogate from the importance of the concerns the undersigned has learned of and
6  now raises with the Court against the background of the mass grievance, or the need for plaintiff
7  and the other prisoners to avail themselves of the assistance of counsel in order to perfect (and
8  protect) their common claim, and gain the needed relief for all concerned.

9      WHEREFORE, the undersigned renews his plea to the Court to ignore the purported
10 procedural problems urged by the defendants in opposing the motion by the Undersigned, so as to
11 quickly and straightforwardly come to grips with the very real problem raised by and on behalf of
12 these prisoners on their mass grievance against this officer and these supervisors; to stay the
13 summary judgment proceedings herein and convene a status conference as soon as its schedule
14 permits, to facilitate action on the grievance, and to grant such other and further relief as is
15 necessary and appropriate in the premises.

16 DATED: May 6, 2008.

Respectfully submitted

Dennis Cunningham
Attorney for plaintiff(s)

```
Ivan Vernord Cleveland
P. O. Box 689
S9ledad, California.
Zip.    93960-0689
```



United States District Court

Northern District of California

| | |
|---|---|
| In re Ivan Vernord Cleveland, ) <br> (Petitioner) ) <br> ) <br> v. ) <br> ) <br> Ben Curry, (Warden) (A) et al. ) <br> (Defendants) ) <br> _____ ) | Case No. C 07-2809 JF (PR) <br><br> MOTION AGAINST RETALIATION ON PLAINTIFF AND PLAINTIFF'S "WITNESSES." |

On 1-30-08, approximately 7:50 A.M. petitioner was informed by his building Officer that He was to report to one Lt. Vasquez. When arriving to "Lt. Vasquez"s" office she was holding two letters that petitioner had mailed out on (1-29-08). One of the letters were addressed to (A.C.L.U.) of Southern California. Letter two was addressed to an Organization by the name of "TIPS". Petitioner's letters were opened and read by C.D.C.R. Staff, which is prison policy. Lt. Vasqez, threatened petitioner that if he mailed the two letters in their original wording that not only would he himself be put in the Hole which is ISOLATION, but also all of his WITNESSES.

Petitioner would like to respectfully advise the Honorable Judge: Fogel, that he has at least twenty witnesses; in the case against defendant: Abanico. Petitioner was then taken to a Metal Cage; where he was stripped of his clothes and searched and forced to stay In this cage for more than one hour. The cage is so small that it is impossible to sit down. After being forced to endure this humiliation for at least a hour and a half, he was told to go to his cell. Until further notice or after Lt. Vasqez, spoke

1.

[ATTACHMENT-p.1]

1  with one Captain: Geurra. Petitioner was placed on cell-lock-down. After
2  two more hours Lt. Vasqez, informed petitioner that unless he changed the
3  wording of his letters before mailing them out; not only him, but his
4  witnesses as well would go to the hole. The petitioner's constitutional
5  rights are clearly being violated. In way of "SCARED TACTICS," harrassment.
6  UNECESSARY BODY AND CELL SEARCHES. The petitioner's "Fourth Amendment" right
7  was also violated. Prisoner is to be free from Unreasonable Searches, or
8  Seizure of Property. Which also includes the protection of the (Eighth
9  Amendment), against Cruel and Unusual Punishment.
10  "Petitioner's Due Process was clearly violated" (Official's are not
11 suppose to restrict anyones right to "Courts or Lawyers", or punish or take
12 away your property or ones liberty; even "within Prison"; without fair
13 procedures. The (A.C.L.U.) are indeed an organization which provides legal
14 "assistance" and "Attorney's".
15  "Retaliation occurs when prison officials punishes prisoners because
16 prisoners has exercised his or her "Constitutional Right" Haff v. Cooke,
17 (923 F.Supp. 1104).
18  "Also, a prison cannot punish you for complaining, or to keep you from
19 filing a "Lawsuit." Allab v. Seiverling, 229 F.3d 220 (3d Cir. 2000).
20  The petitioner in this case would ask that the Court / Judge to grant a
21 Motion. An order of Injunction against C.D.C.R. for retaliation, Harrassment,
22 from all staff. For IMPEDING "OUT GOING MAIL" and "INCOMING MAIL." Petitioner
23 will be also providing proof of allegation of sexual-misconduct on the
24 Defendant: Officer: Abanico"; by way of witnesses of misconduct or victims;
25 again would respectfully ask the Honorable Judge: Fogel, to grant this
26 Motion against anytype of harassment; which includes wrongful transfer's
27 due to the exerciseing their constitutional rights by testifying in behalf
28 of petitioner.

2.

A-2

The petitioner has not mailed the letters out; due to the fact that he does not want for him, or his witnesses to be harassed by way of "ISOLATION" or wrongful-transfer. The petitioner is only asking that his rights according to the constitution be respected and that he be treated fairly. This is the reason why these Motion's should be granted against anytype of retaliation by C.D.C.R.

DATE:

Respectfully submitted,

Ivan Vernord Cleveland

3.

A-3