EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General
KENNETH T. ROOST, State Bar No. 231444
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5824
 Fax: (415) 703-5843
 Email: Ken.Roost@doj.ca.gov

Attorneys for Defendants
Sather, Crawford, Curry, and Abanico

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **IVAN VERNARD CLEVELAND,**<br><br>Plaintiff,<br><br>v.<br><br>**BEN CURRY, Warden, et al.,**<br><br>Defendants. | C 07-2809 JF (PR)<br><br>**DEFENDANTS' REPLY REGARDING THEIR MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT** |

#### Introduction

Cleveland's claims against Defendants Sather and Crawford must be dismissed because Cleveland abandoned his administrative grievances concerning these claims before they were appealed to the highest level of review, while further remedies remained available.

Further, Defendants Abanico and Curry are entitled to summary judgment because the undisputed facts show that Abanico properly performed his clothed-body search of Cleveland.

//

//

Defs.' Reply re Mots. Dismiss & Summ. J.                    *Cleveland v. Curry, et al.*
                                                                              C 07-2809 JF (PR)

1

1

<u>Argument</u>

2

**I.**

3

**CLAIMS AGAINST DEFENDANTS SATHER AND CRAWFORD MUST BE DISMISSED BECAUSE CLEVELAND DID NOT EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES BEFORE FILING SUIT.**

4

5

**A.   A Partially Granted Administrative Grievance Does Not Satisfy the Exhaustion Requirement Because Further Remedies Remained Available.**

6

7

Cleveland does not dispute that he failed to pursue to the Director's Level—the highest

8

level of review available—his administrative grievances concerning the claims against

9

Defendants Sather and Crawford, although exhaustion of such grievances is required under the

10

Prison Litigation Reform Act before filing suit on the claims in Court. *See* 42 U.S.C. § 1997e(a);

11

*Porter v. Nussle*, 534 U.S. 516, 524 (2002). Instead, Cleveland argues that because his

12

grievances were partially granted at the first level of review, his obligation to fully exhaust them

13

was met. (*See* Pl.'s Opp'n Mots. Dismiss & Summ. J. 3, Ex. D.)

14

So long as the possibility remains that an inmate may receive some remedy for his

15

administrative grievance, he must appeal the grievance to the highest level of review. *See Booth*

16

*v. Churner*, 532 U.S. 731, 736 n.4 (2001). Here, remedies remained for each administrative

17

grievance Cleveland filed concerning Defendants Sather and Crawford, and then abandoned

18

before reaching the Director's Level.

19

**1.   Remedies Remained Available to Cleveland Before He Abandoned His Administrative Grievance Concerning Defendant Crawford.**

20

21

Cleveland's administrative grievance identified by institutional log number CTF-06-03619

22

concerns his law-library-access claim against Defendant Crawford. (Decl. Roost Supp. Defs.'

23

Reply re Mot. Dismiss Ex. B.) At the first formal level of review, Cleveland's grievance was

24

partially granted, in that the prison's Vice Principal—after speaking with Cleveland—directed

25

Crawford to ensure that inmates with approaching deadlines receive prioritized law-library

26

access, although such access must still be constrained by limited operating hours and space. (*Id.*)

27

But in the grievance, Cleveland had requested that Crawford "stop playing favoritism," and it is

28

unclear how this discussion would stop Crawford from alleged favoritism.

Defs.' Reply re Mots. Dismiss & Summ. J.

*Cleveland v. Curry, et al.*
C 07-2809 JF (PR)

1    Indeed, Cleveland then appealed his grievance to the second level of review, stating that the

2  problem needs to be fixed, and that Crawford should not ever be allowed to play favorites.  (*Id.*)

3  But Cleveland later voluntarily withdrew the grievance, because of the cooperation of law-library

4  staff.  (*Id.*; *see* Decl. Santiago Supp. Defs.' Reply re Mot. Dismiss.)

5    Although Cleveland reasoned that the damage caused by Crawford was already done (Pl.'s

6  Opp'n Mots. Dismiss & Summ. J. 3–4), such harm was capable of repetition if Crawford played

7  favorites, as Cleveland alleged in his grievance.  Further remedies beyond a staff discussion with

8  Crawford were available and could have been sought on appeal.  For instance, Crawford could

9  have been moved to another position or law library, away from Cleveland.  Cleveland's

10  grievance could also have been converted into a staff complaint resulting in a formal

11  investigation of Crawford, as happened with Cleveland's exhausted grievance against Defendant

12  Abanico.  (*See* Compl. Ex. B 61.)  Cleveland's appeal of the partially granted grievance

13  concerning Crawford to the second level of review supports that even Cleveland believed further

14  remedies remained available, and that he did not exhaust his grievance.

15    **2.    Remedies Remained Available to Cleveland Before He Abandoned His**
   **Administrative Grievance Concerning Defendant Sather.**

16

17    Where an administrative grievance's response informs the inmate that further review is

18  available if he is dissatisfied, this evidence strongly supports the conclusion that the grievance is

19  not exhausted. *See Brown v. Valoff*, 422 F.3d 926, 941 (9th Cir. 2005).  Both of Cleveland's

20  substantive claims concerning dental care, identified by institutional log numbers CTF-06-01608

21  and CTF-06-03404, explicitly advised Cleveland that he could appeal the decisions to the next

22  level of review. (*See* Defs.' Mots. Dismiss & Summ. J. 8.)  Instead, Cleveland abandoned these

23  appeals before exhausting them.  Therefore, he failed to exhaust any grievance concerning

24  Defendant Sather.

25  //

26  //

27

28

Defs.' Reply re Mots. Dismiss & Summ. J.                    *Cleveland v. Curry, et al.*
                                                         C 07-2809 JF (PR)

3

## II.
## SUMMARY JUDGMENT FOR THE CLAIMS AGAINST DEFENDANTS ABANICO AND CURRY SHOULD BE GRANTED BECAUSE NO VIOLATION OF THE EIGHTH AMENDMENT OCCURRED.

**A.    Cleveland Presents No Evidence to Support His Allegations Against Abanico.**

In his opposition to Defendants' summary-judgment motion, Cleveland does not dispute Defendants' evidence supporting summary judgment; instead, Cleveland merely asserts that Abanico acted in an unprofessional manner, proving his wrongful intentions. (Pl.'s Opp'n Mots. Dismiss & Summ. J. 1.) This conclusory statement, devoid of evidentiary support, does not create a factual dispute. Defendants Abanico and Curry have already demonstrated the proper manner of Abancio's clothed-body searches. (*See* Decls. Abanico & Alanis Supp. Defs.' Mot. Summ. J.)

**1.    Declarations by Other Inmates Concerning Their Individual Claims do not Impact or Support Cleveland's Individual Claim Against Abanico.**

The evidence Cleveland provides in his opposition to support his claims against Correctional Officer Abanico and Warden Curry—for Abanico's allegedly inappropriate clothed-body search of Cleveland in October 2006—is a string of declarations apparently filed in a matter already decided in state court. (*See* Pl.'s Opp'n Mots. Dismiss & Summ. J. Ex. A.) All but one of these declarations are by other inmates, concerning their own allegations against Abancio—not Cleveland's. (*Id.*) Such evidence does not address or support any constitutional violation that allegedly took place between Cleveland and Abanico.

**2.    Cleveland's Declaration Concerns a Claim that Is Neither at Issue Nor Exhausted.**

Although the string of declarations provided by Cleveland in Exhibit A of his opposition to summary judgment begins with his own declaration, it does not address Cleveland's complaint, which solely concerns a clothed-body search by Abanico in October 2006. (Compl. 6.) Instead, Cleveland's declaration concerns a different clothed-body search by Abanico on August 27, 2007. (*See* Pl.'s Opp'n Mots. Dismiss & Summ. J. Ex. A.)

Further, this alleged August 27, 2007 clothed-body search occurred *after* Cleveland's

Defs.' Reply re Mots. Dismiss & Summ. J.                    *Cleveland v. Curry, et al.*
                                                           C 07-2809 JF (PR)

1   administrative grievance against Abanico was exhausted on March 7, 2007. (*See id.* Ex. B (the

2   Director's Level response is dated March 7, 2007).) Cleveland never exhausted an

3   administrative grievance concerning any August 27, 2007 search. (*See* Defs.' Mots. Dismiss &

4   Summ. J. 6.) Therefore, to the extent Cleveland raises an additional claim against Abanico in

5   Cleveland's opposition to summary judgment, the claim must be dismissed for a failure to

6   exhaust.

7

8                               **Conclusion**

9       Because Cleveland did not exhaust his administrative grievances concerning claims against

10  Defendants Sather and Crawford, these claims must be dismissed.

11      In addition, summary judgment is proper concerning the claims against Defendants Abanico

12  and Curry because no facts are in dispute, and Abanico did not violate Cleveland's constitutional

13  rights by performing a clothed-body search conforming to training given to all California

14  correctional officers.

15

16      Dated: May 15, 2008

17                          Respectfully submitted,

18                          EDMUND G. BROWN JR.
                            Attorney General of the State of California

19                          DAVID S. CHANEY
20                          Chief Assistant Attorney General

                            FRANCES T. GRUNDER
21                          Senior Assistant Attorney General

22                          THOMAS S. PATTERSON
                            Supervising Deputy Attorney General

23

24

25

26                          KENNETH T. ROOST
                            Deputy Attorney General
27                          Attorneys for Defendants
                            Sather, Crawford, Curry, and Abanico

28

Defs.' Reply re Mots. Dismiss & Summ. J.                          *Cleveland v. Curry, et al.*
                                                                 C 07-2809 JF (PR)