

1  Ivan Vernord Cleveland
   P.O. Box 689
2  Soledad, CA. 93960-0689
   CDC ID#: H-60545
3  Pro se.

UNITED STATES DISTRICT COURT

FOR THE NORTHEN DISTRICT OF CALIFORNIA

In re Ivan Vernord CLEVELAND,    No. C 07 2807 JF (PR)

Plaintiff,

vs.

Ben CURRY, Warden et., al.,    THERE IS NO MATERIAL DISPUTE OF
                               FACTS: MOTION FOR FINANCIAL RELIEF.
                               AND SANCTIONS:
Defendant.

On April 28, 2008 Plaintiff filed a Opposition to defendants dispositive. There was a Court order that stated that defendants must file a Summary Judgement to be completed on or before May 15, 2008. In the case against c/o Abanico Plaintiff has obtain a attorney by the name of Dennis Cunningham. The Plaintiff would like to respectfully remind the Court of the true facts on defendants K. Sather (Chief Dental Officer), and T. Crawford Senior Librarian. Defendants have failed to reply to the Court order. We are now in the month of June, Plaintiff has given defendants more then enough time to answer and reply to the Court order. The Plaintiff in this case has shown evidence to support his allegations to be true through the medium of records, documents, exhibits, concrete objects etc. The The prison Officials at Correctional Training Facility "Have Not" supported their policies with facts. Also attorney for defendants made a false statement by implying in

-1-

1  their opposition that Plaintiff never complained or filed against re-
2  taliation. Plaintiff filed in this court against retaliation, and also
3  sent attorneys for defendants a copy. (See Exhibit A).
4      Official must support their policie with facts, not conjecture
5  of conclusory assertions. [Walker v. Summer], 917 F.2d 382 (9th Cir.
6  1990). Defendant K. Sather clearly violated Plaintiffs "eighth Amend-
7  ment" right by acting with delibrate indifference to his dential care
8  and treatment. Defendant T. Crawford violated Plaintiffs fourteenth
9  amendment right to the access to the court by denying Plaintiff law
10 library access. Resulting in his missing a legal court deadline in
11 the United States Supreme Court. Defendants have failed to reply to a
12 Court order and in doing so they have clearly failed to defend against
13 the claims that have been brought against them by Plaintiff.
14     "Under the Rules of Civil Procedures" when a party against whom
15 a judgement for affirmative relief is sought has failed to plead (ie.
16 answer) or otherwise defend the party in question is in default, and
17 judgement by default may and should be entered by the clerk of court.
18 [Fed.R.Civil p. 55]. Plaintiff ask the court for this motion for con-
19 ference for Financial Relief be set 30 days from the date concering
20 these defendants. There were no material dispute of facts by the de-
21 fendants. Motion should be granted for this reason and also by de-
22 fault due to none reply by defendants on or before the date of May
23 15, 2008.

24 RESPECTFULLY SUBMITTED.
25 Dated: June 9 , 2008.

_/s/ Ivan V. Cleveland_
Ivan V. Cleveland
26 CDC ID#: H-60545

27 ///
28 ///

-2-

# EXHIBIT A

```
Ivan Vernord Cleveland
P. O. Box 689
S9ledad, California.
Zip.    93960-0689
```

United States District Court

Northern District of California

| | |
|---|---|
| In re Ivan Vernord Cleveland,<br>(Petitioner)<br><br>v.<br><br>Ben Curry, (Warden) (A) et al.<br>(Defendants) | Case No. C 07-2809 JF (PR)<br><br>MOTION AGAINST RETALIATION ON PLAINTIFF AND PLAINTIFF'S "WITNESSES." |

On 1-30-08, approximately 7:50 A.M. petitioner was informed by his building Officer that He was to report to one Lt. Vasquez. When arriving to "Lt. Vasquez"s" office she was holding two letters that petitioner had mailed out on (1-29-08). One of the letters were addressed to (A.C.L.U.) of Southern California. Letter two was addressed to an Organization by the name of "TIPS". See Exhibit "A". Petitioner's letters were opened and read by C.D.C.R. Staff, which is prison policy. Lt. Vasqez, threatened petitioner that if he mailed the two letters in their original wording that not only would he himself be put in the Hole which is ISOLATION, but also all of his WITNESSES.

Petitioner would like to respectfully advise the Honorable Judge: Fogel, that he has at least twenty witnesses; in the case against defendant; Abanico. Petitioner was then taken to a Metal Cage; where he was stripped of his clothes and searched and forced to stay in this cage for more than one hour. The cage is so small that it is impossible to sit down. After being forced to endure this humiliation for at least a hour and a half, he was told to go to his cell. Until further notice or after Lt. Vasqez, spoke

1.

1  with one Captain: Geurra. Petitioner was placed on cell-lock-down. After
2  two more hours Lt. Vasqez, informed petitioner that unless he changed the
3  wording of his letters before mailing them out; not only him, but his
4  witnesses as well would go to the hole. The petitioner's constitutional
5  rights are clearly being violated. In way of "SCARED TACTICS," harrassment.
6  UNECESSARY BODY AND CELL SEARCHES. The petitioner's "Fourth Amendment" right
7  was also violated. Prisoner is to be free from Unreasonable Searches, or
8  Seizure of Property. Which also includes the protection of the (Eighth
9  Amendment), against Cruel and Unusual Punishment.
10     "Petitioner's Due Process was clearly vioLated" (Official's are not
11  suppose to restrict anyones right to "Courts or Lawyers", or punish or take
12  away your property or ones liberty; even "within Prison"; without fair
13  procedures. The (A.C.L.U.) are indeed an organization which provides legal
14  "assistance" and "Attorney's".
15     "Retaliation occurs when prison officials punishes prisoners because
16  prisoners has exercised his or her "Constitutional Right" Haff v. Cooke,
17  (923 F.Supp. 1104).
18     "Also, a prison cannot punish you for complaining, or to keep you from
19  filing a "Lawsuit." Allab v. Seiverling, 229 F.3d 220 (3d Cir. 2000).
20     The petitioner in this case would ask that the Court / Judge to grant a
21  Motion. An order of Injunction against C.D.C.R. for retaliation, Harrassment,
22  from all staff. For IMPEDING "OUT GOING MAIL" and "INCOMING MAIL." Petitioner
23  will be also providing proof of allegation of sexual-misconduct on the
24  Defendant: Officer: Abanico"; by way of witnesses of misconduct or victims;
25  again would respectfully ask the Honorable Judge: Fogel, to grant this
26  Motion against any type of harassment; which includes wrongful transfer's
27  due to the exerciseing their constitutional rights by testifying in behalf
28  of petitioner.

1  The petitioner has not mailed the letters out; due to the fact that he
2  does not want for him, or his witnesses to be harassed by way of "ISOLATION"
3  or wrongful-transfer. The petitioner is only asking that his rights
4  according to the constitution be respected and that he be treated fairly.
5  This is the reason why these Motion's should be granted against anytype of
6  retaliation by C.D.C.R.

9  DATE:                              Respectfully submitted,

                                      _____
                                      Ivan Vernord Cleveland

3.

Mr. Ivan Cleveland-H-60595
c-Wing-256-L
P.O. Box 689
Soledad, CA 93960-0689

ORIGINAL

To: The Office of the Clerk, U.S. District
Northern District of California
280 South First Street, Room 2112
San Jose, California 95113-3076