Dennis Cunningham  #112910
115-A Bartlett Street
San Francisco, CA 94110
415-285-8091 / FAX 285-8092

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IVAN VERNARD CLEVELAND, | No. Cv 07-2809-JF |
| Plaintiff, | **FIRST AMENDED COMPLAINT (PROPOSED)** |
| vs. | |
| BEN CURRY, Warden, et al., | |
| Defendants. | |

## I. INTRODUCTION

1. This Amended Complaint is based on the plaintiff's allegation, previously essayed in a complaint *in pro per* that included two separate claims not addressed herein, that he was sexually molested at Soledad Prison by the defendant Corrections Officer, J. Abanico, under cover of an "authorized clothed body search". He alleges that a number of other prisoners have been similarly molested by CO Abanico over a period of months; and that higher authorities at the prison — from the warden down through the chain of command of other unknown, named defendant administrators and supervisors at the prison — failed and refused for many months to take any action in response to the numerous complaints, either to discipline or counsel CO Abanico or to remove him from work positions where he was free to continue his libertine prurient practices.

2. Plaintiff alleges that this wilful indifference of the higher-up supervisors caused and enabled defendant Abanico to molest plaintiff, in violation of his rights under the Eighth (and

1

Fourteenth) Amendment(s), making the Warden and/or unknown, named members of the chain of command who had actual knowledge at relevant times, jointly liable with defendant Abanico.

3. Finally, plaintiff alleges that defendant Abanico and other defendants have mis-used their authority to unlawfully retaliate against plaintiff and other prisoners for exercising the right to raise their complaint against CO Abanico with prison authorities, in further violation of their rights as prisoners.

4. Plaintiff and the four Intervenors seeking to join this action as co-plaintiffs with the same claim and ripe grievance, in addition to money damages for the violations alleged herein, urgently seek injunctive relief from this honorable Court, in the form of a prohibition of any further assignment at the prison of defendant Abanico which brings him into or permits him to have physical contact with prisoners, and Judgment pursuant to 28 U.S.C. 2201, declaring that they have the right to such protection from a sexual predator on the prison staff.

## II. JURISDICTION & VENUE

5. The Complaint is brought under the federal Civil Rights Acts, 42 USC 1983 *et seq,* 1988 and the execrable 1997e, and the Judicial Code, Secs. 1331 and 1343. Venue is proper in this District since the parties reside and/or work here and the events occurred here.

## III. PARTIES

6. Plaintiffs: IVAN CLEVELAND, DEMETRIUS HUFF, DESMOND JONES, ROBERT MORRIS ANAD KENNETH TRASK are or were prisoners convicted in the courts of California courts and imprisoned at the state Correctional Training Facility - Soledad, at Soledad, California for various terms.

7. Plaintiffs point out they are, in the circumstances, *de facto* representatives of a Class, well qualified under R.23, F.R.Civ P., of prisoners at CTF-Soledad who have been and if left unprotected are vulnerable, and may still be made prey by this officer, on whose behalf they claim the right to protection from the Court; and of a sub-class of those who have been assaulted by him and have borne witness to it.

1       8. <u>Defendants</u>:

2       J ABANICO is a prison guard, or 'corrections officer' employed by the California Department of Corrections working at CTF-Soledad between MAY 2007 and the present

4       CURRY is the Warden of Soledad, the commanding officer of the institution, ultimately responsible for observance of the law and protection of the rights of prisoners in the operation of the institution.

7       CO J. A _ _ a, an officer who in a purported routine search totally ransacked and trashed plaintiff Ivan Cleveland's cell at Soledad, destroying property including legal papers in this and other cases on June 24, 2008, in retaliation against plaintiff for his trouble-making with this grievance and this lawsuit;

11      JOHN DOEs Nos. 1 to X are other members of the prison staff, at various positions and levels of authority, who knew or had reason to know that defendant Abanico was sexually molesting prisoners during supposed 'authorized clothed body searches' at the prison, and that numerous prisoners were complaining and protesting about his violations, and they did nothing to remove him from positions where he could force prisoners to submit to him, or otherwise protect the prison population including plaintiffs from his perversions.

17      9. Plaintiffs believe the written record will show who was in the chain of command that would have learned of CO Abanico's malefactions from prisoner complaints, who had the obligation and instead ignored the complaints or helped sweep them under the rug, for many months, during which prisoners contitnued to be violated, and to complain, to no avail.  In addition, plaintiff avers there were other officers and staff members, JOHN DOEs Nos. 2-XX, who were present when various assaults by CO Abanico occurred, and in a position to intervene to prevent or end his attacks, who instead ignored these acts or looked the other way, and did nothing.

25      ///

## IV. STATEMENT OF FACTS

Plaintiffs, and each of them, allege:

10. That, on one or more occasions beginning in May, 2007, as they/each passed through the main hallway between living quarters and the prison dining hall and other work locations, defendant Abanico, assigned to a hall post, singled them/each out from the traffic of prisoners, and took them to the side, by the wall, for a "clothed body search."

11. That they and each of them are familiar with the rules that allow such searches, at random, for security purposes, which and all of them accept as part of the reality of prison life, including the guards' authority to manually "cup the genital area" in a given case, and touch the inner thighs, to make sure no weapon or contraband is present. All of them have experienced many such searches during their time in prison, without incident.

12. That, further, they are each well aware of the difference — both in the way the searchor acts, and the way the searchee is made to feel — between a clothed body search, replete with cupping, performed in a detached, professional manner, and one carried out by an officer seeking to gratify illicit sexual desire, and to humiliate and intimidate the man who is the subject of the search. They allege that each of them were not reasonably inspected, but, rather, intentionally and pointedly groped, fondled, molested by CO Abanico during purported searches, all as reported and protested by them in formal complaints within the prison as shown in official records and previously submitted to the Court.

13. That, notwithstanding their complaints — and those of numerous other prisoners, reflected in other complaint to prison authorities, individual declarataions previously submitted to the Court, and an "Emergency Group Appeal" regarding CO Abanico's perverted depredations against the prison population, prepared by plaintiff Kenneth Trask, signed by more than 150 other prisoners, and first submitted to authorities with other supporting materials in June, 2007, — responsible authorities at CTF-Soledad, from defendant Curry down, and including the unknown, named defendant officers complained against herein as John Does, rejected the grievance and did nothing for many months; and, on information and belief, have yet to take meaningful action to remove CO Abanico from contact with prisoners at Soledad.

14. That, in addition to their steadfast, bias-laden rejection of this extraordinary, sustained, mass protest by so many prisoners, the 'blind-eyed' indulgence and knowing toleration of defendant Abanico's repeated sexual assaults against prisoners at Soledad by Warden Curry and the John Doe officers in the chain of command is shown further by a report on their behalf to the Superior Court of Monterrey County, of June 12, 2007, that the allegations against CO Abanico had been investigated and found to be groundless (See Exhibit C to plaintiff Cleveland's Opposition to Summary Judgment, and by the bland, preposterous assertion of defendants, in support of their pending motion for summary judgment against plaintiff Ivan Cleveland, that — since "cupping" of the genitals during a clothed body search is permitted by official CDCR Regulations — no such violation as alleged by plaintiff could have taken place; and that defendants are immune from suit in any case.

15. That, finally, defendant Abanico and other officers have unlawfully retaliated against two or more plaintiffs and other prisoners for daring to raise their complaint against his attacks, in violation of plaintiffs' constitutional rights; and they allege that such compounded violations of their rights will continue if they are not forcefully restrained by sanctions and an Injunction issued by this honorable Court.

16. In particular, after he submitted the aforementioned "Emergency Group Appeal", plaintiff Kenneth Trask was falsely accused by defendant Abanico of threatening to kill him, whereupon plaintiff was summarily consigned to the "Hole" at Soledad, where he remained in solitary confinement, without any action on the charge against him, or his own complaint, for some eight months, and more; and then he was transferred to another CDC institution, without his personal property including his legal papers and files pertaining to this and other litigation. Then, on June 24, 2008, Plaintiff Cleveland's cell at Soledad was ransacked, and his property and legal materials trashed, ruined and to some real extent stolen; under cover of a search of the cell, apparently by a particular officer, J. A _ _ a (name uncertain; to be supplied), who, accordingly, is named as an additional officer in this Amended Complaint.

///

## V. PLAINTIFFS' CAUSES OF ACTION

**One.  Damages for Violation of Constitutional Rights; Eighth Amendment.**

17.  The actions of defendant Abanico in sexually molesting the various plaintiffs and others as described above, and those of Warden Curry and the various John Doe defendants, who, with knowledge, failed and refused to intervene to prevent thtese attacks, violated the plaintiffs' rights under the Eighth Amendment to the U.S. Constitution, entitling them, and each of them, to judgment against Abanico and other defendants shown to have helped cause violations by him, under the Civil Rights Acts, 42 USC 1983 *et seq* for compensatory damages.

**Two.  Same, re: Retaliation; First, Eighth and Fourteenth Amendments.**

18.  The actions of defendant Abanico and others acting on his behalf in retaliating against plaintiffs Cleveland, Trask and others, violated the plaintiffs' rights under the First, Eighth and Fourteenth Amendment to the U.S. Constitution, entitling them, and each of them, to judgment against Abanico and other defendants shown to have helped accomplish or facilitate the retaliations, under the Civil Rights Acts, 42 USC 1983 *et seq* for compensatory damages.

**Three.  Injunction Against Violation of Civil Rights, and Retaliation.**

19.  In the circumstances shown, plaintiffs are faced with the likelihood of further substantial constitutional harm, for which they have no adequate remedy at law, in the form of sexual assaults by defendant Abanico, and retaliation against them by Abanico and others for complaining of the assaults.  They are entitled to Declaratory Judgment, stating plainly their constitutional right to protection against such maltreatment, and to preliminary and permanent injunctive Orders restraining defendant Abanico from his attacks against them and other prisoners, and from retaliating against them for complaining; and, in particular, they are entitled to an Order on the defendant Warden and other officials at CTF Soledad directing and requiring them to make sure CO Abanico is not assigned to any post or job where prisoners are vulnerable to further sexual assaults by him, and that no retaliation against plaintiffs by CO Abanico and/or other staff members is permitted.

///

### VI. PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants Abanico, Curry and the various John Does, for compensatory and punitive damages in such amounts as the Jury may see fit to award; Declaratory Judgment stating their constitutional right to freedom from and protection against sexual molestation by prison a staff member; and a preliminary and permanent Injunction preventing recurrence of the assaults against them. They demand Trial By Jury of their claims at Law, Attorneys Fees, and such other and further relief as is shown to be just and appropriate in the premises of this case.

DATED: July 14, 2008.

Respectfully submitted

/s/
Dennis Cunningham
Attorney for plaintiffs