1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Acting Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  KENNETH T. ROOST, State Bar No. 231444
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5824
     Fax: (415) 703-5843
8    Email: Ken.Roost@doj.ca.gov

9  Attorneys for Defendants
   Sather, Crawford, Curry, and Abanico

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IVAN VERNARD CLEVELAND,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BEN CURRY, Warden, et al.,<br><br>　　　　　　　　　　Defendants. | C 07-2809 JF (PR)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR AN ORDER TO SHOW CAUSE** |

### Introduction

Defendants oppose Plaintiff Cleveland's "administrative" motion for an order to show cause, which he filed on July 15, 2008, following the Court's order scheduling the parties' opportunity to supplement opposing and reply briefs concerning Defendants' motions to dismiss and for summary judgment.

### MEMORANDUM OF POINTS AND AUTHORITIES

### Statement of Issues

Cleveland's counsel moved the Court for an order to show cause concerning an alleged

Defs.' Opp'n Admin. Mot. OSC　　　　　　　　　　　　　　　　　　　　　　　Cleveland v. Curry, et al.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　C 07-2809 JF (PR)

1

search of Cleveland's prison cell, relying entirely on Cleveland's unsworn assertions that the search upset his cell and was in retaliation for Cleveland's present litigation. Cleveland also concurrently filed an amended complaint, which added a claim based on retaliation.

1. Should the cell search should be addressed, where Cleveland's amended complaint raises the issue as a new cause of action, but has yet to be screened and the claim inevitably faces dismissal for Plaintiff's failure to exhaust administrative remedies before filing suit on it.

2. Can an unnoticed "administrative" motion properly serve to request the Court for an order to show cause why Defendants should not be sanctioned.

## Statement of the Case

Inmate Cleveland filed a complaint on May 30, 2007, seeking money damages (Compl.), from which this Court found three cognizable claims: (1) an Eighth Amendment claim for deliberate indifference to his dental care against Defendant Sather; (2) a First Amendment claim for denial of access to the courts against Defendant Crawford; and (3) an Eighth Amendment claim for sexual harassment and misconduct by Defendant Abanico stemming from a clothed-body search in October 2006 (Order of Service 2).

Defendants filed motions to dismiss and for summary judgment on April 1, 2008. (Docket No. 26.) On April 28, 2008, counsel for Plaintiff appeared and moved to stay this case, and to have a case-management conference to discuss adding plaintiffs to the claim against Abanico, while severing the remaining two claims into a different suit. Since then, Cleveland (*see* Docket Nos. 34, 35, 42, 44, 45, 48) and his counsel (*see* Docket Nos. 38, 50, 51, 52, 54) have alternately filed various motions, letters, and notices with the Court—with coherence between counsel and Plaintiff so lacking that Cleveland independently and mistakenly moved for sanctions against Defendants on June 10, 2008, because of their alleged failure to file a reply regarding their motions to dismiss and for summary judgment (Docket No. 42), when this reply was electronically filed and served on Cleveland's counsel on May 15, 2008 (Docket No. 41).

On July 15, 2008, Cleveland's counsel filed an amended complaint (Docket No. 51) and a response to the Court's scheduling order concerning briefing, which also included administrative

Defs.' Opp'n Admin. Mot. OSC    *Cleveland v. Curry, et al.*
C 07-2809 JF (PR)

2

1  motions for leave to intervene, amend, stay dispositive briefing, and for an order to show cause
2  regarding a search of Cleveland's cell (Docket No. 50).
3  Defendants requested a screening order of the amended complaint. (Docket No. 53.) They
4  now briefly respond to any outstanding issue concerning Cleveland's administrative motion for
5  an order to show cause.

## Argument

### I.
### CLEVELAND'S NEW CLAIM CONCERNING A CELL SEARCH SHOULD BE ADDRESSED BY COURT SCREENING RATHER THAN ANY MOTION FOR SANCTIONS.

**A.  Cleveland's Concerns Will be Addressed by the Court's Screening of his Amended Complaint.**

Cleveland has filed an amended complaint, which supersedes the original and is now controlling in this matter. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint"). Cleveland has put retaliation at issue in his amended complaint. (Am. Compl. 2 ¶ 3.) The Court must screen inmate Cleveland's amended complaint to identify any cognizable claims and defendants. 28 U.S.C. § 1915A. Addressing these issues in advance is a premature and unnecessary burden on both the Court and Defendants because no defendants or claims may survive the screening. Indeed, the retaliation claim is sure to be dismissed because it arose after suit was filed, and thus could not have been exhausted before filing suit. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Further, to the extent that the retaliation issue stems from the original complaint, Defendants have already asserted qualified immunity as a defense in their fully briefed summary-judgment motion. (Defs.' Mot. Summ. J. 12.) Until the issue is resolved, qualified immunity should shield Defendants from the litigation burdens brought on by the initial complaint. *See Crawford-El v. Britton*, 523 U.S. 574, 590, 598 (1998).

//

**B. Cleveland's Administrative Motion for an Order to Show Cause Is Improper and Should Not Be Addressed.**

Cleveland's unnoticed "administrative" motion for an order to show cause (Pl.'s Admin. Mot. OSC 5) is improper (*see* L.R. 7–8 and 7–11). If Cleveland truly seek sanctions, he should do so by motion under Federal Rule of Civil Procedure 11. But his counsel should move carefully after repeatedly diminishing California's Attorney General (Pl.'s Admin. Mot. OSC 4 ¶¶ d & e) and seeking sanctions based only on the unsworn allegations of his client, a convicted criminal and state inmate (*see id.* 2), as he could of course in turn be sanctioned for frivolous and unfounded allegations. See Fed R. Civ. P. 11(b)(3); *Gaiardo v. Ethyl Corp.* (3rd Cir. 1987) 835 F.2d 479, 485; *Hendrix v. Naphtal* (9th Cir. 1992), 971 F.2d 398, 400 ("blind reliance" on client's claims does not constitute reasonable inquiry).

Dated: July 28, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Acting Senior Assistant Attorney General

THOMAS S. PATTERSON
Supervising Deputy Attorney General

*/s/*

KENNETH T. ROOST
Deputy Attorney General
Attorneys for Defendants Sather, Crawford, Curry, and Abanico

20127726.wpd
SF2007403404