\*\*E-Filed 9/26/08\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IVAN VERNARD CLEVELAND,<br><br>    Plaintiff,<br><br>        v.<br><br>BEN CURRY, Warden, et al.,<br><br>    Defendants. | Case Number C 07-2809 JF (PR)<br><br>ORDER[1] RE PLAINTIFF'S MOTION AGAINST RETALIATION<br><br>[re: docket no. 21] |

### I. BACKGROUND

On February 21, 2008 Plaintiff Ivan Vernard Cleveland, a state prisoner proceeding pro se,[2] filed a "motion against retaliation" with respect to himself and potential witnesses on his behalf. The Court will construe the motion as an application for a temporary restraining order. For the reasons discussed below, the application will be denied.

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation

---

[1] This disposition is not designated for publication in the official reports.

[2] Plaintiff has since retained outside counsel.

(CDCR) at the Correctional Training Facility in Soledad, California (CTF).  On May 30, 2007, Plaintiff filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, asserting the following claims: (1) Chief Medical Officer Sather violated his Eighth Amendment rights by acting with deliberate indifference to his dental care and treatment; (2) Correctional Officer Abanico violated his Eighth Amendment rights by sexual harassment and misconduct; (3) Warden Curry violated his Eighth Amendment rights by continuing to allow Abanico to work at CTF; (4) Head Librarian Crawford violated his right of access to the courts by denying him law library privileges, resulting in his missing a deadline in the California Supreme Court; and (5) Captain Guerra discriminated against him by not allowing him to live in East Dorm and work in the prison industries.  In an order issued November 1, 2007, the Court dismissed the claim against Defendant Guerra.

## II.  LEGAL STANDARD

The Prisoner Litigation Reform Act of 1995 ("PLRA") restricts the power of the court to grant prospective relief in any action involving prison conditions.  *See* 18 U.S.C. § 3626(a); *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998).  Section 3626(a)(2) applies specifically to preliminary injunctive relief.  *See* 18 U.S.C. § 3626(a)(2).  In civil actions with respect to prison conditions it permits the court to enter a temporary restraining order "to the extent otherwise authorized by law" but also requires that such an order "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *Id.*  The court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.*  The preliminary injunction expires 90 days after entry unless the court has entered a final order with the findings necessary under § 3626(a)(1) for "prospective relief." *Id.*

## III.  DISCUSSION

In order to enforce a temporary restraining order against an entity, a district court first must have personal jurisdiction over that entity.  *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996).  A temporary restraining order is binding only upon parties to the action,

their officers, agents, servants, employees and attorneys and those "in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). In the instant motion, Plaintiff does not allege actual or threatened retaliation by any of the named Defendants. Rather, he asserts that another prison official, "Lt. Vasquez," opened his mail and threatened him with "isolation" if he did not reword the content of two letters. Vasquez is not a party to this action and is not named in the complaint. Moreover, both the content of the letters and Vasquez' retaliatory motive are unclear; thus, the Court cannot determine whether Vasquez' retaliation occurred "in active concert or participation" with one ore more of the named Defendants.[3] The Court lacks personal jurisdiction over Vasquez and cannot enter an order against her in the context of this action.

## IV. CONCLUSION

Good cause therefor appearing, IT IS HEREBY ORDERED that the instant motion is DENIED.

DATED: 9-25-08

_____
JEREMY FOGEL
United States District Judge

---

[3] Plaintiff alleges that he was held unlawfully until Vasquez could speak with Guerra. The causal link between this conversation and the alleged retaliation is not explained. More importantly, the Court has dismissed Guerra from this action, and the mere mention of his name does not implicate any of the remaining defendants.

3

Case No. C 07-2809 JF (PR)
ORDER RE PLAINTIFF'S MOTION AGAINST RETALIATION
(JFEX1)

1  This Order has been served upon the following persons:

2  Dennis Cunningham    denniscunningham@juno.com, 4muddypaz@comcast.net, gordonk@hotmail.com, josh@fireflyjournal.com

3

4  Kenneth T. Roost    ken.roost@doj.ca.gov, docketingSFCLS@doj.ca.gov, michael.xiang@doj.ca.gov

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 07-2809 JF (PR)
ORDER RE PLAINTIFF'S MOTION AGAINST RETALIATION
(JFEX1)