**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IVAN VERNARD CLEVELAND,<br><br>    Plaintiff,<br><br>v.<br><br>BEN CURRY, Warden, et al<br><br>    Defendants. | Case Number C 07-2809 JF<br><br>ORDER[1] DENYING DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR FINANCIAL RELIEF AND SANCTIONS; DENYING PLAINTIFF'S MOTION FOR FINANCIAL RELIEF; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION<br><br>[Re: Docket No. 26, 42, 48, 53] |

## I. BACKGROUND

Plaintiff Ivan Vernard Cleveland ("Cleveland") is an inmate at the Correctional Training Facility ("CTF") state prison. On May 30, 2007, proceeding pro se, he filed a civil rights complaint (the "First Complaint") pursuant to 42 U.S.C. § 1983 against Defendants Curry,

---

[1]This disposition is not designated for publication in the official reports.

Sather, Abanico, Guerra and Crawford. On its initial screening of the First Complaint on November 2, 2007, the Court concluded that Cleveland's allegations, liberally construed, stated three cognizable claims: 1) Defendant Sather violated Cleveland's Eighth Amendment rights by acting with deliberate indifference to his dental care and treatment; 2) Defendant Abanico violated Cleveland's Eighth Amendment rights by sexually harassing him; and 3) Defendant Crawford violated Cleveland's right to access the court by denying Cleveland law library access resulting in his missing a deadline in the California Supreme Court. The Court ordered service on Defendant Curry. The Court also held that Cleveland's claim against Defendant Guerra, alleging discrimination based upon Guerra's refusal to allow Cleveland to live in East Dorm, work in the prison industries, and rehabilitate, is not cognizable under § 1983. On April 1, 2008, Defendants filed a motion to dismiss and for summary judgment.

On February 21, 2008, Cleveland filed a "motion against retaliation" with respect to himself and potential witnesses on his behalf. The Court construed the motion as an application for a temporary restraining order and subsequently denied the application on September 26, 2008. On April 28, 2008, Dennis Cunningham ("Cunningham") entered his appearance as attorney of record for Cleveland. On June 10, 2008, Cleveland filed a motion for financial relief and sanctions. On July 10, 2008, Cleveland filed a motion for financial relief. The two motions were filed by Cleveland himself, not by Cunningham. On July 15, 2008, Cunningham filed an amended complaint. The amended complaint lists Ivan Cleveland, Demetrius Huff, Desmond Jones, Robert Morris, and Kenneth Trask ("Plaintiffs") as plaintiffs, and J. Abanico, Curry, CO J.A.[2] and John Does numbers 1 to X[3] as defendants. On July 16, 2008, Defendants filed a motion

---

[2] An officer who allegedly ransacked and trashed Cleveland's cell at Soledad. His name is uncertain and to be supplied later. Amend. Compl. at 5:23-26.

[3] The amended complaint describes John Does numbers 1 to X as "other members of the staff, at various positions and levels of authority, who knew or had reason to know that defendant Abanico was sexually molesting prisoners during the supposed 'authorized clothed body searches' at the prison . . . and they did nothing to remove him from positions where he could force prisoners to submit to him, or otherwise protec the prison population including plaintiffs from his perversions." Amend. Compl. at 3:11-16 (quotations original).

2

requesting that the Court screen the amended complaint pursuant to 28 U.S.C. § 1915A.

Now before this Court are: 1) Defendants' motion to dismiss and for summary judgment; 2) Cleveland's motion for financial relief and sanctions filed on June 10, 2008; 3) Cleveland's motion for financial relief filed on July 10, 2008; and 4) Defendant's motion to screen the complaint pursuant to 28 U.S.C. § 1915A.

## II. DISCUSSION

**A. Defendants' Motion To Dismiss And For Summary Judgment**

The motion to dismiss and for summary judgment was filed against the First Complaint. On July 15, 2008, Cunningham filed an amended complaint. The amended complaint adds Demetrius Huff, Desmond Jones, Robert Morris and Kenneth Trask as additional plaintiffs and CO J.A as an additional defendant. *See* Amend. Compl. ¶¶ 6 - 9. It no longer asserts a civil rights claim based on denial of dental treatment or the right to access the court, but adds a new claim for retaliation. *See Id.* ¶¶ 17 - 18. Because the amended complaint is sufficiently different from the First Complaint, the motion to dismiss and for summary judgment will be denied as moot.

**B. Cleveland's Motion For Financial Relief And Sanctions**

On January 31, 2008, the Court issued a scheduling order requiring Defendants to file a dispositive motion by March 31, 2008, Cleveland to file his opposition by April 30, 2008, and Defendants to file their reply by May 15, 2008. *See* Order Granting Def.'s Mot. For Extension. On June 10, 2008, Cleveland filed a "motion for financial relief and sanctions" asking the Court to enter a default judgment against Defendants. Citing Fed. R. Civ. P. Rule 55, Cleveland argues that "[t]here were no material dispute of facts by the defendants. [Therefore, the] [m]otion should be granted for this reason and also by default due to none [sic] reply by defendants on or before the date of May 15, 2008." *See* Mot. For Fin. Relief and Sanctions, at 2:14-23. The record indicates that Defendants filed a waiver of reply under 42 U.S.C. § 1997e(g), which allowed them to "waive the right to reply to the action under section 1983 . . . . [and] the waiver does not constitute an admission of the allegations contained in the complaint." 42 U.S.C. § 1997e(g).

3

1 | The record also indicates that Defendants filed their reply on May 15, 2008. Therefore, Defendants did "plead" in response to the First Complaint and did file their reply on time. This motion will be denied.

**C. Cleveland's Motion For Financial Relief**

On July 10, 2008, Cleveland filed a "motion for financial relief". Cleveland alleges that Defendants retaliated against him by destroying his personal items and legal documents. *See* Mot. For Fin. Relief at 1. However, Cleveland did not provide any legal basis for the Court to grant him "financial relief." In addition, the retaliation claim has been added to the amended complaint and will be adjudicated accordingly. Thus, the motion for financial relief will be denied.

**D. Defendant's motion for screening pursuant to 28 U.S.C. § 1915A.**

Federal courts must engage in a preliminary screening of cases in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: 1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Having reviewed the amended complaint, the Court finds that Plaintiffs' allegations state the following cognizable claims for relief: 1) Defendant Abanico violated Plaintiffs' Eighth Amendment rights by Abanico's sexual harassment and misconduct; 2) Defendant Curry and the various John Doe defendants violated Plaintiffs' Eighth Amendment rights by failing and refusing to intervene to prevent the sexual harassment and misconduct by Abanico; 3) Defendant Abanico and others acting on his behalf violated Plaintiffs' First, Eighth and Fourteenth Amendment rights by retaliating against them.

4

Case No. C 07-2809 JF
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR FINANCIAL RELIEF AND SANCTIONS; DENYING MOTION FOR FINANCIAL RELIEF; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
(JFEX1)

# V. ORDER

For reasons discussed above, the Court orders as follows:

1. Defendants' motion to dismiss and for summary judgment is DENIED AS MOOT.

2. Cleveland's motion for financial relief and sanction is DENIED.

3. Cleveland's motion for financial relief is DENIED.

4. Not later than ninety (90) days from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint as set forth above.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiffs failed to exhaust their available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315, F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied *Alameida v. Terhune*, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the motion is due.

   c. Plaintiffs' opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than thirty (30) days from the date Defendants' motion is filed.

5. Defendants shall file a reply brief not later than fifteen (15) days after Plaintiffs' opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

**IT IS SO ORDERED.**

DATED: 3/26/2009

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Dennis Cunningham     denniscunningham@juno.com, gordonk@hotmail.com, josh@fireflyjournal.com

Kenneth T. Roost     ken.roost@doj.ca.gov, docketingSFCLS@doj.ca.gov, michael.xiang@doj.ca.gov

Case No. C 07-2809 JF
ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR FINANCIAL RELIEF AND SANCTIONS; DENYING MOTION FOR FINANCIAL RELIEF; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
(JFEX1)