1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-Filed 7/20/2009**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

IVAN VERNARD CLEVELAND, et al,

Plaintiffs.

v.

BEN CURRY, Warden, et al.

Defendants.

Case Number C 07-2809 JF

ORDER[1] GRANTING LEAVE TO
AMEND AND DENYING MOTION
TO DISMISS

[Re:  Docket No. 61]

Defendants move to dismiss portions of Plaintiffs' amended complaint under the non-enumerated portions of Federal Rule of Civil Procedure 12(b), asserting that three named Plaintiffs failed to exhaust their administrative remedies prior to the date the instant action was filed.  For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

Plaintiffs Ivan Vernard Cleveland, Demetrius Huff, Desmond Jones, Robert Morris, and Kenneth Trask  ("Plaintiffs") are inmates at the California Correctional Training Facility at Soledad.  On May 30, 2007, proceeding pro se, Cleveland filed a civil rights complaint (the "original complaint") pursuant to 42 U.S.C. § 1983 against Defendants Curry, Sather, Abanico,

---

[1]This disposition is not designated for publication in the official reports.

1

Case No. C 07-2809 JF
ORDER GRANTING LEAVE TO AMEND AND DENYING MOTION TO DISMISS
(JFEX1)

Guerra and Crawford.  On its initial screening of the original complaint on November 2, 2007, the Court concluded that Cleveland's allegations, liberally construed, stated three cognizable claims: 1) that Sather violated Cleveland's Eighth Amendment rights by acting with deliberate indifference to his dental care and treatment; 2) that Defendant Abanico violated Cleveland's Eighth Amendment rights by sexually harassing him; and 3) that Crawford violated Cleveland's right to access the courts by denying Cleveland law library access, causing Cleveland to miss a filing deadline in the California Supreme Court.  The Court also held that Cleveland's claim against Guerra, alleging discrimination based upon Guerra's refusal to allow Cleveland to live in the East Dormitory, work in the prison industries, and rehabilitate, was not cognizable under §1983.

On July 15, 2008, after Defendants filed a motion to dismiss and a motion for summary judgment, Cleveland filed the operative amended complaint adding the other named Plaintiffs, each of whom alleges that beginning in May 2007, he was "groped, fondled and molested" by Abanico.  On March 26, 2009, the Court screened the amended complaint and concluded that Plaintiffs stated three cognizable claims for relief: 1) that Abanico violated Plaintiffs' Eighth Amendment rights by sexual harassment and misconduct; 2) that Curry and the various John Doe defendants violated Plaintiffs' Eighth Amendment rights by failing and refusing to intervene to prevent the alleged sexual harassment and misconduct by Abanico; and 3) that Abanico and others acting on his behalf violated Plaintiffs' First, Eighth and Fourteenth Amendment rights by retaliating against them.

Plaintiffs seek to amend their pleadings further to clarify that Abanico's alleged unlawful behavior began in May 2006 and that the May 2007 onset date alleged in the first amended complaint was erroneous.  In support of this request, Cleveland refers to a letter dated March 7, 2007 stating, "This decision exhausts the administrative remedy available to the appellant within the CDCR."  Plaintiffs claim that Jones received a similar letter on May 27, 2007, that Trask received such a letter on January 11, 2008, that Morris received such a letter on February 7, 2008, and that Huff received such a letter in "early 2008."

1

## II. LEGAL STANDARD

2     Pursuant to the Prison Litigation Reform Act ("PLRA"), "no action shall be brought with

3 respect to prison conditions under section 1983 of this title, or any other Federal law, by a

4 prisoner confined in any jail, prison, or other correctional facility until such administrative

5 remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory.

6 *Woodford v. Ngo*, 548 U.S. 81, 85. (2006). "If the district court concludes that the prisoner has

7 not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without

8 prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

9

## III. DISCUSSION

10     As an initial matter, the Court will grant Plaintiffs' request to amend the date of

11 Abanico's first alleged misconduct to May 2006. Plaintiff Cleveland's exhaustion confirmation

12 letter of March 2007 demonstrates that the May 2007 date must have been incorrect. As this

13 amendment does not affect the substance of the claims, no additional screening is necessary.

14     Defendants correctly point out that each Plaintiff was required to exhaust his

15 administrative remedies prior to filing suit. California provides inmates in its custody with a 4-

16 step administrative process to challenge any matters that the inmates "can demonstrate as having

17 an adverse effect upon their welfare." Cal. Code Reg. Tit. 15, § 3084.1(a); § 3084.5. It is

18 undisputed that Cleveland and Jones exhausted the administrative process before Cleveland filed

19 his original complaint on May 31, 2007.

20     While Trask, Morris and Huff concede that they had not exhausted their administrative

21 remedies at the time Cleveland filed the original complaint, they contend that the relevant filing

22 date with respect to their claims actually is July 15, 2008, when they first appeared in the instant

23 action as additional named Plaintiffs in the amended complaint. Defendants' motion to dismiss

24 is based upon the holding in *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006) that an

25 action under the PLRA may not be maintained if the plaintiff has not exhausted his

26 administrative remedies as of the date he submits his original complaint. *Vaden*, however, does

27 not address the issue presented here. The principal reasons for the exhaustion doctrine are to

28 protect administrative agency authority and to promote efficiency. *Woodford v. Ngo,* 548 U.S. at

3

89.  As of July 15, 2008, when they first were named in this action, Trask, Morris and Huff already had exhausted their administrative remedies, showing their respect for administrative agency authority.  While they could have filed a separate action and then sought to consolidate that action with Cleveland's existing suit, requiring them to do so would not promote efficiency.

Defendants note that under the PLRA, a plaintiff may not avoid dismissal by exhausting his remedies subsequent to filing[2].  Indeed, this rule is an important part of the statutory scheme, as it discourages premature suits that might be resolved administratively.  Here, however, each named Plaintiff exhausted his administrative remedies prior to becoming a party to the litigation. In this respect, the present situation is more akin to that in which a plaintiff seeks to add additional, newly-exhausted claims to an otherwise viable suit.  *See Pliler v. Ford*, 542 U.S. 225, 230-231 (2004) (the third step of the stay-and-abeyance procedure is "amendment of the original petition to add the newly exhausted claims.")

### IV. ORDER

Good cause therefor appearing, Plaintiffs' request to amend their pleadings is granted, and Defendant's motion to dismiss is denied.

IT IS SO ORDERED.

DATED: 7/20/2009

JEREMY FOGEL
United States District Judge

---

[2] *McKinney v Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)

4

1   This Order has been served upon the following persons:

2   Dennis Cunningham     denniscunningham@juno.com, gordonk@hotmail.com,
    josh@fireflyjournal.com

3

4   Kenneth T. Roost     ken.roost@doj.ca.gov, docketingSFCLS@doj.ca.gov,
    michael.xiang@doj.ca.gov

5   Michael James Quinn     Michael.Quinn@doj.ca.gov, docketingSFCLS@doj.ca.gov,
    timothy.oakes@doj.ca.gov

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-2809 JF
ORDER GRANTING LEAVE TO AMEND AND DENYING MOTION TO DISMISS
(JFEX1)