IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VERNARD CLEVELAND, ET AL.,<br><br>  Plaintiffs,<br><br>  v.<br><br>BEN CURRY, WARDEN, ET AL.,<br><br>  Defendants._____/ | No. C 07-02809 CRB<br><br>**ORDER DENYING MOTION TO AMEND AND FOR DECLARATION RE QUALIFIED IMMUNITY** |

Plaintiffs, inmates at California Training Facility - Soledad ("CTF"), brought this civil rights lawsuit in May 2007, alleging that prisoners at CTF were subjected to inappropriate sexual contact during clothed body searches and that their repeated complaints were not properly investigated by supervisors. See Mot. at 2-3 (dkt. 86). Plaintiffs further allege that the "upper chain of command at the prison . . . were well-informed of charges . . . [and that rather] than taking effective steps to determine the existence of the threat, and remove it, . . . they constructed a cover-up. . . ." Id. at 3. Plaintiffs have now filed a "Motion for Leave to Amend Complaint and for a Declaration That No Defendant Enjoys Qualified Immunity." See generally id. Pursuant to Civil Local Rule 7-1, the Court finds the Motion suitable for resolution without oral argument, and therefore VACATES the hearing currently set for Friday, August 10.

Plaintiffs first "ask the Court to find . . . that . . . none of the defendants, old or new, is entitled to Qualified Immunity in defense of these claims. The actions alleged, and shown in the complaints and affidavits of the prisoners, obviously deprived the plaintiffs of the right to be free of Cruel and Unusual Punishment, in violation of 'clearly established' law." Id. at 10-11. Not only are Plaintiffs' statements wholly conclusory, but they seem to acknowledge that this subject would be more appropriately dealt with on summary judgment: "[W]e believe the evidence described herein precludes summary judgment, and so the motion will lie, because defendants' inevitable demand for immunity will raise the same question, regardless of which side brings it up." Id. at 11. Accordingly, the Court denies Plaintiffs' request for a declaration as to qualified immunity, without prejudice to Plaintiffs' raising that argument again on summary judgment.

Plaintiffs next request to amend in order to add, as defendants, three other members of the prison command staff who allegedly acted jointly with the defendant former warden to condone and cover up the sexual assaults against plaintiffs. Id. at 1. Plaintiffs also seek leave to amend to add additional plaintiffs. They argue that "other prisoners who came forward individually are also legitimate claimants in the premises of this case, as members of a class." Id. at 7.

"[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006). Amendments seeking to add new parties carry a heavier burden than those seeking to add claims. See Union Pac. R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991). In addition, once a pretrial scheduling order has been issued, "no later amendment of pleadings is permitted unless the court first modifies the scheduling order to permit such amendment." Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide: Fed. Civ. Pro. Before Trial, at ¶ 8:1469 (The Rutter Group 2010). Modifying a schedule requires "good cause." Fed. R. Civ. P. 16(b)(4); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). In Jackson v. Bank of Hawaii, the Ninth Circuit found that an appropriate

1  "factor in determining whether the district court properly denied the motion for leave to
2  amend is whether appellants <u>unduly delayed</u> in filing their motion." 902 F.2d 1385, 1388
3  (9th Cir. 1990) (emphasis added) (further holding that "[t]he district court . . . properly
4  denied appellants' motion for leave to file an amended complaint" because plaintiffs' seven-
5  month delay was "inexplicable and unjustified.")

6        Here, Plaintiffs' delay in filing their Motion (18-24 months) is substantially longer
7  than the delay in <u>Jackson</u> (7 months). <u>See</u> Opp'n at 2. In late 2009, Defendants produced
8  complaints prepared by other inmates. <u>Id.</u> Moreover, Plaintiffs' counsel deposed potential
9  defendants Colleen Noll and Mike Biggs on April 30, 2010, and Inez Guerra on December
10 20, 2010. <u>Id.</u>; <u>see also</u> Mot. at 8. Plaintiffs had knowledge of the proposed additional
11 Plaintiffs for more than two years, and of Defendants for over eighteen months, and do not
12 satisfactorily explain why they waited until now to file this Motion. Defendants
13 compellingly argue that "[a]n amendment at this late stage of litigation would significantly
14 prejudice Defendants, who are in the process of drafting a summary judgment motion and
15 preparing for a trial that is scheduled to begin in early December. . . . [It] would require
16 Defendants to conduct additional depositions and other discovery, and impede their ability to
17 complete a dispositive motion." <u>See</u> Opp'n at 2-3. Because Plaintiffs "unduly delayed" in
18 bringing this Motion, <u>see</u> <u>Jackson,</u> 902 F.2d at 1388, the Court denies Plaintiffs' request for
19 leave to amend.

20       For the foregoing reasons, the Court DENIES Plaintiffs' Motion in its entirety.
21 **IT IS SO ORDERED.**

23 Dated: August 7, 2012                  CHARLES R. BREYER
                                            UNITED STATES DISTRICT JUDGE