UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| IVAN VERNORD CLEVELAND, *et al*.,<br>　　　　　　Plaintiffs,<br>　　v.<br>BEN CURRY, et al.,<br>　　　　　　Defendants. | Case No. 07-cv-02809-NJV<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 132 |

Plaintiffs are inmates in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). They complain of incidents that began in 2006 when they were housed at the Correctional Training Facility at Soledad, California. They allege that defendant E. Abanico, a correctional officer, violated their rights under the Eighth Amendment by sexually assaulting them under the guise of performing routine clothed full-body searches. They allege that defendant B. Curry, the warden, also violated their Eighth Amendment rights when he allowed Abanico to continue performing the searches despite widespread complaints that Abanico's conduct was inappropriate. Plaintiff Trask further alleges that Defendants retaliated against him for filing grievances complaining of Abanico's conduct, in violation of his rights under the First and Fourteenth Amendment.

Defendants move for summary judgment *only* as to plaintiffs Trask, Huff, Morris and Jones, arguing that their recent deposition testimony demonstrates that their claims are meaningless; they also move for summary judgment as to Trask's retaliation claim on the ground

it is barred by *res judicata*.[1]  Oral argument was heard on August 1, 2013.

## LEGAL STANDARD

Summary judgment is appropriate only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" only if there exists sufficient evidence that would allow a reasonable finder of fact to find for the non-moving party; a dispute is "material" only if it could affect the outcome of the action under governing law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986). If the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsuhita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Eastman Kodak Co. v. Image Technical Svcs., Inc*., 504 U.S. 451, 456 (1992).

## DISCUSSION

**A. Claims Based On Abanico's Full Body Searches.**

All parties agree that correctional officers are required to check an inmate's entire body, including his groin, during body searches. CDCR trains its employees to search for contraband in the following manner:

> "Using the palm side of your left hand, check the hip area and high into the left groin area. Your left hand simultaneously searches the left rear hip and buttock area. Using a firm touch continue searching down the left leg to the foot." The officer then repeats this procedure for the inmate's right side. While searching an inmate's groin, one officer is also directed to "cup the groin and check for contraband." While an inmate's scrotum should not be squeezed, failing to pat-down an inmate's groin during a clothed body search is an insufficient search.

---

[1] Defendants argue in their reply brief that Cleveland's sexual assault claim is barred by *res judicata*, based on the adjudication of a prior *habeas corpus* petition. Doc. No. 141. Defendants had raised this issue in connection with a prior filing (Doc. No. 136 (letter brief addressing whether this case should be related to another case filed by Cleveland)), but did not make that argument in their moving papers (Doc. No. 132) because they were not aware of the *habeas corpus* petition when they filed their moving papers. The court will not address an argument made for the first time on reply (*Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief")), especially when the motion for summary judgment did not address Cleveland's claims.

Doc. No. 132 at 4 (quoting CDCR Body, Cell, Area and Grid Search Student Workbook).

Abanico contends that he followed proper procedure. He admits that he patted down Plaintiffs' "rear pockets, and [] pass[ed his] hand in a sweeping motion from the inner thigh across the groin in order to check that area for contraband." Doc. No. 132 at 5 (quoting previously-filed Abanico Declaration).

Plaintiffs describe Abanico's searches as far more than "pass[ing the] hand in a sweeping motion" across the groin. Trask testified that Abanico spent three to four seconds searching his groin; that Abanico would squeeze and caress his scrotum and his penis roughly for two to three seconds; and that sometimes, after the searches, Trask experienced pain in his scrotum. Ex. 139 at 26-27, 43. Plaintiff Huff testified that Abanico "grabbed" his genitalia and "held them momentarily like a second or two and it was real firm and hard." Ex. 133-2 at 14; *see also id*. at 17-18, 53 (describing Abanico's search as more aggressive than that of other officers, and deviating from CDCR regulations). Plaintiff Morris testified that Abanico's searches were long enough and hard enough to inflict pain in the groin, and that Abanico "pinched the head of [his] penis." Ex. 133-3 at 14, 17-19. Plaintiff Jones testified that Abanico "grabbed [his] dick" for two to three seconds. Ex. 133-4 at 10.

Defendants are mistaken when they argue that the allegations "concern nothing more than an officer conducting routine body searches in accordance with prison policy." Doc. No. 132 at 11. In the light most favorable to Plaintiffs, a reasonable jury could conclude that Abanico did *not* follow the search protocols and repeatedly inappropriately touched the Plaintiffs. Moreover, Defendants admit that "an inmate's scrotum should not be squeezed" during the searches (*see supra*), but fail to address the testimony by the individual Plaintiffs that Abanico did squeeze their scrotums and/or their penises. Sexual abuse of prisoners violates the Eighth Amendment. *See Schwenck v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). Plaintiffs have alleged, and provided evidence that, Abanico's touching was repetitive, was widespread, and was severe enough to cause two of them pain. Whether the conduct rises to the level of an Eight Amendment violation must be resolved by a jury.

The cases Defendants cite do not dictate a different outcome because there is a triable issue

1  regarding whether Abanico followed CDCR protocol when searching Plaintiffs. The district court
2  in *John-Charles v. Abanico*, 2011 U.S. Dist. LEXIS 17513 (N.D. Cal. Feb. 23, 2011) found that "a
3  finder of fact could reasonably conclude that Defendant Abanico's actions constituted a sexual
4  assault in violation of Plaintiff's Eighth Amendment right." *Id*. at *26. However, because
5  Abanico followed the search protocols, the court found that it would not have been clear to him
6  that his conduct constituted a Constitutional violation, and thus he was entitled to qualified
7  immunity. *Id*. at *28-*32. In *Rice v. King County*, 2000 U.S. App. LEXIS 29897 (9th Cir. 2000),
8  the Ninth Circuit affirmed the district court's grant of summary judgment on numerous claims
9  brought by a prisoner. One of the claims was that a female correctional officer violated the male
10 prisoner's Eighth Amendment rights during a clothed-search by "shov[ing] her hand very hard
11 into [his testicles]." *Id*. at *10. The Ninth Circuit did not address whether the pat-down method
12 was consistent with regular practice or constituted any form of physical abuse; instead, it
13 concluded that "in general, cross-gender pat-down searches of male inmates by female prison
14 guards are constitutionally permissible." *Id*. The court also found that the plaintiff had "presented
15 insufficient evidence of a more-than-de-minimis injury to establish a valid" excessive force claim.
16 *Id*. at *11 n.4. The court in *Montero v. Crusie*, 153 F. Supp.2d 368, 373-75 (S.D.NY. 2001) did
17 find that "throwing kisses" at an inmate, squeezing the inmate's genitalia during a pat-down
18 search, and requesting sexual favors from an inmate, were insufficient to constitute an Eighth
19 Amendment violation. However, the Defendant denied the squeezing incident and the request for
20 favors occurred, there was no discussion by the court that the search was conducted in violation of
21 applicable search protocols, and no discussion that the same correctional officer treated numerous
22 plaintiffs in the same manner. Here, a reasonable jury could find that Abanico's conduct in this
23 case violated protocol and, with respect to the five named plaintiffs in this action, constituted
24 harassment of an "egregious, pervasive, or widespread" nature. Doc. No. 141 at 2.
25  Defendants argue that defendant Curry is entitled to summary judgment because Abanico's
26 conduct did not violate the Eighth Amendment. Doc. No. 132 at 11. Because the court denied
27 Abanico's motion for summary judgment, this argument does not prevail. Defendants also argue
28 that Curry reasonably investigated the allegations regarding Abanico and confirmed that Abanico

4

1 was performing the searches consistent with CDCR guidelines. Doc. No. 141 at 3. Whether
2 Curry's investigation was reasonable and sufficient in light of the evidence presented to him also
3 is a factual question for the jury.

4 Similarly, the court denies Defendants' motion for summary judgment on their qualified
5 immunity claim. A court may, in its discretion, find that an officer is entitled to qualified
6 immunity for his actions unless (1) there was a violation of a constitutional right and (2) that right
7 was clearly established at the time of defendant's actions such that it would be clear to a
8 reasonable officer that his conduct would be unlawful. *See Saucier v. Katz*, 533, U.S. 194, 201-02
9 (2001). Triable issues of fact exist as to both prongs. In the light most favorable to Plaintiffs, a
10 reasonable jury could conclude that there was a violation of a constitutional right, and that the
11 right to be free from such conduct (which two of the Plaintiffs allege caused them pain) was
12 clearly established when Abanico conducted the searches.

### B. Trask's Retaliation Claim.

14 Trask contends that Defendants retaliated against him after he submitted inmate
15 grievances. Doc. No. 51 at 5. Defendants move for summary judgment on this claim arguing that
16 the exact same retaliation claim was adjudicated on the merits in a separate action. *See* Doc. No.
17 132 at 12 (citing *Trask v. Abanico*, No. C 08-1695 TEH (N.D. Cal. filed March 28, 2008)
18 ("*Trask*")).

19 In the earlier case, Trask alleged that he and Abanico had words on September 17, 2007 in
20 connection with the service of an evening meal during Ramadan. Abanico claimed that Trask
21 threatened to kill him and filed a rules violation report ("RVR") against Trask to that effect. *See*
22 Doc. No. 58 at 5. As a result of the RVR, Trask was placed in administrative segregation for eight
23 months. *Id*. The RVR was later dismissed by a senior hearing officer who concluded that
24 Abanico had "misunderstood" Trask's words to him and "taken [them] out of context." *Id*. at 6.
25 Trask filed a lawsuit in district court, alleging that Abanico violated his First Amendment rights
26 by falsely accusing him of a disciplinary violation in retaliation for his use of the administrative
27 grievance process:

28 Plaintiff contends that [Abanico] falsely stated that Plaintiff

> threatened Defendant's life in order to generate a false RVR against Plaintiff "because of" Plaintiff's filing of administrative grievances against Defendant, and that the RVR therefore did not advance a legitimate correctional goal. . . . The parties do not dispute that the RVR constituted adverse action against Plaintiff, or that Plaintiff was engaged in protected conduct. . . . Therefore, the Court focuses its analysis on the second, fourth, and fifth elements of a First Amendment retaliation claim. The Court finds that Plaintiff fails to demonstrate a triable issue of material fact as to whether Defendant filed the RVR in retaliation for Plaintiff's use of the administrative grievance system (second element) and as to whether the RVR advanced a legitimate correctional goal (fifth element).

The district court granted Abanico's motion for summary judgment, finding that although triable issues of fact existed as to the substantive elements of Plaintiff's retaliation claim, Abanico was entitled to qualified immunity: "Defendant's filing of the RVR based on his mistaken belief that Plaintiff had threatened his life did not violate constitutional rights." Doc. No. 58 at 15.

In this lawsuit, Trask alleges that:

> [A]fter he submitted the aforementioned "Emergency Group Appeal", plaintiff Kenneth Trask was falsely accused by defendant Abanico of threatening to kill him, whereupon plaintiff was summarily consigned to the "Hole" at Soledad, where he remained in solitary confinement, without any action on the charge against him, or his own complaint, for some eight months, and more; and then he was transferred to another CDC institution, without his personal property including his legal papers and files pertaining to this and other litigation.

Doc. No. 51, ¶ 16.

During the August 1, 2013 hearing, Plaintiffs' counsel conceded that the retaliation claim before this court was identical to the claim in *Trask*. In light of the court's assessment and counsel's admission, the court finds that Trask's retaliation claim already has been adjudicated, and that he is barred from re-litigating its merits. *See Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (*res judicata* prohibits the re-litigation of claims that were raised -- or could have been raised -- in a prior action). The claims asserted by Trask in the two cases are identical, there was a final judgment on the merits in the earlier case, and there is privity between the parties. *Res judicata* bars Trask's retaliation claim. *See United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (under federal law, *res judicata* applies where "there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties").

**CONCLUSION**

For the reasons set forth above, Defendants' motion for summary judgment is granted as to Trask's retaliation claim and otherwise denied.

**IT IS SO ORDERED**.

Dated: August 9, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge