UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| IVAN VERNORD CLEVELAND, et al., <br> Plaintiffs, <br> v. <br> BEN CURRY, et al., <br> Defendants. | Case No. 07-cv-02809-NJV <br><br> **FINAL PRETRIAL ORDER** |

The parties appeared before the court at the final pretrial conference on October 15, 2013 and for a status conference on October 29, 2013.  Below is a summary of the rulings the court issued from the bench.  Trial will begin November 4, 2013.  Each side will be limited to 12 hours.

**A. MOTIONS IN LIMINE.**

1. Plaintiffs' motion for extended voir dire.  *See* Doc. No. 161.  The court ordered the parties to submit any proposed voir dire questions no later than October 25, 2013.  Neither party timely submitted additional questions; the court will not incorporate into its voir dire the proposed questions Plaintiffs submitted belatedly on October 29, 2013.  The court granted each side 20 minutes to voir dire potential jurors after the court has conducted its voir dire; Plaintiffs may pose their proposed voir dire questions to potential jurors during this time.  Each side has three peremptory challenges.

2. Plaintiffs' motion regarding Defendants' witnesses.  *See* Doc. No. 161.  Defendants withdrew their unnamed witness, and the court denied without prejudice Plaintiffs' motion to add the unnamed witness to their witness list.  *See* Doc. No. 187.  The court granted Plaintiffs' motion to add Correctional Lieutenant Armando Padilla to their

witness list, but denied their motion to reopen discovery as to Padilla and denied their motion to order Defendants to unredact related documents. *Id*.

3. Plaintiffs' motion to exclude evidence of their crimes, sentences, etc., beyond the fact that they are incarcerated. *See* Doc. No. 161. The court ruled that the crimes were relevant for impeachment purposes and ordered Defendants to provide Plaintiffs with a list of each crime they wish to use for impeachment purposes, and will rule on any objections by Plaintiffs during trial.

4. Defendants' motion to exclude claims by inmates who are not plaintiffs in this case. *See* Doc. No. 156. This motion relates to Plaintiffs' Exhibits 3-5. The court granted the motion, except that this type of evidence may be used for impeachment purposes or if it otherwise becomes relevant at trial. If Plaintiffs' counsel contends the information becomes relevant at trial or wishes to use it for impeachment purposes, he should request a sidebar.

5. Defendants' motion to exclude evidence of May 2010 search of Cleveland's cell and Trask's retaliation claim. *See* Doc. No. 162. The court granted the motion as to Trask's retaliation claim and took the motion as to Cleveland under submission to be reconsidered at trial.

**B. WITNESSES**

Plaintiffs' counsel clarified during the October 29, 2013 status conference that he intended to identify as witnesses any witnesses named by Defendants for trial or in discovery. He submitted an amended witness list to the court and Defense counsel on October 30, 2013, which in addition to the witnesses Plaintiffs disclosed in their pretrial conference statement, listed Padilla and Sergeant Randall. The court will rule on any objection to Randall's testimony at trial.

**C. EXHIBITS AND EVIDENCE**

The parties must exchange their trial exhibits, which shall be premarked, tabbed, and in binders, by the close of business on November 1, 2013. The court has received the parties' exhibits.

The parties have agreed to stipulated facts, which the court shall read into evidence. *See*

Doc. No. 153 at 1-2.

Plaintiffs' Exhibits 3-5 pertain to inmates who are not Plaintiffs in this action. The court has granted Defendants' motion to exclude this evidence from Plaintiffs' case in chief, but the evidence nonetheless may become relevant during the trial, including for impeachment purposes.

**IT IS SO ORDERED**.

Dated: October 31, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge