IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

**IVAN VERNARD CLEVELAND,** )
   *et al*., )
                    )
        Plaintiffs, )
                    )
        v. )
                    )
                    )        No. CV 07-2809 NJV
                    )
**BEN CURRY,** *et al*., )
                    )
        Defendants. )
                    )
_____)

**JURY INSTRUCTIONS**

DATED: November 7, 2013

NANDOR J. VADAS
UNITED STATES MAGISTRATE JUDGE

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Plaintiffs allege that beginning in May 2006, they were "intentionally and pointedly groped, fondled, [and] molested" by Defendant Abanico "under cover of an 'authorized clothed body search'" in violation of the Eighth Amendment.  Plaintiffs argue that the searches were not conducted in accordance with the rules or with the training Abanico received.  They claim that although they complained about the searches and filed formal grievances against Abanico, prison officials under the supervision of Defendant Curry failed to take meaningful action to prevent Abanico from interacting with or abusing prisoners.

Defendants deny Plaintiffs' claims in their entirety.  Defendants argue that they did not violate Plaintiffs' rights.  To the contrary, they argue that Abanico adhered to the training he received at the correctional academy while performing such searches.  Defendants further argue that such searches, if performed in accordance with the Department's training manual, require some amount of touching or cupping of Plaintiffs' groin and buttocks through their clothes to accomplish the purpose of the search.  Defendants also argue that, because Abanico's contact with Plaintiffs' groins during the searches did not last longer than a few seconds and was consistent with search procedures, and that there is no evidence that Plaintiffs were sexually abused or molested during the searches, and therefore there was no reason for Curry to intervene in the matter.  Accordingly, Defendants argue that they did not violate Plaintiffs' Eighth Amendment rights.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Some evidence was admitted for a limited purpose only.

When I instructed you that an item of evidence was being admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question could not be answered, and the exhibit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you will have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Certain demonstrations of search procedures have been shown to you. Those demonstrations are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not be given a transcript of the trial.

You may have taken notes to help you remember the evidence.  When you leave, your notes should be left in the envelope in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

From time to time during the trial, it may have been necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

Of course, we did what we could to keep the number and length of these conferences to a minimum.  I may not have always granted an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

Plaintiffs were inmates in the custody of the California Department of Corrections and Rehabilitation (CDCR), and were housed at the Correctional Training Facility in Soledad, California at the time that the initial complaint in this case was filed in May 2007.

At the time of the events alleged in the complaint, Defendant Curry was the Correctional Training Facility's Warden, and Defendant Abanico was a correctional officer at the prison.

California Code of Regulations, title 15, section 3287(b) provides that "random or spotcheck inspections of inmates may . . . be authorized by the institution head to prevent possession and movement of unauthorized or dangerous items and substances into, out of, or within the institution."

Section 52050.18.2 of the CDCR Departmental Operations Manual states that "custody post orders shall require random clothed body searches of inmates, or when reasonable suspicion is established. Random search[es] should be no more frequent than necessary to control contraband or to recover missing or stolen property; however, the routine search of inmates entering or leaving certain specified areas is not precluded."

Clothed-body searches are conducted routinely when inmates are moving between locations, and are integral to protecting the safety and security of staff, inmates, the prison, and the public. As part of correctional officer training at the Department's Correctional Training Center, officers are taught to conduct clothed body searches for weapons, drugs, and other contraband. The Department's "Body, Cell, Area, and Grid Search Student Workbook" establishes procedures for a systematic clothed body search. The workbook directs the officer to "check the inmate's groin, hip and buttock" in the following manner: "Using the palm side of your left hand, check the hip area and high into the left groin area. Your left hand simultaneously searches the left rear hip and buttock area. Using a firm touch continue searching down the left leg to the foot." The officer then repeats this procedure for the inmate's right side. While searching an inmate's groin, one officer is also directed to "cup the groin and check for contraband.  Do not squeeze the inmate's scrotum."

The parties stipulate that, for the purposes of liability under 42 U.S.C. § 1983, the acts or omissions of defendants relevant to this case were done "under color of law."

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Benjamin Curry was taken on January 29, 2010. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

The evidence that a witness made inconsistent prior statements may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any of the plaintiffs, you must determine that plaintiffs' damages.  Each plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.  You should consider the following:

The nature and extent of the injuries; and,

The mental, physical, emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

If you find for one or more of the plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that a defendant's conduct that harmed one or more of the plaintiffs was malicious, oppressive or in reckless disregard of that plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of that plaintiff's rights if, under the circumstances, it reflects complete indifference to that plaintiff's safety or rights, or if one or more of the defendant acts in the face of a perceived risk that his actions will violate that plaintiff's rights under federal law.  An act or omission is oppressive if a defendant injures or damages or otherwise violates the rights of a plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

You may impose punitive damages against one or both of the defendants, and may award different amounts against different defendants.  Punitive damages may be awarded even if you award one or more of the plaintiffs only nominal, and not compensatory, damages.

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

Each plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In order to prevail on his section 1983 claim against defendant Abanico, each plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      defendant Abanico acted under color of law; and

2.      the acts of defendant Abanico deprived him of his particular rights under the United States Constitution as explained in the instruction at page 31.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that defendant Abanico acted under color of law.

As to each plaintiff you find has proved each of these elements, and has proved all the elements he is required to prove under the Instruction found at page 31, your verdict as to Abanico should be for that plaintiff.  If, on the other hand, a plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant Abanico as to that plaintiff.

In order to prevail on his section 1983 claim against the supervisory defendant, Benjamin Curry, each plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     the defendant Curry acted under color of law;

2.     the acts of the defendant's subordinate (Abanico) deprived the plaintiff of his particular rights under the United States Constitution as explained in the instruction at page 31; and

3.     defendant Curry knew, or reasonably should have known, that his subordinate was engaging in these acts and that his conduct would deprive one or more of the plaintiffs of these rights; and

4.     defendant Curry failed to act to prevent his subordinate from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendant acted under color of law.

As to each plaintiff you find has proved each of these elements, and has proved all the elements he is required to prove under the Instruction found at page 31, your verdict as to Curry should be for that plaintiff.  If, on the other hand, a plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant Curry as to that plaintiff.

In order to establish that the acts of defendant Abanico and the failure to intervene by defendant Curry deprived the plaintiffs of their particular rights under the United States Constitution as explained in these instructions, the plaintiffs must prove by a preponderance of the evidence that Abanico's acts and Curry's failure to intervene were so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

As previously explained, each plaintiff has the burden to prove that the acts of defendant Abanico deprived him of particular rights under the United States Constitution.  In this case, each plaintiff alleges that defendant Abanico deprived him of his rights under the Eighth Amendment to the Constitution when Abanico conducted clothed-body searches at the Correctional Training Facility.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishment."  In order to prove the defendant deprived each plaintiff of his Eighth Amendment right, each plaintiff must prove by a preponderance of the evidence that defendant Abanico sexually assaulted one or more of the Plaintiffs.

In determining whether defendant Abanico sexually assaulted one or more of the Plaintiffs in this case, consider the need to use force in conducting the search, the relationship between that need and the amount of force used, and whether defendant applied the force in good faith.