UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| IVAN VERNORD CLEVELAND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BEN CURRY, et al.,<br><br>    Defendants. | Case No.  07-cv-02809-NJV<br><br>**ORDER VACATING HEARING ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND ORDERING FURTHER BRIEFING**<br><br>Re: Dkt. No. 220 |

Plaintiffs having prevailed in this action, their counsel has moved for an award of attorneys' fees. *See* Doc. No. 220. Before deciding the motion for attorneys' fees, the court requires further information:

First, the court will award any attorneys' fees based on the provisions of the Prison Litigation Reform Act ("PLRA"). *See* 18 U.S.C. § 1997e(d)(3). Both parties agree that the applicable PLRA rate in this district is $165, 150% of the current CJA compensation rates. *See* 42 U.S.C. § 1997e(d)(3), 18 U.S.C. § 3006A(d)(1). While the current CJA rate went into effect in September 2013, the rate has varied since 2008, when counsel appeared in this case.[1] The parties may submit additional briefs (not to exceed 3 pages) addressing whether the court should apply a uniform rate of $165 to all hours billed, or whether work should be compensated at the rate applicable when it was performed.

Second, the court finds that the declaration submitted by Plaintiffs' counsel, without any supporting time-keeping records, is insufficient. *See In re Washington Public Power Supply*

---

[1] *See* http://www.cand.uscourts.gov/compensationrates

*System Sec. Litig.*, 19 F.3d 1291, 1305-06 (9th Cir. 1994) (quotations omitted); *see also* 18 U.S.C. § 3006A(d)(5) ("Each claim shall be supported by a sworn written statement specifying the time expended, services rendered, and expenses incurred while the case was pending . . . and the compensation and reimbursement applied for or received in the same case from any other source"). Plaintiffs' counsel shall submit a spreadsheet detailing the date and time he spent on any given day, and describe what tasks he performed, succinctly. The narrative form that counsel used in his motion is not easy to follow or understand, and contains numerous qualifiers, indecipherable abbreviations, asterisks, and question marks. *See* Doc. No. 220; *see also* Doc. No. 226. Counsel also should submit whatever records he has to substantiate his request for fees. If counsel argues that he is entitled to different rates depending on the time period in which he performed the work, he shall make clear what rates apply to each entry.

Third, to the extent counsel seeks to recover fees for work performed by others, he must provide declarations from those individuals regarding the time they spent on the case. *See Muniz v. United Parcel Service*, 2013 U.S. App. LEXIS 24189, *15-*17 (9th Cir. Dec. 5, 2013) (district court erred in allowing recovery of paralegal fees listed in the declaration of attorney in fee application because declaration was hearsay to the extent it purported to list hours worked by paralegal). Mssrs. Wozniak and Kaupp provided such declarations in support of Plaintiffs' reply. *See* Doc. No. 226. To the extent counsel seeks to recover costs or fees billed by the paralegals mentioned in the reply brief, Counsel shall submit non-hearsay support for the time billed (*i.e.*, contemporaneous, authenticated, time records).

The parties shall file their further briefing no later than 21 days from the date of this order. The court will notify the parties if oral argument is appropriate after it reviews the parties' submissions. Otherwise, it shall take the matter under submission pursuant to Civ. L.R. 7-1(b).

**IT IS SO ORDERED**.

Dated: January 27, 2014

_____
NANDOR J. VADAS
United States Magistrate Judge