UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| IVAN VERNORD CLEVELAND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BEN CURRY, et al.,<br><br>    Defendants. | Case No. 07-cv-02809-NJV<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 220 |

Trial in this matter concluded on November 8, 2013; the court issued its order on Defendants' post-trial motions on February 21, 2014; judgment was entered on February 25, 2014. *See* Doc. Nos. 232 & 233. The only issue left before the court is Plaintiffs' motion for attorneys' fees. *See* Doc. No. 220; *see also* Doc. No. 231 (Revised Declaration, with time sheets). Defendants opposed the initial fees motion on two grounds: the court had not yet ruled on their post-trial motions, and Plaintiffs' counsel had not sufficiently documented the number of hours spent litigating this case. *See* Doc. No. 222. The court now has ruled on the post-trial motions, and Plaintiffs' counsel has submitted a revised declaration that sufficiently remedies the documentation issue identified by Defendants. *See* Doc. No. 231. For the reasons below, the court will grant in part Plaintiffs' motion for attorneys' fees.

**1. Attorneys' Fees**

Plaintiffs filed this 42 U.S.C. § 1983 action alleging that their civil rights were violated by Defendants. The jury found for each Plaintiff, against both Defendants, and awarded nominal, compensatory, and punitive damages to each Plaintiff. The court subsequently granted in part Defendants' renewed motion for judgment as a matter of law and granted in part their motion for

remittitur. Even after post-trial motions, however, each Plaintiff obtained judgment in his favor and was awarded damages after proving the violation of his civil rights. Each of the five named Plaintiffs therefore is a prevailing party under 42 U.S.C. § 1988(b) and is entitled to recover "reasonable attorney's fees."

The Prison Litigation Reform Act ("PLRA"), which governs the fees that are recoverable in this case, provides guidance on how "reasonable attorney's fees" are calculated. No fees are allowed unless "the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 2 [722] of the Revised Statutes." 42 U.S.C. § 1997e(d)(1)(A). Dennis Cunningham, lead counsel for Plaintiffs, filed a declaration describing the work he performed in this case and attached his time sheets. *See* Doc. No. 231. He lists a total of 306.35 hours, spent over almost six years, on matters "directly and reasonably incurred in proving an actual violation of the Plaintiffs' rights[,]" for which a fee may be awarded. The court has reviewed the declaration and attached time sheets and finds that Cunningham has established that at least 306.35 of the hours he has listed were "directly and reasonably" related to proving the violation of his clients' rights.[1] Attorneys Jeffrey Wozniak and Gordon Kaupp also filed supporting declarations detailing their time spent on case-related matters, 42.2 hours and 14 hours, respectively. *See* Doc. No. 226. The court also finds that the hours listed by co-counsel were "directly and reasonably" related to proving the violation of Plaintiffs' rights.

Attorneys' fees under the PLRA are capped at 150 percent of the hourly rate for payment of court-appointed counsel established under 18 U.S.C. § 3006A. *See* 42 U.S.C. § 1997e(d)(3). The hourly rate for court-appointed counsel with Cunningham's level of experience is $110. *See* http://cand.uscourts.gov/compensationrates; *see also* Doc. No. 230. Accordingly, the applicable PLRA rate for Cunningham is $165. *Id*. At the time they performed work in this matter, Wozniak and Kaupp each had more than five years of experience as attorneys. *See* Doc. No. 231 at 6. The

---

[1] Cunningham's records contain many block-billed entries, but his descriptions are sufficiently detailed to allow the court to assess the reasonableness of the hours billed. Moreover, the court notes that approximately 300 hours billed in a case involving five plaintiffs, multiple motions for summary judgment, and a jury trial, is reasonable on its face.

1   hourly rate for court-appointed associate counsel with their level of experience is $100

2   (http://cand.uscourts.gov/compensationrates); accordingly, the applicable PLRA rate for them is

3   $150.  Applying these respective rates, Dennis Cunningham will recover $50,547; Jeffrey

4   Wozniak will recover $6,330; and Gordon Kaupp will recover $2,100.

   The court finds that the fees incurred by Plaintiffs' counsel in representing their clients were directly and reasonably incurred in proving the violations of their civil rights, that the amount of the fees was reasonably related to the relief they obtained.  As such, they are entitled to recover the sums listed above as attorney's fees under the PLRA.  *See* 42 U.S.C. § 1997e(d).

### 2. Plaintiffs are entitled to recover "reasonable" out of pocket expenses

Cunningham seeks to recover certain out of pocket expenses.  First, he seeks to recover fees for the work paralegal Douglas Lubes performed in connection with this case.  Lubes filed a declaration, which substantiates the 31 hours he spent on this matter, and shows that in addition to performing legal research, he also took notes during trial and conferred with clients and attorneys.  *See* Doc. No. 231 at 9.  Paralegal fees are recoverable under the PLRA.  *See Perez v. Cate*, 632 F.3d 553, 557 (9th Cir. 2011) ("[B]ecause the PLRA allows an award of attorney's fees in the Northern District of California based on an hourly rate up to $169.50, and because attorney's fees include separately billed paralegal fees, we conclude that the PLRA allows an award of paralegal fees up to $169.50 per hour.  As the parties do not dispute that $169.50 per hour is below the paralegal market rate in the Bay Area, the district court did not abuse its discretion in awarding plaintiffs $169.50 per hour in this case").  Cunningham seeks to recover Lubes' fees based on a rate of $60 per hour, which is below the current paralegal market rate in the Bay Area.  *See id.*; *see also Overbo v. Loew's Cal. Theaters, Inc.*, 2010 U.S. Dist. LEXIS 145736, *28-*32 (N.D. Cal. Aug. 17, 2010) (finding that reasonable prevailing rate for paralegals is based on complexity of matters handled; reducing rate for paralegal not involved in complex tasks from $165 requested in fee application to $135; affirming rate of $100 for other paralegal whose work was not described in fee application).  Cunningham accordingly is entitled to recover $1,860 for the work performed by Lubes.

Cunningham also is entitled to recover the mileage expenses he incurred to visit his clients

3

1  five times in Soledad (260 miles round trip) and once in Folsom (240 miles round trip). *See*

2  *Ashker v. Sayre*, 2011 U.S. Dist. LEXIS 28360, *3-*4 (N.D. Cal. 2013) ("Under 42 U.S.C. § 1988,

3  the prevailing party in a civil rights case may recover those out-of-pocket expenses that would

4  normally be charged by an attorney to a fee-paying client. The requested expenses must be

5  reasonable. Thus, even though requested expenses may not be taxable under § 1920, they may be

6  allowable under § 1988") (internal citations and quotations omitted). He seeks a reimbursement

7  rate of $0.50 per mile, which is equal or lower than any rate applicable when he worked on this

8  case. *See* http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Accordingly,

9  Cunningham is entitled to recover the $770 he requests for mileage costs.

10  Finally, Cunningham may be entitled to recover expenses incurred in connection with

11  taking five depositions ($1,934), and purchasing two deposition transcripts ($487.50). *See* Doc.

12  No. 220 at 19. While a portion or all of these expenses may be reasonable and could be charged to

13  a fee-paying client, Cunningham has not provided sufficient documentation to demonstrate that all

14  of these costs were incurred and are recoverable. Cunningham has not provided invoices or a

15  declaration explaining what the "costs" of the five depositions entailed and therefore the court

16  cannot determine whether they are reasonable. Cunningham may resubmit this request as part of

17  his bill of costs, with proper documentation. *See* N.D. L.R. 54-3(c)(1) (cost of deposition

18  transcripts are taxable as costs).

### 3. One percent of the judgment shall be used to pay attorneys' fees in this matter

> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

24  1997e(d)(2). The court's total award of attorney's fees and expenses in this matter is $61,607.

25  The judgment Plaintiffs obtained, after the court partially granted Defendants' renewed motion for

26  judgment as a matter of law and partially granted their motion for remittitur, totaled $61,003. *See*

27  Doc. No. 232 at 27. Accordingly, the award of attorneys' fees is not greater than 150 percent of

28  the judgment. Defendants therefore "shall" pay the award above the portion of the judgment the

4

court orders be applied to satisfy the amount of fees under the PLRA. Plaintiffs ask the court to apply less than 5% of the judgment in this manner, and preferably only 1%. Doc. No. 220 at 9. Defendants do not address the issue. *See* Doc. No. 222. "The plain language of section 1997e(d)(2) does not require district courts to automatically apply 25 percent of the judgment to pay attorney's fees." *Boesing v. Hunter*, 540 F.3d 886, 891 (8th Cir. 2008) (citing cases where courts have applied $1.00 or one percent of judgment to pay attorneys' fees); *see also Prater v Sahota*, 2012 U.S. Dist. LEXIS 65229, *7-*8 (E.D. Cal. May 9, 2012) (noting Ninth Circuit has not yet addressed issue and citing *Boesing* for proposition that "other courts generally say that the provision does not automatically require a court to apply 25 percent of the judgment to pay the fees"). The court will apply 1% of the judgment ($616) to cover a portion of Plaintiffs' attorneys' fees award. Unless the parties agree otherwise, Defendants shall pay the remaining amount of the fees due ($60,991) to Plaintiffs' counsel within thirty days of this order.

**IT IS SO ORDERED**.

Dated: February 26, 2014

NANDOR J. VADAS
United States Magistrate Judge